**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

|  |  |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>             Plaintiff,<br><br>    v.<br><br>SHEETZ, INC., SHEETZ DISTRIBUTION SERVICES, LLC, and CLI TRANSPORT, LP,<br><br>             Defendants. | Case No. 1:24-cv-01123-JRR<br>Judge Julie R. Rubin |

**DEFENDANTS' BRIEF IN SUPPORT OF PARTIAL
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendants Sheetz, Inc. ("Sheetz"), Sheetz Distribution Services, LLC ("SDS") and CLI Transport, L.P. ("CLI") (collectively, "Defendants" or the "Companies") move to dismiss in part the Complaint filed by the Equal Employment Opportunity Commission ("EEOC" or "Commission"). For the reasons set forth herein, all claims arising before May 13, 2017 must be dismissed because they are barred by the 300-day charge-filing period in Section 706(e)(1) of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e-5(e)(1).

I.    **RELEVANT FACTS[1]**

A.    **Gorsuch Gender Discrimination Charge – EEOC Charge No. 530-2016-02176**

In paragraph 12 of the Complaint, the EEOC alleges that, "[m]ore than 30 days prior to the institution of this lawsuit, a job applicant filed a charge of discrimination with the Commission, EEOC Charge No. 530-2016-02176, alleging that Defendant Sheetz Distribution Services, LLC,

---

[1] For purposes of their motion to dismiss only, Defendants accept the facts pled in the Complaint. Defendants do not waive the right to contest or deny any of those facts in any responsive pleading or through introduction of evidence.

had violated Title VII." (Dkt. No. 1, ¶ 12). However, the EEOC does not identify the date on which

EEOC Charge No. 530-2016-02176 was filed or the type of discrimination alleged in it. EEOC

Charge No. 530-2016-02176 (hereinafter the "Gorsuch Charge") was filed by Joseph Gorsuch

("Gorsuch") on or about June 9, 2016. A true and correct copy of the Gorsuch Charge is attached

as Exhibit A.[2] (Dkt. No. 1, ¶ 12).[3] In that Charge, Gorsuch alleged only that the recission of his

job offer based on a pre-employment criminal history review was ***gender*** discrimination violating

Title VII. *Id.*

**B.**     **Whethers Race Discrimination Charge – EEOC Charge No. 530-2018-01081**

In paragraph 13 of the Complaint, the EEOC alleges that "[m]ore than 30 days prior to the

institution of this lawsuit, another job applicant filed a charge of discrimination with the

Commission, EEOC Charge No. 530-2018-01081, alleging that Defendants had violated Title

VII." (Dkt. No. 1, ¶ 13). However, the EEOC similarly does not identify the date on which EEOC

Charge No. 530-2018-01081 was filed or the type of discrimination alleged in it. EEOC Charge

No. 530-2018-01081 (hereinafter the "Whethers Charge") was filed by Rachael Whethers

---

[2] The Gorsuch Charge appears to have been signed on June 5, 2016, but the EEOC's stamp acknowledging receipt indicates it was filed on June 9, 2016.

[3] In considering Defendants' Motion, the Court should take judicial notice of the dates on which the two Charges referenced in the Complaint were filed. The EEOC does not identify the filing dates for the two Charges referenced in the Complaint, but a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) can be based on facts that appear on the face of documents referenced in the Complaint. *Tellabs, Inc. v. Makor Issues & Rights*, *Ltd.*, 551 U.S. 308, 322 (2007); *Matrix Capital Mgmt. Fund LP v. Bearing Point*, 576 F.3d 172, 176 (4th Cir. 2009). Because a charge of discrimination is part of the public record and central to a Title VII lawsuit, it can be considered on a motion to dismiss. *Faulkenberry v. U.S. Dep't of Def.*, 670 F. Supp. 3d 234, 249–50 (D. Md. 2023). "In employment discrimination cases, courts often take judicial notice of EEOC charges and EEOC decisions." *Taylor v. Go-Getters, Inc.*, No. ELH-20-3624, 2022 WL 1127902, *7 (D. Md. Apr. 15, 2022) (other citations and internal quotation marks omitted); *see also Hager v. Hous. Comm'n*, 855 F. Supp. 2d 524, 529 (D. Md. 2012) (*citing Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)) ("The facts presented in this section are drawn from plaintiff's Complaint and its attached exhibits, as well as certain documents submitted by defendants that are 'integral to and explicitly relied on in the complaint,' the authenticity of which has not been challenged.").

("Whethers") against Sheetz, Inc. on or about March 9, 2018. *Id*. A true and correct copy of the Whethers Charge is attached as Exhibit B. In that Charge, Whethers alleges that Sheetz's policy against hiring individuals with certain convictions "has a disparate impact on African-American individuals," including Whethers, in violation of Title VII. *Id*.

