**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

Plaintiff,

v.

**SHEETZ, INC., *et al.*,**

Defendants.

Civil Action No. 1:24-cv-01123-JRR

Hon. Julie R. Rubin

**PLAINTIFF EEOC'S RESPONSE IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") hereby files this Response in Opposition to Defendants Sheetz, Inc.'s; Sheetz Distribution Services, LLC's; and CLI Transport, LP's (collectively, "Defendants") Partial Motion to Dismiss for Failure to State a Claim, ECF No. 18, in the above-styled and numbered action.

## INTRODUCTION AND SUMMARY

On April 17, 2024, EEOC instituted this civil enforcement action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, to correct unlawful employment practices because of race and to secure remedies for the American public and a class of aggrieved Black, American Indian/Alaska Native, and multiracial job applicants who were adversely affected by those practices. EEOC has pleaded claims that Defendants have subjected a class of aggrieved Black, American Indian/Alaska Native, and multiracial job applicants to an ongoing, company-wide practice of refusing to hire such persons because of information about their criminal justice histories, including but not limited to convictions, that has caused unlawful disparate impact because of race in violation of Title VII. ECF No. 1 at 1–2.

On June 14, 2024, Defendants filed their Partial Motion to Dismiss for Failure to State a Claim. ECF No. 18. Defendants contend that EEOC cannot recover claimant-specific remedies in this case back to August 10, 2015, because only the charge-filing period for Joseph Gorsuch's charge of discrimination would allow recovery retrospectively to that date, and Gorsuch's charge alleges sex, not race, discrimination. ECF No. 19 at 4–6. Defendants further contend that EEOC can recover claimant-specific remedies in this case only back to May 13, 2017, because only Rachel Whethers's charge of discrimination alleges race discrimination, and the charge-filing period for her charge would allow recovery retrospectively only to that date. *Id.*

Defendants' argument is contrary to controlling law. It is rooted in a faulty legal premise, i.e., Defendants' unsupported assumption that EEOC cannot institute an enforcement action for race discrimination uncovered during EEOC's investigation of a sex-discrimination charge. Defendants' premise is incorrect. Under Supreme Court and Fourth Circuit precedent, it is legally immaterial that the Gorsuch charge does not allege race discrimination because EEOC's litigation authority under Title VII is not limited only to claims set forth in the administrative charge of discrimination that triggered EEOC's investigation. Rather, because EEOC uncovered the race discrimination at issue in this case as part of its investigation of the Gorsuch charge, and because EEOC included those race-discrimination claims in its reasonable-cause determination, by operation of Title VII, the filing date of the Gorsuch charge supplies the benchmark for calculating the 300-day charge-filing period in this case. Accordingly, Defendants' motion is meritless and should be denied.

## ARGUMENT

Federal Rule of Civil Procedure 8(a)(2) requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In turn, when reviewing

a motion to dismiss a claim under Federal Rule of Civil Procedure 12(b)(6), a district court "must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023); *see also, e.g.*, *Kashdan v. George Mason Univ.*, 70 F.4th 694, 700 (4th Cir. 2023) ("In evaluating a complaint's sufficiency, we construe the allegations and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party."). Under the Supreme Court's decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to survive a motion to dismiss, a claim need only be "plausible on its face," as these decisions do not impose a probability standard at the pleading stage. *E.g.*, *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

## I. Given the Temporal Scope of EEOC's Claims in the Present Litigation, the Sole Disputed Issue Presented by Defendants' Motion Is Whether the Gorsuch Charge Provides the Benchmark Date for Applying the 300-Day Charge-Filing Period.

At the outset, EEOC notes several legal rules relevant to Defendants' motion on which the parties agree. First, Defendants do not dispute that EEOC has authority under Title VII to recover claimant-specific remedies in this case for aggrieved persons beyond the two workers who filed the underlying charges of discrimination: Joseph Gorsuch and Rachel Whethers. *See* ECF No. 19 at 4–6 (discussing EEOC's authority to recover remedies for "individuals" beyond Gorsuch and Whethers); *see also, e.g.*, *Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 324 (1980) ("Given the clear purpose of Title VII, the EEOC's jurisdiction over enforcement, and the remedies available, the EEOC need look no further than § 706 for its authority to bring suit in its own name for the purpose, among others, of securing relief for a group of aggrieved individuals."); *EEOC v. Route 22 Sports Bar, Inc.*, No. 5:21-cv-0007, 2021 WL 2557087, at *11 (N.D.W. Va. June 22, 2021) (stating that "this Court and other federal courts have recognized the well-settled rule that EEOC may prosecute claims in enforcement actions regarding aggrieved persons who did not file their own charges of discrimination" and citing cases).

