# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**,<br><br>    Plaintiff,<br><br>    v.<br><br>**SHEETZ, INC.,** *et al.*,<br><br>    Defendants. | Civil Action No. 1:24-cv-01123-JRR<br><br>Hon. Julie R. Rubin |

### DECLARATION OF GREGORY A. MURRAY

I, Gregory A. Murray, declare as follows:

1. I am a Senior Trial Attorney at the U.S. Equal Employment Opportunity Commission ("EEOC").

2. I am counsel of record for EEOC in this matter.

3. I have personal knowledge of the matters stated below.

4. I submit this declaration in support of EEOC's Response in Opposition to Defendants' Partial Motion to Dismiss for Failure to State a Claim.

5. EEOC records show that on or about May 18, 2022, following EEOC's administrative investigation of the charge of discrimination that Joseph Gorsuch had filed against Defendant Sheetz, Inc., and Defendant Sheetz Distribution Services, LLC (collectively, "Defendants"), EEOC issued to Defendants a determination finding reasonable cause to believe that Defendants had violated Title VII of the Civil Rights Act of 1964, as amended. A true and correct copy of EEOC's determination as to Gorsuch's charge of discrimination is attached hereto as Exhibit A.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and recollection.

Executed on __6/28/24__                         _____
                                                Gregory A. Murray

# Exhibit A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Pittsburgh Area Office**

William S. Moorhead Federal Building
1000 Liberty Avenue, Room 1112
Pittsburgh, PA 15222
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Pittsburgh Status Line: 866-408-8075
Pittsburgh Direct Dial: 412-588-6905
TTY: 412-395-5904
Fax: 412-395-5749
Website: www.eeoc.gov

Joseph Gorsuch
2870 Royer Mountain Rd.
Williamsburg, PA 16693

      Charging Party,

    v.                                  Charge No. 530-2016-02176

Sheetz Distribution Services, LLC
242 Sheetz Way
Claysburg, PA 16625

      and

Sheetz, Inc.
5700 Sixth Ave.
Altoona, PA 16602

      Respondents.

## DETERMINATION

      Under the authority vested in me by the Commission, I issue the following determination as to the merits of the above-referenced charge. All requirements for coverage have been met.

      As an initial matter, I find that the above-referenced respondents (i.e., Sheetz Distribution Services, LLC, and Sheetz, Inc.) constitute a single "employer"/integrated enterprise within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended. Both entities are subjects of this Determination and any resulting conciliation, and are hereinafter referred to in this Determination collectively as "Respondents."

      Charging Party Joseph Gorsuch ("Charging Party") alleges that Respondents denied him hire by rescinding a conditional offer of employment because of his sex (male) in violation of Title VII. Specifically, Charging Party alleges the following: In September 2015, he applied for a position of employment at a facility of Respondents and, shortly thereafter, participated in two interviews with personnel of Respondents. On or about October 12, 2015, he began working at a facility of Respondents as a temporary employee through a staffing agency, Aerotek, Inc. ("Aerotek"). On or about February 15, 2016, Respondents extended Charging Party a conditional offer of permanent employment contingent on the results of both background and drug screening. On or about February 23, 2015, a representative of Aerotek notified Charging Party that Respondents had rescinded the conditional offer of employment because he had "failed the background check." On or

*Gorsuch v. Sheetz Distribution Services, LLC*, Charge No. 530-2016-02176
Determination

about February 24, 2016, a representative of Aerotek told Charging Party that "Respondent has a policy of not hiring anyone with a felony conviction regardless of the date or disposition of the offense." At the time of the rescission of the conditional offer of employment, Charging Party had an approximately 16-year-old felony conviction. He alleges that Respondents rescinded the conditional offer of employment because of his then-16-year-old felony conviction and that Respondents' hiring policy regarding felony convictions has a disparate impact on male job applicants in violation of Title VII.

Respondents deny that their rescission of Charging Party's conditional offer of employment on or about February 23, 2016, constituted sex discrimination in violation of Title VII. Respondents also deny that their hiring policies and practices regarding their use of criminal justice history information have a disparate impact on male job applicants in violation of Title VII. Respondents admit that Charging Party began working at their distribution center in Claysburg, Pennsylvania, on or about October 12, 2015, in the role of "warehouse team member" as an employee of Aerotek. Respondents also admit that, in February 2016, they extended Charging Party a conditional offer of permanent employment as a warehouse team member contingent on the results of both background and drug screening. Respondents contend that after Charging Party had accepted their conditional offer of employment, a third-party background-check vendor, Sterling Talent Solutions, Inc. ("Sterling"), generated a background-check report about Charging Party that revealed a past felony conviction for "the manufacture, delivery, or possession with intent to distribute of a controlled substance." Respondents contend that after receiving this background-check report from Sterling, they conducted an individualized assessment of Charging Party's suitability for the position of warehouse team member and determined that "his felony conviction rendered him unsuitable for the warehouse team member position." Respondents admit that they rescinded the conditional offer of employment in February 2016 because of their determination that Charging Party's conviction rendered him unsuitable for the position of warehouse team member.

An examination of the evidence in this matter demonstrates the following facts:

First, Respondents have implemented a particular employment practice of considering job applicants' criminal justice history information as a basis for hiring/selecting workers for employment.

Second, Respondents' use of criminal justice history information causes a significant disparate impact because of race, national origin, and sex. Black, Hispanic, American Indian or Alaskan Native, multiracial (i.e., persons identified as "two or more races"), and male job applicants have been adversely affected by Respondents' practice.

