# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# NORTHERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                Plaintiff,<br><br>    v.<br><br>SHEETZ, INC., SHEETZ DISTRIBUTION SERVICES, LLC, and CLI TRANSPORT, LP,<br><br>                Defendants. | Case No. 1:24-cv-01123-JRR |

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
### TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

The EEOC's choice of venue, contrary to what the agency claims, is entitled to minimal deference, not substantial weight. The EEOC's argument that convenience of witnesses weighs strongly against transfer is speculation and ignores that the one locale for which a high probability exists of testifying witnesses is Blair County, Pennsylvania. The EEOC's argument that convenience of the parties also weighs against transfer is not even based on concerns of the parties. These arguments do not suffice to defeat Defendants' motion to transfer this case to the Western District of Pennsylvania, where Defendants' headquarters, relevant decisionmakers, and relevant documents are located.

### ARGUMENT

**A.    Section 706(f)(3) gives no priority to the EEOC's choice of venue.**

The EEOC initially argues that venue is proper in the District of Maryland because alleged

unlawful employment practices occurred there[1] and aggrieved persons would have worked in that District but for those practices. *See* EEOC's Memorandum in Opposition to Defendants' Motion to Transfer Venue ("EEOC Mem.") (Dkt. No. 26), pp. 4-5.

Title VII's venue provision allows a lawsuit in several different judicial districts: (1) "in any judicial district in the state in which the unlawful employment practice is alleged to have been committed," (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered," or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice," but if the defendant is not found within any such district, "an action may be brought within the judicial district in which the [defendant] has his principal office." 42 U.S.C. § 2000e-5(f)(3). Moreover, for purposes of 28 U.S.C. § 1404, the district in which the defendant has its principal office "shall in all cases be considered a district in which the action might have been brought." 42 U.S.C. § 2000e-5(f)(3).

This venue provision affords no preference to the EEOC's venue choice.

---

[1] It is not clear that unlawful employment practices were committed in Maryland. Defendants' hiring decisions based on criminal history review were made in Blair County, Pennsylvania. (Fasick Decl. ¶ 21). Courts have held that the "focus of the first prong [of 42 U.S.C. § 2000e-5(f)(3)] is the place where the relevant employment decisions and actions occurred." *EEOC v. Fluor Fed. Glob. Projects, Inc.*, No. 1:21-CV-4062-AT-CMS, 2022 WL 21758244, at *3 (N.D. Ga. June 2, 2022), *report and recommendation adopted,* No. 1:21-CV-4062-AT, 2022 WL 21758238 (N.D. Ga. June 21, 2022). *See also Fowler v. Deloitte & Touche, LLP*, No. 15-2695, 2017 WL 1293983, at *8 (W.D. La. Mar. 24, 2017) ("Under the first prong, an employment practice is 'committed' where the alleged discriminatory conduct occurred, rather than where its effects are felt."); *Moore v. City of Kankakee*, No. 14–CV–5440, 2015 WL 2455116, at *2 (N.D. Ill. May 22, 2015) ("The plain language of this prong focuses on 'the place where the decisions and actions concerning the employment practices occurred,' not the location where a plaintiff received notice of [the defendant's] conduct or suffered from its effects."); *Harrington v. Howard Transp., Inc.*, No. CIV.A. 12–0078–WS–C, 2012 WL 1899850, at *3 (S.D. Ala. May 23, 2012) (venue improper under first prong of 42 U.S.C. § 2000e-5(f)(3) because plaintiff only alleged the unlawful practice was committed in the district because its effects were "felt" there); *Ifill v. Potter*, No. 05–CV–2320, 2006 WL 3349549, at *2 (D.D.C. Nov. 17, 2006) (courts "must look to the place where the decisions and actions concerning the employment practices occurred" to "determin[e] where an alleged unlawful employment practice was committed").

B.  **The EEOC's choice of venue is entitled only to minimal deference.**

The EEOC next argues that its venue choice is entitled to substantial weight because the District of Maryland has a substantial relation to the causes of action based on Defendants having "at least 35 facilities in Maryland" and job seekers allegedly having suffered harm there. EEOC Mem. (Dkt. No. 26), pp. 5-6. That argument does not persuade. Maryland is the state in which Defendants have the most limited operations. Maryland has only 5% of Sheetz stores, 14 CLI employees and the fewest number of potential employment locations of any state in which Defendants operate. It houses no decisionmakers or documents with respect to criminal history review in hiring.  (*See* Fasick Decl. ¶¶ 23, 28-29 at Dkt. No. 15-1; Eisaman Decl. ¶¶ 14-19 at Dkt. No. 15-2).

