**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

SHEETZ, INC., SHEETZ DISTRIBUTION SERVICES, LLC, and CLI TRANSPORT, LP,

Defendants.

Case No. 1:24-cv-01123-JKB
Judge Julie R. Rubin

**REPLY BRIEF TO PLAINTIFF EEOC'S OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendants' Partial Motion to Dismiss for Failure to State a Claim ("Partial Motion to Dismiss") argued that Section 706(e)(1) of Title VII precludes the EEOC from seeking relief for allegedly aggrieved individuals whose race discrimination claims arose more than 300 days before the Whethers Charge of race discrimination – i.e., before May 13, 2017. The EEOC argues in opposition that the temporal scope of remedies for race discrimination claims may be based on the Gorsuch Charge, which alleged *only gender discrimination*, because while investigating the Gorsuch Charge the EEOC found race discrimination and included race discrimination in its Determination on the Gorsuch Charge. The EEOC's argument should be rejected as contrary to Title VII's requirement that the temporal scope of relief be tethered to a charge.

## ARGUMENT

### A. Title VII Lawsuits Must Be Anchored to a Charge of Discrimination

Under Title VII, all EEOC actions "begin[] with the filing of a charge with the EEOC," and a valid charge is a "jurisdictional prerequisite" to EEOC authority. *EEOC v. Shell Oil*, 466

U.S. 54, 62, 65 (1984). Nothing in the EEOC's regulations authorizes it to act under Title VII in the absence of a timely filed charge. *See generally* 29 C.F.R. § 1600. A charge triggering the administrative process can be filed by an aggrieved individual or in certain circumstances by one of the EEOC's five Commissioners "on his own initiative." *Shell Oil*, 466 U.S. at 62 (citing 42 U.S.C. § 2000e-6(e)).

A valid charge begins what the Supreme Court has called "an integrated, multistep enforcement procedure culminating in the EEOC's authority to bring a civil action in a federal court." *Shell Oil*, 466 U.S. at 62; *Occidental Life Ins. Co. of Cal. v. EEOC*, 432 U.S. 355, 359 (1977). The "steps of [this] integrated procedure" after a charge is filed include: (1) notice to the employer of the charge, (2) an investigation, (3) a determination of "reasonable cause," and the use of informal methods of "conference, conciliation, and persuasion" to resolve the matter, and (4) where these methods prove ineffectual, the bringing of a lawsuit should the EEOC decide to do so. *Shell Oil*, 466 U.S. at 63-64; *EEOC v. Am. Nat'l. Bank*, 652 F.2d 1176, 1185 (4th Cir. 1981).

The notice to the employer requirement is not of an open-ended investigation, but of *the charge* grounding the EEOC's authority to investigate and ultimately litigate a matter. Absent a charge, the EEOC lacks the power to investigate or litigate. *See Shell Oil*, 466 U.S. at 62-64; *Occidental Life*, 432 U.S. at 359-60.

**B.     Section 706(e)(1) of Title VII Limits the Class of Individuals for Whom the EEOC can Seek Relief**

The EEOC's argument is that "it is legally immaterial that the Gorsuch charge does not allege race discrimination because EEOC's litigation authority under Title VII is not limited to claims set forth in the administrative charge that triggered EEOC's investigation." Since EEOC "uncovered" race discrimination while investigating the Gorsuch Charge and "included race discrimination claims in its reasonable cause determination . . . the filing date of the Gorsuch

charge supplies the benchmark for calculating the 300-day charge-filing period in this case." EEOC Opposition (Dkt. No. 29), p. 2. The EEOC asserts that it "may prosecute its race discrimination claims in this case because they arose during the EEOC's investigation of the Gorsuch charge, the earlier filed of the two charges." *Id.* p. 7.[1] In support, the EEOC cites multiple cases, including from the Fourth Circuit, supporting that it may litigate types of discrimination not alleged on the face of the charge triggering the investigation. *See* EEOC's Opposition (Dkt. No. 29), pp. 7-13, citing *EEOC v. Chesapeake & O. Ry. Co.*, 577 F.2d 229, 232 (4th Cir 1979); *EEOC v. General Electric Co.*, 532 F.2d 359, 368-70 (4th Cir. 1976); *EEOC v. Am. Nat. Bank*, 652 F.2d 1176,1186 (4th Cir. 1981).

The EEOC misses the point. In their Partial Motion to Dismiss, Defendants do not challenge the EEOC's "litigation authority" to prosecute varying claims. Rather, Defendants challenge the temporal scope of the class of individuals for whom the EEOC can seek relief, based on the section of Title VII under which the EEOC brought this case.

