IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SHEETZ, INC., SHEETZ DISTRIBUTION SERVICES, LLC, and CLI TRANSPORT, LP,<br><br>　　　　　　　　　　Defendants. | Case No. 3:24-cv-00231<br>Judge Stephanie L. Haines<br><br>*Electronically Filed* |

### [PROPOSED] INITIAL SCHEDULING ORDER

**NOW**, this _____ day of _____ 2024, **IT IS HEREBY ORDERED** that the above-captioned civil action is placed under Rule 16.1 of the Local Rules of the United States District Court for the Western District of Pennsylvania for pretrial proceedings and all provisions of the Rule will be strictly enforced.

**IT IS FURTHER ORDERED** that counsel shall confer with their clients prior to the Post-Discovery Status Conference, or any other status conference, in order to obtain authority for the purpose of participating in settlement negotiations to be conducted by the Court. Counsel are encouraged to appear with their principals at all such conferences, or instruct the principals to be available by telephone to facilitate the amicable resolution of all litigation.

**IT IS FURTHER ORDERED** that compliance with the provisions of Local Rule 16.1 shall be completed as follows:

A. **<u>Initial Case Management Plan</u>**

1. The parties shall move to amend the pleadings or add new parties within 21 days of the filing of Defendants' Answer.

2. The parties shall make the required disclosures identified in Rule 26(a)(1) within 30 days after the filing of Defendants' Answer.

   The parties are reminded that under the rule, a party shall make its initial disclosures based on the information then reasonably available, and is not excused from making its disclosures because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.

3. Modifications of the times for, and extent of, any disclosures under Fed. R. Civ. P. 26(a) and 26(e)(1) shall be made by 120 days after the filing of Defendants' Answer.

4. The following limits on the scope of discovery shall apply:

   Given the nature and scope of this action, the parties believe that discovery should be undertaken in phases. The parties initially propose to conduct discovery on liability. Phase 1 of liability discovery will focus on disparate impact and identification of aggrieved individuals/class members. Phase 1 fact discovery shall be completed by July 31, 2025. A period of expert discovery regarding disparate impact shall follow Phase 1 fact discovery, to be completed by November 21, 2025. Phase 2 of liability discovery will focus on the defenses of defendants (e.g., job-relatedness and business necessity) and any rebuttal to such defenses (e.g., alternative employment practices). Phase 2 fact discovery shall be completed by

May 29, 2026. A period of expert discovery regarding defenses and rebuttal thereto shall follow Phase 2 fact discovery, to be completed by September 25, 2026.

After the liability phases of discovery and corresponding expert discovery are concluded, the parties may file dispositive motions on liability. If the action remains pending after dispositive motions, there will be a trial on liability and class-wide injunctive remedies.

Depending on the result of the liability phases (Phases 1 and 2) dispositive motions and trial, if the action is still active, the parties will proceed to conduct Phase 3 discovery, which will focus on class member-specific equitable remedies (e.g., back pay, front pay). Deadlines concerning Phase 3 will be determined by further order of the Court after completion of liability (Phases 1 and 2) discovery and fact-finding.

The parties agree that the Court should conduct a status conference shortly after the end-date for each phase of discovery and the corresponding expert discovery for that phase. Discovery for each phase shall not be served until the status conference for the prior phase has occurred.

The parties contemplate phased discovery as described in the response to section 5 below. In Phase 1, EEOC and the defendants shall each be entitled to a maximum of 20 depositions (plus any Rule 26(a)(2) expert witnesses), 25 interrogatories, 30 requests for production, and 30 requests for admission per side without leave of the Court. In Phase 2, EEOC and defendants shall each be entitled to a maximum of 20 depositions (plus EEOC class members and any Rule 26(a)(2) expert witnesses), 25 interrogatories, 30 requests for production, and 30 requests

for admission per side without leave of the Court. Limits on Phase 3 discovery and deadlines concerning Phase 3 will be determined by further order of the Court after completion of liability (Phases 1 and 2) discovery and fact-finding.

