IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, <br><br>       Plaintiff, <br><br>       v. <br><br> **SHEETZ, INC.; SHEETZ DISTRIBUTION SERVICES, LLC; and CLI TRANSPORT, LP**, <br><br>       Defendants. | Civil Action No. 3:24-cv-00231-SLH <br><br> Hon. Stephanie L. Haines |

**JOINT MEMORANDUM IN SUPPORT OF JOINT MOTION
TO CONDUCT PHASED TRIAL AND DISCOVERY**

Pursuant to Federal Rule of Civil Procedure 42(b), Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC"), Defendant Sheetz, Inc.; Defendant Sheetz Distribution Services, LLC; and Defendant CLI Transport, LP (collectively, "Defendants") (collectively with EEOC, "the Parties"), by and through their undersigned counsel, jointly move the Court to conduct phased trial and discovery in this action and to set a schedule in accordance with the attached proposed scheduling order. For the following reasons, the Parties respectfully request that the Court grant their motion.

**PROCEDURAL HISTORY AND NATURE OF THE ACTION**

The present action involves company-wide hiring-discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended. Specifically, EEOC has pleaded claims that since at least August 10, 2015, and continuing to the present, Defendants have failed to hire a class of Black, American Indian/Alaska Native, and multiracial job applicants because of information about their criminal justice histories, including but not limited to convictions, and that such

employment practice causes unlawful disparate impact because of race. ECF No. 1 ¶¶ 32, 37, 42. In its complaint, EEOC seeks back pay, front pay, and Court-ordered instatement for each member of the class of job applicants, as well as class-wide injunctive remedies. Defendants have filed a Rule 12(b)(6) partial motion to dismiss the portion of EEOC's claims arising before May 13, 2017, and that motion remains pending. Accordingly, Defendants have not yet filed an answer to EEOC's complaint.

Based on information currently available to EEOC, the agency has identified more than 1,000 Black, American Indian/Alaska Native, and multiracial persons who were affected by the challenged employment practice and are the subject of EEOC's class claims, and the number of such persons has the potential to exceed 2,000 after some initial discovery. Based on the experience of their counsel litigating cases of comparable scale, the Parties anticipate that this case will necessitate highly extensive fact and expert discovery in order for both sides to have an adequate opportunity to present their claims and defenses at trial. That discovery will include voluminous data and other documents that must be produced and then analyzed; complex scientific testimony from multiple witnesses; and potentially hundreds of witness depositions on liability and/or remedial issues, including numerous non-party depositions. Addressing all those liability and remedial issues in this case simultaneously—both discovery and potentially lengthy factfinding by the Court—will be inefficient and burdensome, and will result in unwarranted delay of adjudication of the core liability questions. Those problems can be readily avoided through a scheduling order that enables the Parties and the Court to conduct this extensive discovery and factfinding in a logical sequence, separating liability issues and remedial issues into phases. The nature of the factual and legal questions presented by this case lend themselves to such a phased case structure,

which will greatly promote party and judicial economy, expedite disposition of liability questions, and promote the interests of justice.

## DISCUSSION

Federal Rule of Civil Procedure 42(b) provides, in relevant part: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." *Id.*[1] "[O]nly one of these factors must be met to justify bifurcation." *A.G. Cullen Const., Inc. v. Travelers Cas. & Sur. Co. of Am.*, No. 07-cv-0765, 2009 WL 3634084, at *1 (W.D. Pa. Oct. 30, 2009); *see also, e.g., Saltz v. City of Frederick, MD*, 538 F. Supp. 3d 510, 561 (D. Md. 2021) (quoting *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996)) ("Notably, Rule 42(b) is disjunctive, meaning '[o]nly one of these criteria need be met to justify bifurcation.'"). "The major consideration, of course, must be which procedure is more likely to result in a just and expeditious final disposition of the litigation." 9A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 2388 (3d ed. 2024). District courts have "broad discretion" in deciding whether to order separate trials. *See A.G. Cullen Const.*, 2009 WL 3634084, at *1.

### I. Summary of the Parties' Proposed Case Structure and Scheduling Order

Considering the legal framework that applies to the disparate-impact claims and defenses in this case, *see, e.g.*, 42 U.S.C. § 2000e-2(k)(1)(A)(i)–(ii); the resulting fact- and opinion-evidence discovery that will be required; and the need for logical, efficient case management, the present litigation warrants conducting discovery and factfinding in separate stages. Those phased

---

[1] Rule 42(b)'s directive to preserve jury trial rights is not relevant to this motion, as this is a disparate-impact liability case. *See* 42 U.S.C. § 1981a(a) & (c).

proceedings, described in greater detail in the attached proposed initial scheduling order, will be referred to as "Phase 1," "Phase 2," and "Phase 3."

