IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>  vs.<br><br>SHEETZ, INC., *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 3:24-231<br>) Judge Stephanie L. Haines<br>)<br>)<br>) |

**MEMORANDUM OPINION**

The U.S. Equal Employment Opportunity Commission ("EEOC") filed its Complaint in Civil Action (ECF No. 1) on April 17, 2024, alleging that Defendants Sheetz, Inc., Sheetz Distribution Services, LLC, and CLI Transport, LP (collectively "Defendants") engaged in unlawful employment practices discriminatory against Black, American Indian/Alaska Native, and multiracial job applicants. EEOC states that at least since August 10, 2015, and continuing to the present, Defendants have required job applicants to reveal information about their criminal background, including, but not limited to, convictions, that resulted in certain applicants being denied employment. This practice caused an inequitable number of Black, American Indian/Alaska Native, and multiracial job applicants to be denied employment with Defendants.

On June 14, 2024, Defendants filed a Partial Motion to Dismiss (ECF No. 18) with supporting Brief (ECF No. 19); the Brief was later amended (ECF No. 45). The Partial Motion to Dismiss alleges that all claims before May 13, 2017, must be dismissed because they are barred by the 300-day charge-filing period under Section 706(e)(1) of Title VII of the Civil Rights Act,

42 U.S.C. § 2000e-5(e)(1). EEOC filed an Amended Response (ECF No. 52) contesting this date restriction.[1] The Motion is ripe for disposition.

## I. Factual Background[2]

On or about June 6, 2016, Joseph Gorsuch filed a Notice of Charge of Discrimination with the EEOC alleging that he was the subject of sex discrimination in violation of Title VII of the Civil Rights Act of 1964. ECF No. 19-1 (Appendix A); ECF No. 45, pp. 1-2. He states, "I believe the Respondent discriminated against me because of my gender, male…. I was offered direct employment with Respondent. The job offer was rescinded based on Respondent['s] policy of not hiring anyone who has a felony conviction in their past. Respondent's policy has a disparate impact on male applicants." ECF No. 19-1, p. 4.

On or about March 9, 2018, a charge of discrimination was filed with the EEOC by Rachael Whethers alleging that she was not extended an offer of employment with Defendants "'based on information contained in a recently obtained consumer report,'; i.e., criminal background check." ECF No. 19-2, ¶ 6 (Appendix B); ECF No. 45, pp. 2-3. She states, "I believe Respondent's decision not to hire me, and its policy against hiring individuals with certain convictions, has a disparate impact on African American individuals, …, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(k)." ECF No. 19-2, ¶ 8.

On May 18, 2022, EEOC issued to Defendants administrative determinations arising from the investigation of Mr. Gorsuch's notice of discrimination (Charge No. 530-2016-02176), ECF No. 1, ¶ 14, and determinations arising from the investigation of Ms. Whethers' notice of discrimination (Charge No. 533-2018-01081). ECF No. 1, ¶ 15. EEOC found reasonable cause

---

[1] Defendants filed a Reply (ECF No. 35) to the initial Response filed by Plaintiff (ECF No. 29). The Court has considered all pleadings in the writing of its Opinion.

[2] Unless otherwise noted, the facts included in this section are taken from the Complaint (ECF No. 1) and are uncontested.

to believe Defendants violated, and continue to violate, Title VII and invited Defendants to join in informal methods of conciliation to try to eliminate Defendants' discriminatory employment practices and provide appropriate relief. ECF No. 1, ¶ 14. The EEOC's findings included:

    a. Defendants Sheetz, Inc., Sheetz Distribution Services, LLC, and CLI Transport, LP, committed an ongoing practice in violation of Title VII with respect to a class of Black, American Indian/Alaska Native, and multiracial (i.e., persons identified as "two or more races") job applicants by denying them hire because of race through Defendants Sheetz, Inc.'s, Sheetz Distribution Services, LLC's, and CLI Transport, LP's use of criminal justice history information as a particular employment practice that has caused a disparate impact against a class of Black, American Indian/Alaska Native, and multiracial job applicants, regarding all positions companywide; and

    b. Defendants Sheetz, Inc., Sheetz Distribution Services, LLC, and CLI Transport, LP, committed a continuing, companywide practice in violation of Title VII with respect to a class of Black, American Indian/Alaska Native, and multiracial job applicants who did not pass Defendants Sheetz, Inc.'s, Sheetz Distribution Services, LLC's, and CLI Transport, LP's criminal justice history screening by failing to hire them for all positions because of race.

ECF No. 1, pp. 5-7, ¶¶ 14a, 14b, 15a, 15b. EEOC and Defendants failed to reach a conciliation agreement. ECF No. 1, ¶ 17.