## C.    <u>The Claims in the Complaint</u>

The EEOC filed the Complaint in this case on April 17, 2024, pursuant to Sections 706(f)(1) and (3) of Title VII. In the Complaint, the EEOC alleges that Defendants have at all their facilities discriminated based on ***race*** in violation of Title VII as to a class of Black, American Indian/Alaska Native, and multiracial job applicants by refusing to hire them because of information in their criminal justice histories. (Dkt. No. 1, pp 1-2, ¶¶ 20, 31, 36, 41). The EEOC asserts that these claimed unlawful employment practices have continued since at least August 10, 2015. *Id*.

## II.    <u>LEGAL STANDARD</u>

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). When considering such a motion, the court considers all well-pled allegations in the complaint as true and the factual allegations in the light most favorable to the plaintiff. *See Lambeth v. Bd. Of Comm'rs of Davidson County*, 407 F.3d 266, 268 (4th Cir. 2005). The complaint must give "fair notice of what the . . . claim is and the grounds upon which its rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Nor will courts accept as true naked assertions devoid of factual enhancement, conclusory allegations, unwarranted factual inferences, or legal conclusions. *Id*. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

A court may address a defense like timeliness at the motion to dismiss stage where facts sufficient to rule on such a defense are alleged in the complaint. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). When ruling upon a Rule 12(b)(6) motion, a court also "may properly take judicial notice of matters of public record." *Phillips v. Pitt City Memorial Hospital*, 572 F.3d 176 (4th Cir. 2009); *see also Carter v. PrimeCare Med.*, No. CV 3:17-01337, 2017 WL 9690372, at *3 (S.D.W. Va. Nov. 28, 2017), *report and recommendation adopted*, No. CV 3:17-1337, 2018 WL 1419340 (S.D.W. Va. Mar. 22, 2018) (taking judicial notice of documents outside complaint on motion to dismiss based on a statute of limitations argument).

## III.    <u>ARGUMENT</u>

**All Claims Arising Before May 13, 2017 are Barred by the 300-Day Charge-Filing Period in Section 706(e)(1) of Title VII**

Section 706(e)(1) of Title VII provides in relevant part: ". . . [a] charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred . . . ." 42 U.S.C. § 2000e-5(e)(1). Although Section 706(f)(1) gives the EEOC authority to sue on behalf of one or more persons aggrieved by an alleged unlawful discriminatory employment practice, nothing in Title VII permits the EEOC to recover for individuals whose claims arose more than 300 days before the filing of the administrative charge on which the EEOC's lawsuit is based. Courts, including courts in this district, have held that Section 706(e)(1) precludes the EEOC from pursuing claims that arose outside the charge-filing period. *See EEOC. v. Freeman*, No. RWT 09CV2573, 2010 WL 1728847, at *4 (D. Md. Apr. 27, 2010) ("The plain language of Section 706(e)(1), which is incorporated into Section 707 via subsection (e), precludes the EEOC from seeking relief for individuals who were not subjected to an unlawful employment practice during the 300 days before the filing of the triggering charge."); *see also EEOC v. CRST Van Expedited, Inc.*, 615 F. Supp. 2d 867, 877–78 (N.D. Iowa 2009) (collecting cases and holding

that "Title VII generally does not grant the EEOC the power to resurrect otherwise stale claims of unlawful employment discrimination"); *EEOC v. FAPS, Inc.,* No. CIV. 10-3095 JAP DEA, 2014 WL 4798802, at \*24 (D.N.J. Sept. 26, 2014) ("The plain language of Section 706(e)(1) clearly precludes the EEOC from seeking relief for individuals who could not have filed an EEOC charge during the filing period."); *EEOC v. U.S. Steel Corp*., No. CIV.A. 10-1284, 2012 WL 3017869, at \*6 (W.D. Pa. July 23, 2012) ("any claims of discrimination based on events that occurred before August 10, 2007 (which is 300 days before the June 6, 2008 charge that gave rise to EEOC's instant lawsuit) are time barred and should, therefore, be dismissed.").

In the Complaint, the EEOC pursues a claim under Section 706 on behalf of "a class of aggrieved Black, American Indian/Alaska Native, and multiracial job applicants" without identifying any aggrieved individual and alleges that Defendants have engaged in unlawful refusals to hire "since at least August 10, 2015." (Dkt. No. 1, p. 1, ¶¶ 20, 31, 36, 41, 45). The August 10, 2015 date is 300 days before the date the Gorsuch Charge – ***which claimed only gender discrimination*** – was signed by Gorsuch. (*See* Exhibit A). The EEOC cannot pursue race discrimination claims dating back to August 10, 2015 based on the Gorsuch Charge which alleged only gender discrimination, not race discrimination. The EEOC cannot rely on the Gorsuch Charge or its investigation of that Charge to support race discrimination claims of aggrieved individuals in this case.