Additionally, Defendants do not dispute that the benchmark date for calculating the period in which EEOC may recover claimant-specific remedies in this case is the date of the earliest-filed charge of discrimination. *See* ECF No. 19 at 5–6 (arguing that Whethers, not Gorsuch, charge is earliest-filed charge used for establishing benchmark date); 42 U.S.C. § 2000e-5(e)(1) (keying timeliness to time of charge filing); *see also, e.g.*, *EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 46 (6th Cir. 1994) (discussing plaintiff's ability to recover remedies for discrimination during retrospective period defined by date of charge filing). This period is often called the "charge-filing period" and extends 300 days before the date of the earliest-filed charge. *See* ECF No. 19 at 4 (discussing 300-day charge-filing period); 42 U.S.C. § 2000e-5(e)(1) (same); *see also, e.g.*, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 112–13 (2002) (same).

With these undisputed legal principles in mind, EEOC states that in this particular case, EEOC previously determined, in the exercise of its discretion, that it will not seek remedies for any violations of Title VII predating the earliest-filed charge of discrimination by more than 300 days. EEOC's complaint reflects that exercise of discretion. *See* ECF No. 1 ¶¶ 20, 31, 36, 41 & 45 (identifying August 10, 2015, as beginning of liability period). Given the present express stipulation, the specific legal question necessary to resolving Defendants' motion is a quite narrow one: whether it is the Gorsuch charge or the Whethers charge that provides the benchmark for calculating the 300-day charge-filing period.[1] As discussed more fully below, controlling law supplies the answer to that question—it is the Gorsuch charge.

---

[1] To elaborate, in their motion, Defendants argue broadly that EEOC can never obtain remedies for aggrieved job applicants for hiring discrimination when those workers were denied employment more than 300 days before the administrative charge of discrimination that is the condition precedent underlying EEOC's lawsuit, whether under the continuing-violation doctrine or any other rule or exception in the statute or caselaw that authorizes recovery earlier than 300 days preceding the charge. *See* ECF No. 19 at 4–7. However, that very expansive issue of whether

## II. The Gorsuch Title VII Charge of Discrimination Determines the Temporal Scope of Claimant-Specific Remedies Because EEOC's Resulting Reasonable-Cause Determination Included the Race-Discrimination Claims.

The Gorsuch administrative charge is the earliest-filed charge not only in a strict, temporal sense, but also for purposes of calculating the charge-filing period. The Gorsuch charge is dated June 9, 2016, and the Whethers charge is dated March 10, 2018. Three hundred days before the Gorsuch charge is August 14, 2015,[2] and 300 days before the Whethers charge is May 14, 2017.

Under controlling law, the Gorsuch charge of discrimination must be used as the benchmark to calculate the 300-day charge-filing period in this case. The fact that Gorsuch did not allege race discrimination in his charge is legally immaterial. It is well settled in the Fourth Circuit and every other jurisdiction that a Title VII administrative charge does not strictly cabin the scope of an EEOC investigation. Rather, a charge merely serves as a "jurisdictional springboard" that

---

claimant-specific remedies are ever recoverable for conduct occurring earlier than the 300-day charge-filing period is not presented by the facts of this case and is irrelevant to disposition of Defendants' motion. Defendants agree that if EEOC proves its claims, EEOC can recover claimant-specific remedies for a period that commences on a date that is 300 days prior to the charge that properly resulted in EEOC's lawsuit. And as EEOC has stipulated herein, and as is reflected in its complaint, EEOC does not seek relief for aggrieved persons earlier than the applicable 300-day charge-filing period. Accordingly, the sole issue presented by Defendants' motion is identification of the specific administrative charge of discrimination that must be used as the benchmark for applying the 300-day period—the Gorsuch charge or the Whethers charge. Given the narrow question that is actually presented by Defendants' motion, in this response, EEOC need not address the issues of (1) whether it can recover claimant-specific remedies in any other case for a defendant's conduct predating the earliest-filed charge of discrimination by more than 300 days, *see* ECF No. 19 at 4–5, or (2) whether the continuing-violation doctrine applies to the type of claims that EEOC has pleaded in this case, *see* ECF No. 19 at 6–7.