Third, Respondents have failed to demonstrate that their particular employment practice of considering job applicants' criminal justice history information is job-related and consistent with business necessity. Indeed, the evidence demonstrates that it is not. Respondents' disqualifications of job applicants from employment based on their criminal justice history information demonstrate that Respondents have consistently disqualified applicants whose criminal justice history information bears no substantial, close relationship to averting any serious harm that Respondents claim—or could claim—may result from hiring the applicants to perform the particular jobs for which they applied (most such positions being "salesperson" or "store team member"). Respondents consistently refuse to hire job applicants under circumstances that fail to establish their

*Gorsuch v. Sheetz Distribution Services, LLC*, Charge No. 530-2016-02176
Determination

affirmative defense. Although an exhaustive discussion of each individual unlawful exclusion because of criminal justice history is not necessary here, reference to a few key aspects of Respondents' unlawful employment practice is warranted:

 The evidence shows that Respondents engage in categorical or near-categorical exclusion of numerous types of convictions regardless of the dearth of information about the circumstances of the offense conduct, the lack of any close (or even logical) nexus of the offense to the particular jobs at issue, and/or the temporal remoteness of the offense relative to the hiring decisions at issue. The broad sweep of Respondents' disqualifications indicates the use of an effective blanket prohibition of employment for the vast majority of persons with all but the most minor or exceedingly remote convictions and, in any event, evidences a class-wide pattern of exclusions from employment that are not job-related and consistent with business necessity.

 Moreover, the evidence shows that even where the nature of the offense and temporal proximity to the hiring decision suggest that there could, theoretically, be potential risks posed by placing job applicants in the particular positions at issue, it appears that Respondents fail to consider other salient factors bearing on the affirmative defense, including the circumstances of the offense conduct, nexus to the duties or setting of the specific positions at issue, applicants' job histories following their convictions, applicants' recidivism (or lack thereof) following their convictions, and/or other relevant factors bearing on whether applicants pose unacceptable risks while performing the particular positions at issue. It appears that Respondents' policies and procedures do not require their personnel to gather salient information necessary to lawfully consider job-related risks that could be posed by workers with past offense histories, and it also appears that those personnel do not consider such information.

 Finally, the evidence also shows that Respondents exclude job applicants from employment based on criminal justice history other than convictions, i.e., *pending charges*, with no information reliably indicating that those individuals actually engaged in the offense conduct for which they had been charged. The fact of a criminal conviction is compelling evidence that a worker engaged in the offense at issue. But the fact of pending criminal charges evidences only a formal accusation. A formal accusation yet to be proven, without more, does not establish that exclusion of a worker is job-related and consistent with business necessity.

 Based on the foregoing, I find that there is reasonable cause to believe that Respondents subjected Charging Party to an unlawful denial of hire by rescinding a conditional offer of employment because of his sex (male) in violation of Title VII.

 Arising out of this investigation, I further find that there is reasonable cause to believe that since at least January 1, 2014, and continuing to the present, Respondents' use of criminal justice history information as a selection procedure has been a particular employment practice that causes an unlawful disparate impact on a class of male job applicants, regarding all positions company-wide, because of their sex by denying them hire in violation of Title VII.

 Arising out of this investigation, I further find that there is reasonable cause to believe that since at least January 1, 2014, and continuing to the present, Respondents' use of criminal justice-history information as a selection procedure has been a particular employment practice that causes an unlawful disparate impact on a class of Black, Hispanic, American Indian or Alaskan Native,

*Gorsuch v. Sheetz Distribution Services, LLC*, Charge No. 530-2016-02176
Determination

and multiracial (i.e., persons identified as "two or more races") job applicants, regarding all positions company-wide, because of their race or national origin (or both) by denying them hire in violation of Title VII.

     Arising out of this investigation, I further find that there is reasonable cause to believe that since at least January 1, 2014, and continuing to the present, Respondents have engaged in a company-wide, continuing practice of failing to hire a class of male job applicants, including Charging Party and a class of male applicants for all positions who did not pass Respondents' criminal justice history screening, because of their sex in violation of Title VII.

     Arising out of this investigation, I further find that there is reasonable cause to believe that since at least January 1, 2014, and continuing to the present, Respondents have engaged in a company-wide, continuing practice of failing to hire a class of Black, Hispanic, American Indian or Alaskan Native, and multiracial (i.e., persons identified as "two or more races") job applicants for all positions who did not pass Respondents' criminal justice history screening because of their race or national origin (or both) in violation of Title VII.

     This Determination encompasses all Black, Hispanic, American Indian or Alaskan Native, multiracial, and male job applicants who were denied employment as a result of Respondents' criminal justice history selection practice. This Determination further encompasses all positions and facilities for which the practice was used at any time.

     Upon finding reasonable cause to believe that unlawful employment practices have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Conciliation is Respondents' opportunity to voluntarily remedy the unlawful employment practices found to have occurred. Ultimately, any conciliation agreement must be acceptable to the Commission. A Commission representative will contact Respondents to discuss conciliation. The confidentiality provisions of §§ 706 and 709 of Title VII and Commission Regulations apply to information obtained during conciliation.

     If Respondents fail to engage in conciliation, or if the Commission determines, in its sole discretion, that conciliation has failed, the Director will inform the parties and advise them of the court-enforcement alternatives available to aggrieved persons and the Commission.

                                               On behalf of the Commission:

                                               Deborah A. Kane
                                               Area Office Director
                                                May 18, 2022

cc:    Robert W. Cameron, Esq. (bcameron@littler.com)
        Katlyn W. McCombs, Esq. (kmccombs@littler.com)