Although the EEOC references that the relevant standard includes whether the chosen forum is plaintiff's home, *see* EEOC Mem. (Dkt. No. 26), p. 5, Defendants have already pointed out that the EEOC is not at home in Maryland. *See* Defendants' Memorandum of Law in Support of Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Defs. Mem.") (Dkt. No. 15), p. 8; *see also EEOC v. Outokumpu Stainless, USA, LLC*, No. 2:15CV405-WHA, 2015 WL 5685240, at *4 (M.D. Ala. Sept. 25, 2015).

The EEOC next argues that its choice of venue is entitled to greater weight because this action was instituted pursuant to Title VII's "special venue" provision. EEOC Mem. (Dkt. No. 26), pp. 6-9. This argument is without merit. First, when initially enacting Title VII of the Civil Rights Act of 1964 with its venue provision setting out options for alternative forums, Congress was intentionally broadening plaintiffs' choices of venue to encourage and facilitate **private** enforcement of Title VII and to ensure that plaintiffs would not be relegated to the venue

requirements of 28 U.S.C. § 1391. *See* 42 U.S.C. §2000e-5(f) (1964)[2]; *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 401 (1968) ("When the Civil Rights Act of 1964 was passed, it was evident that enforcement would prove difficult and that the Nation would have to rely in part upon private litigation as a means of securing broad compliance with the law."). Under the original text of Title VII, the EEOC could not initiate lawsuits and "was limited to informal methods of conference, conciliation, and persuasion . . . . Actions for enforcement upon the EEOC's inability to secure voluntary compliance could be filed only by the aggrieved person." *Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 325, (1980) (internal quotations and citations omitted). In 1972, Congress amended Title VII to authorize the EEOC to bring civil actions in federal district court against private employers but did not amend Title VII to prioritize the EEOC's venue selection. *Id.*; *see* 42 U.S.C. §2000e-5(1972).[3] For the EEOC to assert that Title VII's venue provision grants greater deference to its forum selection is to misconstrue the intent of that provision. Nor do the Title VII cases the EEOC cites, EEOC Mem. (Dkt. 26), pp. 6-7, support its argument. The EEOC cites no case holding that the EEOC's choice of venue is entitled to greater weight, but instead relies on Title VII cases in which private plaintiffs were pursuing Title VII actions. The cases the EEOC cites regarding venue under the Federal Employer's Liability Act, the Employee Retirement Income Security Act, and the Securities and Exchange Act are similarly inapposite because those cases were brought by private citizens. EEOC Mem. (Dkt. No. 26), pp. 7-8. The antitrust cases the EEOC cites in which the government is a plaintiff

---

[2] For ease of reference to this previous version of Title VII, the EEOC has published the full text of the 1964 version of the statute on its website at https://www.eeoc.gov/history/civil-rights-act-1964 (last accessed July 3, 2024).

[3] For ease of reference to this previous version of Title VII, the EEOC has published the full text of the 1972 version of the statute on its website at https://www.eeoc.gov/history/equal-employment-opportunity-act-1972 (last accessed July 3, 2024).

also do not reflect any general preference for agency choice of venue that would include the EEOC. *Id.* at p. 8. These cases involve statutes addressing far different issues than employment decisions affecting individuals and federal agencies that function unlike the EEOC with its charge-based structure.  Because of the substantive proscriptions in these statutes, they have generous venue provisions that have nothing to do with Title VII. The Clayton Act allows suit in federal court without prior administrative proceedings, and broadly provides that venue is proper anywhere the corporation is "an inhabitant," "found" or "transacts business." *See* 15 U.S.C. §§ 15, 22. The Federal Trade Commission ("FTC") Act similarly gives the FTC independent authority without complaint by any individual to investigate and enforce the FTC Act, and sets out three options for proper venue: where a defendant resides, where a defendant transacts business, or wherever venue is proper under 28 U.S.C. §1391. *See* 15 U.S.C. §§ 45, 53(b).  These cases have no bearing on interpretation of Title VII's venue provision.