The EEOC filed this action pursuant to Section 706(f)(1) and (3) of Title VII. 42 U.S.C. § 2000e-f(1) and (3). Complaint (Dkt. No. 1), ¶ 1. Section 706(e)(1), concerning the "Time for filing charges," reads as follows:

> (1) A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a

[1] The EEOC also states that Defendants do not dispute the allegations in the Complaint that the EEOC investigated race discrimination claims pursuant to the Gorsuch Charge and included those claims in its Determination on that Charge, "satisfying EEOC's conditions precedent" and establishing that the Gorsuch Charge "is the proper measure of the 300-day charge-filing period …." EEOC Opposition (Dkt. No. 29), p. 6. First, the EEOC's Complaint includes no allegation that the agency investigated race discrimination claims in connection with the Gorsuch Charge. Second, since Defendants have not filed a responsive pleading, the opportunity to dispute allegations in the Complaint has not even arisen. These statements by the EEOC should be ignored.

> State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

42 U.S.C. § 20003-5(e)(1)

The plain language of Section 706(e)(1) limits the class of individuals for whom the EEOC can seek relief to those individuals allegedly subjected to an unlawful employment practice during the 300 days before the operative charge. Here, the only race discrimination charge is the Whethers Charge, and it is therefore the operative charge. The EEOC's apparent position is that Section 706(e)(1) requires that the charge triggering the EEOC's investigation be timely filed, but once that occurs, Section 706(e)(1) does not limit the temporal scope of the class of individuals for whom it can seek relief. The EEOC thus contends that the class of individuals with race discrimination claims for whom it may seek relief is tied to the Gorsuch Charge, which included no allegation of race discrimination, on the basis that the EEOC found race discrimination while investigating that Charge and included race discrimination in its Determination on it.

That argument is contrary to the text of Section 706(e)(1), which precludes the EEOC from seeking relief for individuals not subjected to an unlawful employment practice during the 300 days before the filing of the operative charge. Only the Whethers Charge alleged race discrimination in violation of Title VII. The Gorsuch Charge, which alleged only gender discrimination, is *not* the operative charge. Nothing in Section 706(e)(1) authorizes the EEOC to seek relief for race discrimination claimants based on the date of filing of a gender discrimination charge on the ground that the EEOC found evidence of race discrimination while investigating the sex discrimination charge and included race discrimination in its determination on that charge.

The EEOC's entire argument conflates two distinct issues: (1) the authority to expand an investigation and litigate issues that were the subject of the expanded investigation; and (2) the temporal scope of the class of individuals for whom the EEOC can seek relief. The cases the EEOC cites are inapposite because they address the first issue. Defendants' Partial Motion to Dismiss addresses only the latter issue. The EEOC in its opposition cites not a single case supporting its articulated position that uncovering race discrimination while investigating a sex discrimination charge, and including race discrimination in its determination on that sex discrimination charge, converts the filing date of the sex discrimination charge into the date for calculating the 300-day period in which it may obtain relief for aggrieved individuals' race discrimination claims.

## CONCLUSION

The EEOC bases its lawsuit on two charges, only one of which—the Whethers Charge—contains allegations of race discrimination. Thus, the 300-day period temporal limit on relief for aggrieved individuals must be based on that Charge. This Court therefore should grant Defendants' Partial Motion to Dismiss and dismiss with prejudice claims brought on behalf of alleged aggrieved individuals which predate May 13, 2017.

Dated: July 12, 2024

Respectfully submitted,

LITTLER MENDELSON, P.C.

*/s/ Steven E. Kaplan*

Steven E. Kaplan (Md. Fed. Bar No. 16531)
skaplan@littler.com
815 Connecticut Avenue, NW, Suite 400
Washington, DC 20006-4046
Tel: 202.842.3400
Fax: 202.842.0011

Robert W. Cameron (PA Bar No. 69059)*
bcameron@littler.com
Katelyn W. McCombs (PA Bar No. 323746)*
kmccombs@littler.com
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
Tel: 412.201.7600
Fax: 412.774.1948
**Admitted Pro Hac Vice*

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of July 2024, the foregoing Reply Brief to Plaintiff EEOC's Opposition to Defendants' Partial Motion to Dismiss for Failure to State a Claim was filed using the USDC District of Maryland's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record.

Debra M. Lawrence, Esq.
EEOC - Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
debra.lawrence@eeoc.gov

Ronald L. Phillips, Esq.
EEOC - Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
ronald.phillips@eeoc.gov

Gregory A. Murray, Esq.
EEOC - Pittsburgh Area Office
William S. Moorhead Federal Building
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
gregory.murray@eeoc.gov

*/s/ Steven E. Kaplan*
Steven E. Kaplan