5. The parties shall complete discovery by phase.

Phase 1 will focus on disparate impact and identification of aggrieved individuals/ class members. Phase 1 fact discovery shall be completed by July 31, 2025. A period of expert discovery regarding disparate impact shall follow Phase 1 fact discovery, to be completed by November 21, 2025. Phase 2 of liability discovery will focus on the defenses of defendants (e.g., job-relatedness and business necessity) and plaintiff's rebuttal to such defenses (e.g., alternative employment practices). Phase 2 fact discovery shall be completed by May 29, 2026. A period of expert discovery regarding defenses and rebuttal thereto shall follow Phase 2 fact discovery, to be completed by September 25, 2026.

After the liability phases of discovery and corresponding expert discovery are concluded, the parties may file dispositive motions on liability. If the action remains pending after dispositive motions, there would then be a trial on liability and class-wide injunctive remedies.

Depending on the result of the liability phases (Phases 1 and 2), if the action is still active, the parties will proceed to conduct discovery on claimant-specific equitable remedies (Phase 3) (e.g., back pay, front pay). Deadlines concerning Phase 3 will be determined by further order of the Court after completion of liability (Phases 1 and 2) discovery and fact-finding. The parties agree that the Court should conduct a status conference shortly after the end-date for each phase of discovery

and the corresponding expert discovery for that phase. Discovery for each phase shall not be served until the status conference for the prior phase has occurred.

All interrogatories, notices of deposition, requests for admissions and requests for production shall be served within sufficient time to allow responses to be completed and filed prior to the close of discovery.

6. The parties shall complete all expert discovery by: Phase 1: November 21, 2025; Phase 2: September 25, 2026; Phase 3: to be determined by further order of the Court after completion of liability (Phases 1 and 2) discovery and fact-finding.

The parties shall make their disclosure of experts required by Rule 26(a)(2) by the following dates: Phase 1: Plaintiff's expert report disclosures – August 29, 2025, Defendants' expert report disclosures – September 29, 2025, Parties' rebuttal expert report disclosures – October 28, 2025; Phase 2: Defendants' expert report disclosures – June 29, 2026, Plaintiff's expert report disclosures – July 28, 2026, Parties' rebuttal expert report disclosures – August 26, 2026; Phase 3: to be determined by further order of the Court after completion of liability (Phases 1 and 2) discovery and fact-finding.

The depositions of all experts shall be completed by: Phase 1: November 21, 2025; Phase 2: September 25, 2026; Phase 3: to be determined by further order of the Court after completion of liability (Phases 1 and 2) discovery and fact-finding.

7. The parties shall designate this case for arbitration, mediation, appointment of a special master, or other special procedure, if appropriate, by: November 30, 2024.

8. A Post-Discovery Status Conference is scheduled for

_____.
**(Note: The Court will fill in this date after the IR 16 conference).**

The parties shall be prepared to discuss settlement. Seven days prior to the date of the Post Discovery Status Conference, counsel and unrepresented parties are jointly responsible for submitting to the Court a proposed Final Scheduling Order that includes: (1) dates by which dispositive motions should be filed and responded to; (2) dates by which the parties' pretrial statements should be filed; (3) dates by which motions *in limine* should be filed and responded to; (4) dates by which *Daubert* motions should be filed and responded to; (5) dates on which argument on *Daubert* motions and motions in limine shall be heard; (6) a date for the final pretrial conference; and (7) trial dates. *See* Judge Haines' Chamber Procedures.[1]

9. The parties shall file any dispositive motions that are appropriate prior to the close of discovery on or before:  Phase 1: June 30, 2025; Phase 2: April 29, 2026; Phase 3: a date to be determined at the post-Phase 2 discovery status conference.

The nonmoving party's response to any such motion is due on: Phase 1: July 31, 2025; Phase 2: May 29, 2026; Phase 3: a date to be determined at the post-Phase 2 discovery status conference.

Deadlines for dispositive motions that are only appropriate after the close of discovery will be set at the Post-Discovery Status Conference.  Failure to file a dispositive motion before the close of discovery will not act as a waiver of any right to file an appropriate motion after the close of discovery.