Stated generally, proposed Phase 1 will consist of discovery regarding EEOC's prima facie case that Defendants used an employment practice that caused disparate impact because of race, as well as EEOC-class member-identification discovery to enable prompt commencement of the next phase, which will include discovery regarding those class members.

Proposed Phase 2 will consist of discovery regarding Defendants' affirmative defense that their use of the challenged employment practice was job-related for the positions in question and consistent with business necessity, EEOC's rebuttal showing of the existence of one or more alternative employment practices that would cause less disparate impact that Defendants did not adopt, and the issue of class-wide injunctive remedies.

After the Parties' completion of Phase 2 discovery, the Court will conduct factfinding concerning all the aforementioned liability issues and determine any appropriate class-wide injunctive remedies.

Upon a finding of Title VII liability, the case would then proceed to Phase 3, which will consist entirely of remedial discovery and factfinding regarding class member-specific remedies such as back pay and front pay. Phase 3 will only be necessary if there is a finding of Defendants' Title VII liability after Phase 2 factfinding on the prima facie case, the affirmative defense, and alternative employment practices.

This motion proposes deadlines for Phase 1 and Phase 2 proceedings calculated to ensure adequate opportunity for discovery given the complexity of the issues in this case and consequent volume of discovery required. In the interest of efficiency, and in recognition of the fact that the scope of necessary remedial discovery is contingent on the scope of the Court's findings on

liability, the Parties propose that the Court's scheduling concerning Phase 3 be deferred until after completion of Phase 2 adjudication.

In this case, all the factors set forth in Rule 42(b), as well as the interests of justice, warrant phased trial and discovery in this action. Simply put, EEOC's claims and Defendants' defenses in this case involve an asserted class of potentially several thousand job applicants and scores of other witnesses to be deposed, highly voluminous electronically stored information and hardcopy documents, and costly discovery involving multiple expert witnesses. Phasing trial and discovery into the three phases set forth in the Parties' proposed scheduling order will provide logical opportunities for expedition of the litigation; economies of judicial and party resources; and more streamlined, more convenient, and less expensive management of this action.

## II. The Parties' Proposed Case Structure and Scheduling Order Promote Expedition of the Litigation and Economy of Party and Judicial Resources.

First and foremost, phased trial and discovery proceedings will promote expeditious resolution of the present litigation while conserving judicial and party resources. EEOC has brought Title VII disparate-impact claims in this case. *See* ECF No. 1 ¶¶ 30–43. The Supreme Court has succinctly described the burden-shifting framework applicable to disparate-impact claims under § 703(k) of Title VII:

> Under the disparate-impact statute, a plaintiff establishes a prima facie violation by showing that an employer uses "a particular employment practice that causes a disparate impact on the basis of race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(k)(1)(A)(i). An employer may defend against liability by demonstrating that the practice is "job related for the position in question and consistent with business necessity." *Ibid.* Even if the employer meets that burden, however, a plaintiff may still succeed by showing that the employer refuses to adopt an available alternative employment practice that has less disparate impact and serves the employer's legitimate needs. §§ 2000e-2(k)(1)(A)(ii) and (C).

*Ricci v. DeStefano*, 557 U.S. 557, 578 (2009); *see also* 42 U.S.C. § 2000e-2(k)(1)(A)(i)–(ii) (same). If Title VII liability is found under this burden-shifting framework, then factfinding will

be required regarding each class members' equitable remedies, such as back pay and front pay. *See* 42 U.S.C. § 2000e-5(g)(1).

It follows that factfinding on individualized remedies for each class member, and the extensive discovery and other trial preparation required for such factfinding, is unnecessary unless disparate-impact liability is established. Moreover, findings of class-wide liability in bifurcated employment discrimination cases such as this one often produce settlement, obviating the need for expensive, time-consuming remedial proceedings. As stated in *The Manual for Complex Litigation* (4th ed. 2004), "Severance may permit trial of an issue early in the litigation, which can affect settlement negotiations as well as the scope of discovery." *Id.* § 11.632; *see also EEOC v. PMT Corp.*, 124 F. Supp. 3d 904, 915 (D. Minn. 2015) (noting that "should the EEOC prove that [defendant] engaged in a pattern or practice of discrimination as pleaded in the Complaint, such a finding increases the chances of settlement"); *United States v. City of New York*, No. 07-cv-2067, 2007 WL 2581911, at *2 (E.D.N.Y. Sept. 5, 2007) (noting that "when the United States obtains a liability judgment in a case of this nature, the parties frequently settle the relief Phase issues"); *Meacham v. Knolls Atomic Power Lab'y*, No. 97-cv-0012, 2000 WL 1373667, at *2 (N.D.N.Y. Feb. 28, 2000) (noting in age-discrimination case that "the jury's precise findings as to liability may generate settlement of some or all of plaintiffs' claims and thereby save the additional time and expense of a trial on those issues").