The EEOC filed its civil suit with this Court. It's statement of claims asserts that since at least August 10, 2015, and continuing into the present, Defendants have engaged in unlawful employment practices and race discrimination using criminal justice history information as a basis for declining to hire job applicants for all positions in violation of Section 703(a)(1), (a)(2), and (k) of Title VII, 42 U.S.C. §2000e-2(a)(1), (a)(2), and (k). ECF No. 1, ¶ 20. As stated more fully below, Defendants seek to dismiss claims that predate May 13, 2017, because any claims prior to May 13, 2017, are only eligible using the filing date of Mr. Gorsuch's Charge of Discrimination, June 9, 2016. ECF No. 19-1. Defendants deem this date improper because Mr. Gorsuch only claimed gender discrimination on his charge of discrimination, not race discrimination, the action EEOC brings.

3

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the Court is not opining on whether the plaintiff will likely prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5 C. Wright & A. Miller, Federal Practice, and Procedure § 1216, pp. 235-236 (3d ed. 2004)); s*ee also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12(b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the Court must accept as true all well-pled factual allegations in the complaint and view them in a light most favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *See Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Emp. Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555. *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

When ruling on a motion to dismiss under Rule 12(b)(6), the court must generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). A court may take judicial notice of documents filed in other court proceedings because they are matters of public record. *See Liberty Int'l Underwriters Can. v. Scottsdale Ins. Co.*, 955 F. Supp. 2d 317, 325 (D.N.J. 2013).

**III.   Discussion**

Section 706(e)(1) of Title VII provides in relevant part "…[a] charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred…." 42 U.S.C. §2000e-5(e)(1). Based on this statute, one calculates a timeframe for claims 300 days before the charge of discrimination was filed. Mr. Gorsuch's claim for gender discrimination was filed on June 6, 2016, which amounts to the EEOC bringing claims dating back

to August 10, 2015.[3] On the other hand, Ms. Whethers' charge of discrimination based on race was filed on March 9, 2018, which only allows claims to be brought dating back to May 13, 2017. Thus, the issue at hand is discrete; whether the EEOC may bring race discrimination charges with a temporal span of dates calculated using the filing date from a charge of discrimination based on gender.

Defendants assert that the plain language of the statute is clear, and it precludes the EEOC from seeking relief for individuals who did not face an unlawful employment practice, in this case, race discrimination, during the 300 days before the triggering charge. ECF No. 45, p. 5. In other words, Mr. Gorsuch didn't claim racial discrimination, therefore, EEOC cannot seek relief for racial discrimination on Mr. Gorsuch's behalf. In turn, it cannot use Mr. Gorsuch's claim of discrimination for the date bookend in its claims against Defendants.

The EEOC counters by stating that according to precedential law, the EEOC can institute enforcement of an action for race discrimination uncovered during the EEOC's investigation of Gorsuch's sex discrimination charge. ECF No. 52, p. 2. The original charge provides the EEOC with "a jurisdictional springboard to investigate whether the employer is engaged in any discriminatory practices," which investigators may well "disclose, as in this instance, illegal practices other than those listed in the charge." *EEOC v. Huttig Sash & Door Co.*, 511 F.2d 453, 455 (5th Cir. 1975); ECF No. 52, p. 9.[4] "If, during the investigation, facts to support a charge of discrimination other than that in the filed charge are discovered, that new discrimination may be the subject of a 'reasonable cause' determination to be followed by an offer of conciliation. If that conciliation fails, a civil suit may be started without the necessity of filing a new charge on such

---

[3] The Court takes judicial notice of footnote 2 of EEOC's Amended Response (ECF No. 52), which states that the Gorsuch charge was received by EEOC on June 9, 2016, thereby, extending the 300-day charge-filing period to August 14, 2015. EEOC will seek leave to amend the erroneous dates if necessary.

[4] The EEOC cites a plethora of cases from Circuits outside of this Court's jurisdiction. ECF No. 52, p. 9, 12.

claim of discrimination." *EEOC v. E. Hills Ford Sales, Inc.*, 445 F. Supp. 985, 987 (W.D. Pa. 1978); *see also EEOC v. Greyhound Lines, Inc.*, 411 F. Supp. 97, 98 (W.D. Pa. 1976) (denying a motion to dismiss EEOC's complaint that argued the complaint "goes beyond the charge investigated in that it alleges racial discrimination where the original charging party only alleged sex discrimination.")