The only charge referenced in the Complaint that alleged race discrimination is the Whethers Charge, filed on or about March 9, 2018. The EEOC can pursue claims that arose 300 days before that filing – *i.e.*, claims arising ***on or after May 13, 2017***. But the EEOC has no authority to seek relief for individuals whose claimed discriminatory failures to hire date earlier than May 13, 2017 or back to August 10, 2015, almost two years before May 13, 2017. All claims

involving alleged failure to hire before May 13, 2017 should be dismissed for failing to state a claim because they arose more than 300 days before the Whethers Charge.

Further, no basis exists to argue that the continuing violation theory saves such claims. Section 706 of Title VII precludes recovery for discrete acts of discrimination that occur outside the applicable statutory charge-filing period. In *Nat'l R.R. v. Morgan*, 536 U.S. 101, 112 (2002), the Supreme Court held that "discrete acts that fall within the statutory time period do not make timely acts that fall outside the statutory time period." The refusal to hire an applicant is undoubtedly a discrete act of discrimination. The *Morgan* Court stated: "Discrete acts such as termination, failure to promote, denial of transfer or ***refusal to hire*** are easy to identify." (emphasis added). *Id.* at 114. *See also Nelson v. Emergent BioSolutions Inc.,* No. DLB-20-3541, 2022 WL 991395, at *6 n.4 (D. Md. Mar. 31, 2022), *appeal dismissed*, No. 22-1807, 2022 WL 17750671 (4th Cir. Dec. 19, 2022) ("discrete acts such as ... failure to promote, denial of transfer, or refusal to hire are not subject to the continuing violations doctrine" (internal quotations and citations omitted)). The *Morgan* Court ultimately concluded that, "a Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time period— 180 or 300 days—set forth in [Section 706](e)(1)." *Morgan*, 536 U.S. at 122; *see also U.S. Steel Corp*, 2012 WL 3017869, at *5–7 (dismissing pattern or practice claims brought by EEOC on behalf of employees who were subject to an alcohol breath test and/or termination more than 300 days before the filing of the charge and noting that "multiple applications of an employer policy to different individuals on separate occasions would constitute multiple violations and not a single continuing violation."). When "bringing a Section 706 case, 'it is axiomatic that the EEOC stands in the shoes of those aggrieved persons in the sense that it must prove all elements of their . . . claims to obtain individual relief for them.'" *EEOC v. O'Reilly Auto. Inc.,* No. CIV.A. H-08-2429,

2010 WL 5391183, at *4 (S.D. Tex. Dec. 14, 2010), *report and recommendation adopted sub nom. EEOC v. O'Reilly Auto. Inc*., No. CIV.A. H-08-2429, 2010 WL 5387634 (S.D. Tex. Dec. 16, 2010) (quoting *CRST Van Expedited, Inc*., 611 F. Supp. at 929).

### IV.    CONCLUSION

For the foregoing reasons set forth above, Defendants respectfully request that this Court grant their motion and dismiss with prejudice any claims brought on behalf of any alleged aggrieved individual whose claim predates May 13, 2017.

Respectfully submitted,

LITTLER MENDELSON, P.C.

*/s/ Steven E. Kaplan*

Steven E. Kaplan (Md. Fed. Bar No. 16531)
skaplan@littler.com
815 Connecticut Avenue, NW, Suite 400
Washington, DC 20006-4046
Tel: 202.842.3400
Fax: 202.842.0011

Robert W. Cameron (PA Bar No. 69059)*
bcameron@littler.com
Katelyn W. McCombs (PA Bar No. 323746)*
kmccombs@littler.com
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
Tel: 412.201.7635/7641
Fax: 412.774.1948

*Counsel for Defendants*

* *Pro Hac Vice Pending*

Dated: June 14, 2024

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of June 2024, the foregoing Defendants' Brief in Support of Partial Motion to Dismiss Complaint for Failure to State a Claim was filed using the USDC District of Maryland's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record.

Debra M. Lawrence, Esq.
EEOC - Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
debra.lawrence@eeoc.gov

Ronald L. Phillips, Esq.
EEOC - Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
ronald.phillips@eeoc.gov

Gregory A. Murray, Esq.
EEOC - Pittsburgh Area Office
William S. Moorhead Federal Building
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
gregory.murray@eeoc.gov

/s/ *Steven E. Kaplan*
Steven E. Kaplan