[2] For purposes of determining timeliness of a charge of discrimination for which a state or local fair employment practices agency has concurrent jurisdiction with EEOC, the date that a charge is considered to be filed is the date that EEOC received it. *See* 29 C.F.R. § 1601.13(a)(4)(ii)(A). Because EEOC received the Gorsuch charge on June 9, 2016, as evidenced by the date stamp, *see* ECF No. 19-1 at 3, the 300-day charge-filing period extends retrospectively to August 14, 2015. This date was miscalculated as August 10, 2015, in EEOC's complaint. EEOC will seek leave to amend its complaint to correct this minor error if necessary.

triggers an EEOC investigation, and thereafter, such investigation may properly encompass forms of discrimination not alleged in the charge but uncovered during the course of the investigation. EEOC is not required to ignore suspected discrimination of another type or against persons other than the charging party. Regarding such later-uncovered violations, so long as EEOC satisfies the statutory conditions precedent of reasonable-cause determination and conciliation attempt, it is authorized to institute enforcement litigation of those claims.

In the present action, EEOC's complaint avers, and Defendants do not dispute, that EEOC investigated the agency's race-discrimination claims pursuant to the Gorsuch charge and then included those race-discrimination claims in the resultant reasonable-cause determination and conciliation attempt, thereby satisfying EEOC's conditions precedent. Accordingly, the Gorsuch administrative charge is the proper measure of the 300-day charge-filing period, and Defendants' Rule 12(b)(6) motion should be denied.

**A. Defendants Cannot Dispute That EEOC Has Satisfied Conditions Precedent for Its Race-Discrimination Claims Under Title VII.**

Title VII sets forth "an integrated, multistep enforcement procedure culminating in the EEOC's authority to bring a civil action in a federal court." *Occidental Life Ins. Co. of California v. EEOC*, 432 U.S. 355, 359 (1977). Over the years, the federal courts have held that there are four conditions precedent to EEOC enforcement actions under Title VII: (1) a timely charge of an unlawful employment practice and notice thereof to the employer; (2) an EEOC investigation; (3) an EEOC determination that reasonable cause exists to believe that the employer committed an unlawful employment practice; and (4) an attempt to resolve the case through conciliation. *See, e.g.*, *EEOC v. Pierce Packing Co.*, 669 F.2d 605, 607 (9th Cir. 1982) (describing four conditions precedent to EEOC litigation under Title VII); *see also Mach Mining*, 575 U.S. at 483–84 (describing conditions precedent to EEOC litigation under Title VII); *EEOC v. Am. Nat. Bank*, 652 F.2d 1176,

1185 (4th Cir. 1981) ("Before the EEOC may bring a civil action under Title VII against an employer there must be a charge filed with the EEOC, notice of the charge to the employer, investigation by the EEOC, a determination of reasonable cause, and an effort at conciliation."). If EEOC has satisfied conditions precedent for its Title VII claims in this case, then EEOC can prosecute those claims and recover claimant-specific remedies for violations of Title VII.

EEOC has satisfied conditions precedent for its Title VII claims. Defendants do not dispute that Gorsuch filed a timely charge of discrimination, that Defendants received notice of it, or that the race-discrimination claims at issue were subjected to an EEOC administrative investigation, reasonable-cause determination, and conciliation attempt; and in any event, EEOC's averments on these factual points must be accepted as true.

**B. EEOC Can Prosecute Its Race-Discrimination Claims Under Title VII on the Basis of the Gorsuch Charge Because EEOC Found Race Discrimination Pursuant to a Reasonable Investigation of That Charge.**

The core of Defendants' argument is their contention that because the Gorsuch charge does not allege race discrimination, EEOC cannot use that charge as a basis for satisfying conditions precedent for its Title VII claims in this case. In other words, Defendants claim that EEOC enforcement litigation is restricted to the specific type of discrimination raised in an administrative charge that triggered EEOC's investigation, and that EEOC must ignore any other type of discrimination uncovered in its investigation. Defendants cite no authority for that proposition. *See* ECF No. 19 at 4–6. Defendants' argument ignores the controlling legal standard governing EEOC litigation, incorrectly reducing EEOC's litigation authority to a mirror of the text of an administrative charge of discrimination. But applying the correct legal standard, EEOC may prosecute its race-discrimination claims in this case because they arose during EEOC's investigation of the Gorsuch charge, the earlier filed of the two charges.