      The EEOC further argues that the cases Defendants cite to support that the venue decision of a class plaintiff is entitled to minimal support are distinguishable because this is not a Rule 23 class action but a federal agency action in which the EEOC sues to vindicate the public interest. EEOC Mem. (Dkt. No. 26), pp. 8-10. This is a distinction without a difference. The EEOC seeks relief on behalf of a defined, widely dispersed class of individuals.  The EEOC states in its Complaint that it brought this action to "secure remedies for … a class of aggrieved Black, American Indian/Alaska Native, and multiracial job applicants." Complaint (Dkt. No. 1), ¶¶ Nature of Action, 14-15, 31, 36, 41, 44, Prayer for Relief; EEOC's Mem. (Dkt. No. 26), p. 10 ("EEOC is currently aware of over 1,000 aggrieved persons who reside in the District of Columbia and 30 states, including Maryland.").

      In sum, the relevant authority does not support the EEOC's assertion that its choice of

venue is entitled to substantial weight. It is entitled only to minimal deference. Defs. Mem. (Dkt. No. 15), pp. 8-9.

### C.    The convenience of the witnesses favors transfer to the Western District of Pennsylvania.

The EEOC argues that the "most important witnesses on liability issues" will be the parties' experts and applicants subject to Defendants' criminal history screening process. EEOC Mem. (Dkt. No. 26), p. 15. The EEOC has identified no witnesses either within the District of Maryland or elsewhere. The EEOC speculates on what expert testimony may be appropriate and then says that these witnesses may find Baltimore a more convenient location and that "it seems reasonable to assume" that the same would be true for Defendants' expert witnesses. As to job applicant witnesses, the EEOC says discovery will be needed to identify them from among persons scattered across six states, but they too may find Baltimore a "far more accessible and convenient venue than Johnstown, PA." *Id*. at pp. 13-18.

First, speculation that witnesses might potentially find Baltimore more convenient than Johnstown should not be considered. *See Essex Crane Rental Corp. v. Vic Kirsch Constr. Co*., 486 F.Supp. 529 (S.D.N.Y.1980) (quoting *Hostetler v. Baltimore & Ohio R. Co*., 164 F.Supp. 72, 74 (W.D. Pa.1958) ("[a]llegations of hardship 'unsupported by particulars by way of proof or affidavit cannot be accorded much weight in balancing conveniences'")).

Second, as to expert witnesses, their convenience on motions to transfer venue carries little weight. *See In re Ralston Purina Co*., 726 F.2d 1002, 1006 n.6 (4th Cir. 1984) ("The convenience of plaintiffs' paid expert witnesses is of little moment."); *Kastanidis v. Commonwealth of Pennsylvania,* 2016 WL 3459536, at *2 (E.D. Pa. 2016) (convenience of experts is of little importance, as they are hired for expertise, not based on their residence); *In re McDermott Intern., Inc. Securities Litigation*, 2009 WL 1010039, *4 (S.D. N.Y. 2009) ("[e]xpert witnesses are

generally excluded from the analysis of the convenience of the witnesses"). Experts are paid participants in litigation, so any inconvenience in a potentially longer commute would be offset by the fact that the expert could refuse to take a case in a location too inconvenient or demand additional compensation. *One Beacon Ins. Co. v. JNB Storage Trailer Rental Corp.*, 312 F. Supp. 2d 824, 831 (E.D. Va. 2004) (convenience of expert witnesses is less important because they can be compensated for their troubles). Also for this reason, the EEOC's effort to distinguish *EEOC v. FedEx Ground Package Sys. Inc.*, No. WMN-14-3081, 2015 WL 790500 (D. Md. Feb. 24, 2015), as less expert intensive is unavailing. *See* EEOC Mem. (Dkt, No. 26), n.5. The analysis of the 28 U.S.C. § 1404(a) factors in *FedEx Ground* bears directly on this case.

Third, concerning the assertion that purportedly aggrieved parties will be the other group of "most important" witnesses, Pennsylvania likely will house a significantly larger number of such individuals than Maryland. Operations in Maryland are a small fraction of Defendants' overall operations and also of operations in Pennsylvania. Given the small number of Defendants' facilities in Maryland, most of the purportedly aggrieved parties likely will live outside the District of Maryland and many will be in Pennsylvania, where most of Defendants' facilities are located.