---

[1] https://www.pawd.uscourts.gov/content/stephanie-l-haines-district-judge

**B.**     **Motion Practice**

    **(1)**    **Motions Not Requiring Briefs**

No brief is required by either movant or respondent unless otherwise directed by the Court with respect to the following motions:

    **(a)**    For extension of time for the performance of an act required or allowed to be done;

    **(b)**    To continue a Post-Discovery Status Conference;

    **(c)**    To amend the pleadings;

    **(d)**    To file supplemental pleadings;

    **(e)**    For a substitution of parties; and

    **(f)**    To compel discovery.

Any of the above-motions not requiring briefs shall be accompanied by a proposed order stating the relief requested by said motion. All other motions and responses thereto, must be accompanied by a brief. The Clerk shall not accept for filing any motion, application, or objection requiring a brief, which is not accompanied by such brief, without permission of the Court. Briefs in support of a motion and briefs in opposition to a motion shall be limited to twenty-five (25) pages excluding tables.

**C.**     **Alternative Dispute Resolution (ADR)**

The parties are advised to comply with all ADR requirements pursuant to Local Rule of Civil Procedure 16.2. A representative of any insurance carrier which may be responsible, in whole or in part, for any portion of the claims alleged and who has full, unilateral settlement authority must attend any ADR proceeding in person if insurance proceeds could cover any portion of a settlement or verdict.

The parties will schedule a mediation following an initial exchange of information, and anticipate initiating the mediation by April 25, 2025.

**D.**     **Procedures Following Inadvertent or Other Disclosure ("Clawback")**

Pursuant to Local Rule LCvR 16.1(D), and to aid in the implementation of Fed. R. Evid. 502, the following is ordered in the event of an inadvertent disclosure of any privileged or trial preparation/attorney work product material:

a) The producing party shall promptly notify all receiving parties of the inadvertent production of any privileged or trial preparation material. Any receiving party who has reasonable cause to believe that it has received privileged or trial preparation material shall promptly notify the producing party.

b) Upon receiving notice of such inadvertent production, any receiving party shall immediately retrieve all copies of the inadvertently disclosed material and sequester such material pending a resolution of the producing party's claim either by the Court or by agreement of the parties.

c) If the parties cannot agree as to the claim of privilege or protected status, the producing party shall move the Court for a resolution within 30 days of the notice set forth in subparagraph (a). Nothing herein shall be construed to prevent a receiving party from moving the court for a resolution, but such motion must be made within the 30-day period.

d) Pursuant to Fed. R. Evid. 502(d), no inadvertent disclosure connected to this litigation shall act as a waiver in any proceeding of any otherwise applicable privilege or protection unless so ordered by this Court.

e) The parties anticipate filing a protective order and clawback agreement to provide additional procedures and protections for inadvertently produced privileged or trial preparation materials and disclosures of documents and information.

E.       **Procedure Governing Discovery Disputes**

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." A matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." *See* Fed. R. Evid. 401. In determining whether discovery is proportional to the needs of the case, courts must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Furthermore, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." *Id.* Although the right to discovery under the Federal Rules is broad, "this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999) (citation omitted). The scope of discovery once included information that was "reasonably calculated" to lead to the discovery of admissible evidence, but Rule 26—by virtue of amendments which became effective December 1, 2015—no longer includes this language.

In the event a dispute arises over a discovery request, all counsel are required to confer in good faith in an effort to resolve the issue without court intervention. It shall be the obligation of the attorney for the party seeking court intervention to initiate such conferences and to do so

promptly.  Refusal to confer in good faith may subject counsel to sanctions, such as the imposition of costs, including the attorneys' fees of opposing counsel, under Fed. R. Civ. P. 37(a)(5).

In the event, however, that the parties to this action are unable to informally resolve a discovery dispute and court intervention is sought, the parties are to contact Chambers to schedule a telephonic conference to discuss the discovery dispute. No discovery related motions are to be filed until after the conference.

                                        **BY THE COURT:**

                                        _____

                                        **STEPHANIE L. HAINES**
                                        **UNITED STATES DISTRICT JUDGE**

**cc:**     **All counsel of record**