For these reasons and others, the federal courts consistently order phased case structures, including bifurcation of liability and individual remedies in Title VII pattern-or-practice litigation under the analogous *Teamsters* burden-shifting framework. *E.g.*, *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 361 (1977) ("When the Government seeks individual relief for the victims of the discriminatory practice, a district court must usually conduct additional proceedings after

the liability Phase of the trial to determine the scope of individual relief."); *Dillon v. Coles*, 746 F.2d 998, 1004 (3d Cir. 1984) (while an individual case, discussing and endorsing *Teamsters*-type bifurcation in Title VII class cases); *Serrano v. Cintas Corp.*, 699 F.3d 884, 893 (6th Cir. 2012) (holding in Title VII action brought by EEOC and private plaintiff that "the *Teamsters* framework contemplates a bifurcation of proceedings that the *McDonnell Douglas* framework does not"); *Berger v. Iron Workers Reinforced Rodmen, Loc. 201*, 170 F.3d 1111, 1124 (D.C. Cir. 1999) ("Class action lawsuits brought under Title VII are typically bifurcated into two phases, a liability Phase and a damages Phase . . . ."); *Hill v. W. Elec. Co.*, 672 F.2d 381, 387 (4th Cir. 1982) ("Bifurcation of Title VII class action proceedings for hearings on liability and damages is now commonplace . . . ."); *see also* Wright & Miller, *supra*, § 2390 ("The separation of issues of liability from those relating to damages is an obvious use for Federal Rule 42(b).").

The same logic applies in this action. Adjudication of EEOC class members' individual remedies in this action will require considerable judicial and party resources—resources that need only be expended if Title VII liability has been established. The federal courts have consistently held, as a general matter, that separate trials are warranted in cases in which resolution of a threshold issue could eliminate the need to litigate a second issue. *E.g.*, *In re Bayside Prison Litig.*, 157 F. App'x 545, 547–48 (3d Cir. 2005) (observing that "[a]ppellants are correct that bifurcation 'is *appropriate* [emphasis in original] where litigation of one issue . . . may eliminate the need to litigate a second issue'"); *Ductmate Indus., Inc. v. Famous Distribution, Inc.*, No. 12-cv-1440, 2014 WL 4104810, at *8 (W.D. Pa. Aug. 19, 2014) ("[B]ifurcation may eliminate the need for a trial on inequitable conduct. If a jury finds that Defendants' technologies do not infringe any of Plaintiff's patents, this would obviate the need for any bench trial on inequitable conduct."); *Zettle v. Am. Nat'l Prop. & Cas., Co.*, No. 3:10-cv-0307, 2011 WL 13130887, at *1 (W.D. Pa. Nov. 18,

2011) ("Bifurcation may be appropriate where litigation of one issue may eliminate the need to litigate a second issue."); *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 316 (2d Cir. 1999) ("[B]ifurcation may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue . . . .").

Phased discovery is a logical corollary of separate trials on liability and remedies, as it produces the bulk of time and litigation cost savings. *See, e.g.*, *Bandai Am. Inc. v. Bally Midway Mfg. Co.*, 775 F.2d 70, 74 (3d Cir. 1985) (affirming district court's "bifurcation order that the fraud issue would be disposed of first, and that discovery would be limited, initially, to the fraud issue"); *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, No. 12-cv-2132, 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014) ("[T]he broad discretion afforded courts in handling discovery disputes extends to decisions over bifurcating discovery."); *Weiss v. First Unum Life Ins. Co.*, No. 02-cv-4249, 2008 WL 755958, at *1 (D.N.J. Mar. 19, 2008) (bifurcating discovery in action asserting RICO claims, "finding that bifurcating discovery to focus first solely on the [predicate] issue . . . (an issue which could prove to be dispositive) will promote judicial economy and may limit potentially unnecessary and exorbitant discovery costs"); *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970) ("One of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues."); *Bost v. Wexford Health Sources, Inc.*, No. 15-cv-3278, 2017 WL 1862486, at *13 (D. Md. May 8, 2017) (granting motion to bifurcate proceedings and finding that bifurcated discovery would "avoid[] the delay inherent in the discovery that would be required for the [bifurcated claim]" and "could lead to a reduction of costs"); *see generally* Wright & Miller, *supra*, § 2387 & n.8 ("The separate trial rule has an obvious relation to the discovery rules, since if a possibly dispositive issue is to be tried separately, the district court, although it need not, may

limit discovery to that issue until after its resolution."). Again, as with phased trials, the same logic applies to phased discovery. Omnibus discovery of all disputed liability and damages issues in a single discovery period would be highly time and resource intensive, and would delay adjudication of liability issues that could be dispositive and moot any damages discovery. Phased discovery will allow the parties and the Court to focus on liability issues and will conserve significant time, effort, and monetary and other resources of the parties, the Court, and nonparty witnesses.