The EEOC of the Pittsburgh Area Office submitted a <u>Determination</u> signed by Deborah Kane, Area Office Director. It reads in part:

> Arising out of this investigation, I further find that there is reasonable cause to believe that since at least January 1, 2014, and continuing to the present, Respondents' use of criminal justice history information as a selection procedure has been a particular employment practice that causes an unlawful disparate impact on a class of male job applicants....
>
> Arising out of this investigation, I further find that there is reasonable cause to believe ... Respondents' use of criminal justice history information as a selection procedure has been a particular employment practice that causes an unlawful disparate impact on a class of Black, Hispanic, American Indian or Alaskan Native and multiracial... job applicants....

ECF No. 29-1, pp. 7-8. The EEOC states it can prosecute the race discrimination claims using the Gorsuch charge because it followed the proper procedure to do so; it investigated, issued a reasonable-cause determination that included a finding of race discrimination, and attempted to conciliate the claims. *See Shell Oil*, 466 U.S. 54, 62-64 (1984).

Defendants state that the EEOC conflates two issues and that its precedential case law does not cover the issue at hand. The first issue, addressed in past cases, is the authority to expand an investigation and litigate the issues that were the subject of the expanded investigation. This is not a contested issue. The second issue is the temporal scope of the class of individuals for whom the EEOC can seek relief. ECF No. 35, p. 5. As stated above, and agreed to by the Parties, "[T]he filed charge is sufficient to support a civil action by the EEOC for any discrimination stated in that

charge, or developed in the course of a reasonable investigation of that charge, provided such discrimination was included in the 'reasonable cause' determination of the EEOC and was followed by compliance with the conciliation procedures fixed in Title VII." *Equal Emp. Opportunity Comm'n v. E. Hills Ford Sales, Inc.*, 445 F. Supp. 985, 987 (W.D. Pa. 1978) (citing *EEOC v. Greyhound Lines*, 411 F. Supp. 97 (W.D. Pa. 1976); *see also EEOC v. General Elec. Co.*, 532 F.2d 359 (4th Cir. 1976). "[A]ny kind of discrimination which is like or related to allegations contained in the charge and which is developed in a reasonable investigation of that charge may be included in the judicial complaint." *Equal Emp. Opportunity Comm'n v. Allegheny Airlines*, 436 F. Supp. 1300, 1304 (W.D. Pa. 1977).

On the other hand, Defendants argue that it is improper to file broadened charges based on the investigation using a temporal range of a discrimination charge that does not include the newly investigated discrimination. The Court disagrees. It stands to reason that for some cases the EEOC *must* use a charge of discrimination that does not necessarily include discrimination of a certain type later discovered in the EEOC investigation. For instance, if there is only one person who filed a charge (here we know of two), the EEOC must use the only charge of discrimination available, and if the EEOC discovers other types of discrimination in its investigation case law supports the EEOC bringing the other charges. With only one charge of discrimination available, though absent certain charges perceivably found in the investigation, the EEOC must use the date of the existing charge of discrimination to calculate the three hundred days under Section 706(e)(1) of Title VII. The law shouldn't be applied differently to cases involving single individuals versus multiple individuals.

Still Defendants argue that allowing the EEOC to use the Gorsuch charge of discrimination for the temporal calculation "is contrary to the text of Section 706(e)(1), which precludes the

EEOC from seeking relief for individuals not subjected to an unlawful employment practice during the 300 days before the filing of the operative charge." ECF No. 35, p. 4. While the Gorsuch charge only asserts gender discrimination, the EEOC investigation found that Mr. Gorsuch did, indeed, suffer the unlawful employment practice of race discrimination when his offer of employment was rescinded. Thus, the date of his charge covers racial discrimination during the 300 days before filing that charge. Thus, the EEOC claims asserted since August 10, 2015, comports with the text of Section 706(e)(1), as well as well-established case law.

The EEOC has abided by the requirements for initiating a civil suit under Title VII: "(1) receive a charge from an individual and notify the employer of the charge, (2) investigate that charge and related charges, (3) determine that "reasonable cause" exists to believe that discrimination occurred, and (4) attempt conciliation of all charges against the employer." *See* 42 U.S.C. § 2000e–5(b); *E.E.O.C. v. U.S. Steel Corp.*, No. CIV.A. 10-1284, 2013 WL 625315, at *7 (W.D. Pa. Feb. 20, 2013). The EEOC has also made a plausible claim that since at least August 10, 2015, and continuing into the present, Defendants have engaged in unlawful employment practices and race discrimination using criminal justice history information as a basis for declining to hire job applicants for all positions in violation of Section 703(a)(1), (a)(2), and (k) of Title VII, 42 U.S.C. §2000e-2(a)(1), (a)(2), and (k).

IV.  **Conclusion**

For the reasons stated above, Defendants' Partial Motion to Dismiss will be DENIED.

An appropriate Order will be entered.

Dated: March 14, 2025

_____
Stephanie L. Haines
United States District Court Judge