EEOC's authority to litigate claims of discrimination not alleged on the face of an administrative charge of discrimination is governed by the reasonable-investigation standard. EEOC is not restricted to litigating only those claims textually presented within the four corners of a charge of discrimination, that personally affect the person filing the charge, or that are deemed to have a sufficient nexus to the charge. Rather, as the Supreme Court has stated, "Any violations that the EEOC ascertains in the course of a reasonable investigation of the charging party's complaint are actionable." *Gen. Tel. Co. of the Nw.*, 446 U.S. at 331. The original charge provides EEOC with "a jurisdictional springboard to investigate whether the employer is engaged in any discriminatory practices," which investigation may well "disclose, as in this instance, illegal practices other than those listed in the charge." *EEOC v. Huttig Sash & Door Co.*, 511 F.2d 453, 455 (5th Cir. 1975); *see also, e.g.*, *Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1205 (9th Cir. 2016) (quoting *EEOC v. Hearst Corp., Seattle Post-Intelligencer Div.*, 553 F.2d 579, 580 (9th Cir. 1976)) ("[A]n EEOC civil suit may allege any discrimination 'stated in the charge itself or discovered in the course of a reasonable investigation of that charge, provided such additional discrimination was included in the EEOC "reasonable cause" determination and was followed by compliance with the conciliation procedures of the Act.'"); *EEOC v. Caterpillar, Inc.*, 409 F.3d 831, 833 (7th Cir. 2005) ("The charge incites the investigation, but if the investigation turns up additional violations the Commission can add them to its suit."); *EEOC v. Worthington, Moore & Jacobs, Inc.*, No. 04-cv-3127, 2007 WL 9780446, at *3 (D. Md. Mar. 30, 2007) ("[EEOC] can also use the charge as a 'jurisdictional springboard' to bring suit for other violations."). As the First Circuit has explained:

> The allegations contained in the charge do not narrowly circumscribe the Commission's investigation. Rather, the charge serves as "a jurisdictional springboard" enabling the Commission "to investigate whether the employer is engaged in any discriminatory practices." . . . So viewed, the charge is capable of supporting an EEOC investigation into both the discrimination described in the charge itself and into the

> surrounding circumstances (including a full probing of any evidence of discriminatory practices unearthed during the course of the initial investigation).

*EEOC v. Astra USA, Inc.*, 94 F.3d 738, 746 (1st Cir. 1996).[3]

Consequently, the Fourth Circuit and other federal courts have consistently held that EEOC has authority to litigate types of discrimination that were not alleged on the face of the administrative charge of discrimination that triggered EEOC's investigation but that EEOC later uncovered during the course of its investigation, including both different categories of discrimination (e.g., race versus sex) and distinct types of employment actions (e.g., hiring versus promotion or discharge). *E.g.*, *EEOC v. Chesapeake & O. Ry. Co.*, 577 F.2d 229, 232 (4th Cir. 1978) (vacating partial summary judgment dismissing sex-discrimination claims on behalf of women for job segregation and minimum height requirement where charge filed by male alleged only race discrimination in denial of transfer and forced retirement, holding that EEOC may proceed because sex-discrimination claims were discovered during course of investigating race-discrimination allegations); *EEOC v. Gen. Elec. Co.*, 532 F.2d 359, 368–70 (4th Cir. 1976) (vacating partial summary judgment dismissing sex-discrimination claims on behalf of women job applicants where charges by males alleged only race discrimination in promotion, transfer, and employment, and where EEOC only found reasonable cause to believe that one male suffered race discrimination in promotion and transfer); *EEOC v. St. Anne's Hosp. of Chicago, Inc.*, 664 F.2d 128, 130–31 (7th Cir. 1981) (reversing dismissal where complaint asserted retaliation claim for plaintiff's hiring of Black male where charge alleged only discrimination because of plaintiff's sex and religion); *Hearst*

[3] Relatedly, as a law-enforcement agency, EEOC has independent standing to initiate litigation and prosecute claims under Title VII, and its authority to seek claimant-specific remedies is not derivative of the rights of those persons for whom it seeks relief. *See EEOC v. Waffle House, Inc.*, 534 U.S. 279, 295–97 (2002); *Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. at 326; *Occidental Life Ins. Co. of California v. EEOC*, 432 U.S. 355, 368 (1977).