The EEOC emphasizes the importance of non-party witnesses, but the convenience of party witnesses also is a consideration, particularly in a case like this where no non-party witnesses have been identified, and the only individuals identified as potential witnesses with knowledge of the policies at issue are Defendants' employees in Pennsylvania. *USA Interactive v. Savannah Air Ctr., LLC*, No. 02 CIV. 3659 (LLS), 2002 WL 1808236, at *2 (S.D.N.Y. Aug. 7, 2002) (convenience of witnesses factor favored transfer where defendant's employees who had the most material knowledge of basis of plaintiff's claim were in transferee district). If the EEOC establishes a significant statistical disparity, Defendants' burden will be to establish that its practices regarding

criminal history information were job-related and consistent with business necessity. Defendants' witnesses with knowledge on this point are in Blair County, Pennsylvania. The convenience of the witnesses favors transfer.

### D. The convenience of the parties favors transfer to the Western District of Pennsylvania.

The EEOC argues that the convenience of the parties factor favors transfer, asserting that Baltimore is a more convenient location for its experts and job applicant witnesses. EEOC Mem. (Dkt. No. 26), pp. 20-21. However, experts and job applicants are not parties. Additionally, as set forth above, the convenience of these groups is not relevant to whether transfer is appropriate.

The EEOC's argument that Baltimore is more convenient for its attorneys and necessary for its attorneys to remain in Baltimore for unidentified "mission critical enforcement duties[,]" is likewise irrelevant. *See* EEOC Mem. (Dkt. No. 26), p. 22. As set forth in Defendants' memorandum in support of its motion to transfer, convenience of counsel is not a relevant factor, and the status of counsel for the EEOC as employees of the EEOC does not alter the outcome. Defs. Mem. (Dkt. No. 15), p. 12. Moreover, since one of the EEOC's attorneys of record is in the Western District of Pennsylvania, travel will be required for at least one of its counsel for certain proceedings, regardless of venue.

### E. The interest of justice favors transfer to the Western District of Pennsylvania.

The EEOC argues that the District of Maryland is the more expeditious venue, which disfavors transfer. However, congestion, and not just expediency, is relevant to the weight of the interest of justice factor. As set forth in Defendants' initial memorandum (Dkt. No. 15, p. 13[4]), the

---

[4] Defendants' statistics referenced in its opening brief are located on the www.USCourts.gov website at Table X-1A (U.S. District Courts—Weighted and Unweighted Filings per Authorized Judgeship—During the 12-Month Periods Ending December 31, 2022 and 2023), https://www.uscourts.gov/file/78309/download.

District of Maryland has a more congested docket. *See Gomez v. Kroll Factual Data, Inc.,* Civ. No. 12–2773, 2013 WL 639042, at *5 (D. Md. Mar. 12, 2013) (factor favored transfer where the UScourts.gov statistics indicated that the District of Maryland was more congested than the transferee district).

## **CONCLUSION**

For the reasons set forth above and in Defendants' initial brief (Dkt. No. 15), Defendants respectfully request that this Court grant their motion and transfer this action to the U.S. District Court for the Western District of Pennsylvania.

Dated:  July 10, 2024                    Respectfully submitted,

LITTLER MENDELSON, P.C.

*/s/ Steven E. Kaplan*

Steven E. Kaplan (Md. Fed. Bar No. 16531)
skaplan@littler.com
815 Connecticut Avenue, NW, Suite 400
Washington, DC 20006-4046
Tel: 202.842.3400
Fax: 202.842.0011

Robert W. Cameron (PA Bar No. 69059)*
bcameron@littler.com
Katelyn W. McCombs (PA Bar No. 323746)*
kmccombs@littler.com
625 Liberty Avenue
26th Floor
Pittsburgh, PA  15222
Tel: 412.201.7600
Fax: 412.774.1948

*Counsel for Defendants*

* Admitted Pro Hac Vice

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of July 2024, the foregoing Reply Memorandum in support of Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) was filed using the USDC District of Maryland's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record.

Debra M. Lawrence, Esq.
EEOC - Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
debra.lawrence@eeoc.gov

Ronald L. Phillips, Esq.
EEOC - Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
ronald.phillips@eeoc.gov

Gregory A. Murray, Esq.
EEOC - Pittsburgh Area Office
William S. Moorhead Federal Building
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
gregory.murray@eeoc.gov

Jenny Xia, Esq.
EEOC - Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
jenny.xia@eeoc.gov

/s/ *Steven E. Kaplan*
Steven E. Kaplan