Importantly, the potential economies from phased discovery in this case are substantial given the applicable legal framework and the large number of job applicants at issue. Phasing discovery between Phase 2 and Phase 3 as set forth in the Parties' proposed scheduling order—which defers damages discovery until EEOC has proven Defendants' Title VII liability—will limit potentially massive expenditures of time, money, and other resources until such discovery is necessary.

In that regard, the Parties also note their mutual commitment to make best efforts in early alternative dispute resolution ("ADR") to seek resolution of this matter without extensive, contested litigation. The proposed issue-based phased structuring for both discovery and factfinding, and the corresponding deadlines therein, will enable the Parties to make substantial progress in formal discovery and have sufficient time for informal exchange of information to lay the groundwork for meaningful early mediation (which will likely involve multiple sessions). At the same time, if that early ADR yields a settlement, the proposed structure would enable the Parties to avoid significant costs that would have been incurred had they proceeded with unstructured, omnibus discovery.

### III. The Parties' Proposed Case Structure and Scheduling Order Promote Convenience of the Court and the Parties.

The considerations of convenience favoring phased trial and discovery logically overlap to some degree with the considerations of expedition and economy discussed above. *See, e.g., Molinaro v. Watkins-Johnson CEI Div.*, 60 F.R.D. 410, 413 (D. Md. 1973) ("One situation is especially conducive to economy of time and money and to convenience, and that is where a single issue may be dispositive of the case and resolution of it might make a trial on the other issues unnecessary."). This is to be expected. When compared to the amounts of time, effort, and monetary and other resources necessary to litigate all disputed factual and legal issues in this action in one trial—including class member-specific remedies—discrete, issue-focused proceedings are more manageable and more convenient for the parties and the Court.

### IV. The Parties' Proposed Case Structure and Scheduling Order Promote Expeditious Adjudication of the Case.

When district courts have considered motions to order separate trials under Rule 42(b), the question of avoidance of prejudice has typically arisen when the admission of evidence on one issue has risked prejudicing a party in jurors' minds on another issue for which the same evidence was not admissible. *See generally* Wright & Miller, *supra*, § 2388 & n.12 (citing cases). That concern is not present in this non-jury case.

However, expedition of proceedings is always a salient consideration regardless of the factfinder's identity, and here, that factor also favors the phased case structure proposed. As discussed above, omnibus discovery and trial of all disputed factual and legal issues in this case in a single proceeding would be highly time and resource intensive; and moreover, under such a case structure, discovery and trial of class member-specific remedies is unnecessary unless Title VII liability is established and potentially mooted by settlement if such liability is found. *See supra* at

5–6. Phasing discovery and trial to permit early disposition of the Title VII liability question would focus the parties' and the Court's efforts on speedier disposition of a threshold issue.

## CONCLUSION

Attached to this motion and this memorandum is a proposed initial scheduling order, which provides for phased trial and discovery in this action across three separate phases identified as "Phase 1," "Phase 2," and "Phase 3." The proposed initial scheduling order sets forth deadlines for trial and discovery in Phase 1 and Phase 2 only. Because the schedule regarding Phase 3 will largely consist of written discovery and depositions of EEOC class members, and because the schedule regarding Phase 1 and Phase 2 may be altered before their final disposition, the Parties recommend that the schedule regarding Phase 3 trial and discovery not be set until after the Phase 2 trial has been concluded.

For the reasons set forth above, the Parties respectfully request that the Court grant their Joint Motion to Conduct Phased Trial and Discovery.

Respectfully submitted,

/s/ Ronald L. Phillips
Ronald L. Phillips
Assistant Regional Attorney
OH Bar No. 0070263
EEOC - Baltimore Field Office
GH Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Phone: 410-801-6714
Fax: 410-962-4270
Email: ronald.phillips@eeoc.gov

/s/ Gregory A. Murray
Gregory A. Murray
Senior Trial Attorney
PA Bar No. 316144
EEOC - Pittsburgh Area Office
William S. Moorhead Federal Building

/s/ Katelyn W. McCombs
Robert W. Cameron (PA Bar No. 69059)
bcameron@littler.com
Terrence H. Murphy (PA Bar No. 36356)
tmurphy@littler.com
Katelyn W. McCombs (PA Bar No. 323746)
kmccombs@littler.com
LITTLER MENDELSON, P.C.
One PPG Place, Suite 2400
Pittsburgh, PA  15222
Tel: 412.201.7635 / 7621 / 7641
Fax: 412.774.1948

*Counsel for Defendants*

1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Phone: (412) 588-6907
Fax: (412) 395-5749
email: gregory.murray@eeoc.gov

*Counsel for Plaintiff U.S. Equal Employment Opportunity Commission*