*Corp.*, 553 F.2d at 579–81 (EEOC is authorized to assert claims for sex discrimination against males and females and for race discrimination against minority persons where charge alleged only sex discrimination against white male); *see also, e.g.*, *EEOC v. Cambridge Tile Mfg. Co.*, 590 F.2d 205, 206 (6th Cir. 1979) (per curiam) (enforcing EEOC subpoena seeking information related to sex discrimination in job classification after EEOC uncovered evidence of such discrimination during investigation of allegations of sex and race discrimination in discharge). Such authority exists regardless of whether the charging party was personally affected by the practice and had standing to raise the unalleged form of discrimination. *See, e.g.*, *Gen. Elec. Co.*, 532 F.2d at 373 ("[T]he standing of the EEOC to sue under Title VII cannot be controlled or determined by the standing of the charging party to sue . . . ."); *EEOC v. Occidental Life Ins. Co. of California*, 535 F.2d 533, 540–42 (9th Cir. 1976) (vacating dismissal of sex-discrimination claims on behalf of unmarried women regarding pregnancy benefits and men regarding administration of retirement system where charge by married woman alleged only sex discrimination and stating that "enforcement by the EEOC of the objectives of Title VII should not be frustrated because a private charging party may not have had 'standing' to make a particular claim"), *aff'd*, 432 U.S. 355 (1977).

Though this rule has been applied broadly across various contexts, one notable application of the rule is in the context of unlawful employment selection procedures. The Fourth Circuit has held that when investigating allegations in a charge regarding one category of discrimination (e.g., race discrimination), if EEOC uncovers an unlawful employment practice, such as a pre-employment test, that results in discrimination across additional categories not alleged in the underlying charge (e.g., race *and* sex discrimination), EEOC can include all such categories of discrimination in its investigation and reasonable-cause determination because they flow from "a root source of discrimination" that was the subject of a reasonable investigation of the underlying charge. *Gen.*

*Elec. Co.*, 532 F.2d at 368–70 ("When the same material, i.e., the tests used by the defendant, give rise to a reasonable cause to believe the defendant thereby is practicing discrimination both racial and sexual, the EEOC need not confine its actions to the racially discriminatory aspects of the testing program but may 'include in its deliberations all facts developed in the course of a reasonable investigation of that charge' and may predicate a reasonable cause determination thereon.").

Thus, the fact that the Gorsuch charge does not state "race" is irrelevant to EEOC's statutory authority to prosecute its Title VII race-discrimination claims in this case. The relevant legal standard is whether EEOC uncovered such race discrimination during investigation of the sex discrimination that Gorsuch had alleged concerning Defendants' criminal justice history screening practice. Even in the circumscribed context of resolving Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), in which the Court must consider only the allegations in EEOC's complaint and documents incorporated into EEOC's complaint by reference, there is no reasonable dispute that EEOC's discovery of the race-based disparate impact of Defendants' use of criminal justice history information as a selection procedure arose during a reasonable investigation of the sex-based disparate impact *of the same practice*, which Gorsuch had alleged. *See id.*; *see also, e.g.*, *EEOC v. Randstad*, 685 F.3d 433, 451 (4th Cir. 2012) ("[W]e and the district court must defer to the EEOC's appraisal of what is relevant so long as it is not obviously wrong.").

As expressly pleaded in EEOC's complaint, when conducting its administrative investigation of the Gorsuch charge of discrimination, EEOC actually investigated the race-based disparate impact of Defendants' challenged practice—the precise claims at issue in this litigation—and found reasonable cause to believe that that practice violated Title VII. *See* ECF No. 1 ¶¶ 14, 14.a. & 14.b. (specific averment that EEOC issued reasonable-cause determination arising from its investigation of Gorsuch charge, EEOC Charge No. 530-2016-02176, finding reasonable cause

concerning race-discrimination claims in present litigation, and inviting Defendants to engage in conciliation); *see also* ECF No. 1 ¶¶ 16–19 (specific averment that EEOC attempted conciliation with Defendants but was unable to secure conciliation agreement acceptable to EEOC; general averment of satisfaction of conditions precedent under Fed. R. Civ. P. 9(c)). For purposes of Defendants' Rule 12(b)(6) motion, these allegations are accepted as true, and under controlling law governing EEOC litigation authority, they are dispositive.

Moreover, because it is incorporated into EEOC's complaint by reference, in resolving Defendants' motion, the Court may go beyond the allegations in the complaint and also consider the reasonable-cause determination document. On May 18, 2022, EEOC issued to Defendants an administrative determination regarding the Gorsuch charge finding reasonable cause to believe that:

> since at least January 1, 2014, and continuing to the present, Respondents' use of criminal justice-history information as a selection procedure has been a particular employment practice that causes an unlawful disparate impact on a class of Black, Hispanic, American Indian or Alaskan Native, and multiracial (i.e., persons identified as "two or more races") job applicants, regarding all positions company-wide, because of their race or national origin (or both) by denying them hire in violation of Title VII,

and:

> since at least January 1, 2014, and continuing to the present, Respondents have engaged in a company-wide, continuing practice of failing to hire a class of Black, Hispanic, American Indian or Alaskan Native, and multiracial (i.e., persons identified as "two or more races") job applicants for all positions who did not pass Respondents' criminal justice history screening because of their race or national origin (or both) in violation of Title VII.

Ex. A, Murray Decl. ¶ 5; *see also* ECF No. 1 ¶ 14 (discussing Gorsuch determination); ECF No. 19 at 2 n.3 (citing caselaw discussing consideration of extrinsic documents when resolving motion to dismiss). As discussed, after it issued the determination to Defendants, EEOC attempted to remedy

the race discrimination that it found reasonable cause to believe had occurred through informal methods of conciliation. *See* ECF No. 1 ¶¶ 16–18 (discussing conciliation attempt).

Regardless of the fact that the Gorsuch charge did not mention race discrimination on its face, the facts that EEOC actually investigated the race-based disparate impact of Defendants' use of criminal justice history information as a selection procedure, issued a determination finding reasonable cause that that practice violated Title VII, and attempted to resolve those violations through conciliation with Defendants show that, using the Gorsuch charge as a basis, EEOC satisfied conditions precedent for its Title VII claims in this case. *See, e.g.*, *EEOC v. Am. Nat. Bank*, 652 F.2d 1176, 1186 (4th Cir. 1981) ("[T]hat a particular charge of discrimination be the subject of the reasonable cause determination and conciliation before being subject to suit by the EEOC . . . protects an employer charged in the reasonable cause determination with race discrimination in hiring against being surprised by a subsequent suit including charges of race discrimination in layoffs or promotion, or sex discrimination."); *EEOC v. Delight Wholesale Co.*, 973 F.2d 664, 668–69 (8th Cir. 1992) ("The original charge is sufficient to support EEOC action, including a civil suit, for any discrimination stated in the charge or developed during a reasonable investigation of the charge, so long as the additional allegations of discrimination are included in the reasonable cause determination and subject to a conciliation proceeding.").

**CONCLUSION**

Under controlling precedent, the Gorsuch charge serves as the proper benchmark for applying the 300-day charge-filing period under § 706(e)(1) of Title VII, 42 U.S.C. § 2000e-5(e)(1). EEOC may recover claimant-specific remedies for persons aggrieved by Defendants' unlawful employment practice back to August 14, 2015.

For the reasons set forth above, EEOC respectfully requests that the Court deny Defendants' Partial Motion to Dismiss for Failure to State a Claim, ECF No. 18, in its entirety.

Respectfully submitted,

/s/ Ronald L. Phillips
Ronald L. Phillips
Assistant Regional Attorney
OH Bar No. 0070263
U.S. Equal Employment Opportunity Commission
Baltimore Field Office
GH Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: 410-801-6714
Fax: 410-962-4270
Email: ronald.phillips@eeoc.gov

/s/ Gregory A. Murray
Gregory A. Murray
Senior Trial Attorney
PA Bar No. 316144
U.S. Equal Employment Opportunity Commission
Pittsburgh Area Office
William S. Moorhead Federal Building
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Phone: (412) 588-6907
Fax: (412) 395-5749
Email: gregory.murray@eeoc.gov

/s/ Jenny Xia
Jenny Xia
Trial Attorney
NY Bar No. 5744933
U.S. Equal Employment Opportunity Commission
Baltimore Field Office
GH Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: 410-801-6687
Fax: 410-962-4270
Email: jenny.xia@eeoc.gov

*Counsel for Plaintiff U.S. Equal Employment Opportunity Commission*