# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SHEETZ, INC., SHEETZ DISTRIBUTION SERVICES, LLC, and CLI TRANSPORT, LP,<br><br>Defendants. | Case No. 3:24-cv-00231<br><br>Judge Stephanie L. Haines<br><br>*Electronically Filed* |

## DEFENDANTS' ANSWER AND ADDITIONAL DEFENSES

Defendants Sheetz, Inc. ("Sheetz"), Sheetz Distribution Services, LLC ("SDS"), and CLI Transport, L.P. ("CLI") (collectively, "Defendants"), by and through their counsel, herein answer the Complaint through numbered paragraphs, which respond to the identically-numbered paragraphs of the Complaint, and assert other defenses.

## NATURE OF THE ACTION

The allegations in the unnumbered paragraph following the above title purport to summarize the allegations by the U.S. Equal Opportunity Commission ("EEOC" or "Commission") in the subsequent numbered paragraphs in the Complaint. Defendants deny the allegations in this paragraph and that they engaged in any unlawful conduct.

## JURISDICTION AND VENUE

1. Defendants admit the allegations in paragraph 1.

2. Defendants deny the allegations in paragraph 2.

## **PARTIES**

3. Defendants admit that the EEOC is the federal agency charged with administering and enforcing Title VII, and that the EEOC alleges it brings this action under Section 706(f))(1) and (3) of Title VII, but denies the remaining allegations in paragraph 3.

4. Defendants admit that Sheetz is and has been a Pennsylvania corporation doing business in the State of Maryland in the identified counties and in other states, and employs at least 15 employees, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 4 and therefore denies the same.

5. Defendants admit that SDS is and has been a Pennsylvania limited liability company doing business in the State of Maryland in the specifically identified counties and in other states, and employs at least 15 employees, but is without knowledge or information sufficient to forma belief as to the truth or falsity of the remaining allegations in paragraph 5 and therefore denies the same.

6. Defendants admit that CLI is and has been a Pennsylvania limited partnership doing business in the State of Maryland in the specifically identified counties and in other states, and employs at least 15 employees, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 6 and therefore denies the same.

7. Defendants admit that Sheetz is and has been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 7 and therefore denies the same.

8. Defendants admit that SDS is and has been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 8 and therefore denies the same.

9. Defendants admit that CLI is and has been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 9 and therefore denies the same.

10. The allegations in paragraph 10 are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations in paragraph 10.

10(a). Defendants admit SDS is a subsidiary of Sheetz, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 10(a) and therefore denies the same.

10(b). Defendants deny the allegations in paragraph 10(b).

10(c). Defendants admit Sheetz has and has had primary responsibility for SDS's policies regarding equal employment opportunity, but denies the remaining allegations in paragraph 10(c).

10(d). Defendants admit Sheetz has and has had primary responsibility for CLI's policies regarding equal employment opportunity, but denies the remaining allegations in paragraph 10(d).

10(e). Defendants deny the allegations in paragraph 10(e).

10(f). Defendants deny the allegations in paragraph 10(f).

4894-0887-1111

10(g). Defendants admit Sheetz employees participate and have participated in implementing criminal justice history information policies and practices for SDS, but denies the remaining allegations in paragraph 10(g).

10(h). Defendants admit Sheetz employees participate and have participated in implementing criminal justice history information policies and practices for CLI, but denies the remaining allegations in paragraph 10(h).

10(i). Defendants admit that they have and have had interrelated business operations, but deny the remaining allegations in paragraph 10(i).

10(j). Defendants deny the allegations in paragraph 10(j).

10(k). Defendants admit that they have and have had a substantial degree of common ownership, but deny the remaining allegations in paragraph 10(k).

10(l). Defendants deny the allegations in paragraph 10(l).

11. Defendants admit that Sheetz operates at least 700 Sheetz-brand store locations in Maryland, North Carolina, Ohio, Pennsylvania, Virginia, and West Virginia, that SDS operates distribution centers in North Carolina and Pennsylvania, that CLI operates terminals or satellite locations in Maryland, North Carolina, Ohio, Pennsylvania, Virginia, and West Virginia, and that the Defendants employ more than 20,000 persons, but deny the remaining allegations in paragraph 11.

12. Defendants admit records reflect that on June 9, 2016, Joseph A. Gorsuch ("Gorsuch"), a White male, filed EEOC Charge No. 530-2016-02176 with the Commission, alleging that SDS discriminated against him in the job application process based on sex, but denies the remaining allegations in paragraph 12.

4894-0887-1111

13.     Defendants admit records reflect that on March 10, 2018, Rachael Whethers ("Whethers"), a Black female, filed EEOC Charge No. 533-2018-01081 with the Commission, alleging that Sheetz discriminated against her in the job application process based on race, but denies the remaining allegations in paragraph 13.

14.     Defendants admit that the Commission issued to Sheetz and SDS a written administrative Determination, dated May 18, 2022, arising from its investigation of EEOC Charge No. 530-2016-02176, filed by Gorsuch, and that the Determination speaks for itself, but denies the remaining allegations in paragraph 14 which purport to summarize part of that Determination.

14(a).   Defendants admit that the Commission purports to describe part of the Commission's findings in the administrative Determination arising from its investigation of EEOC Charge No. 530-2016-02176 filed by Gorsuch, but denies the remaining allegations in paragraph 14(a) and further denies that the Determination found Gorsuch subject to discrimination violating Title VII as a Black, American Indian/Alaska Native or multiracial job applicant since he was a White male.

14(b).   Defendants admit that the Commission purports to describe part of the Commission's findings in the administrative Determination arising from its investigation of EEOC Charge No. 530-2016-02176, filed by Gorsuch, but denies the remaining allegations in paragraph 14(b) and further denies that the Determination found Gorsuch subject to discrimination violating Title VII as a Black, American Indian/Alaska Native or multiracial job applicant since he was a White male.

15.     Defendants admit that the Commission issued to Sheetz, SDS and CLI a written administrative Determination, dated May 18, 2022, arising from its investigation of EEOC Charge No. 533-2018-01081, filed by Whethers, a Black female, and that the Determination speaks for

itself, but deny the remaining allegations in paragraph 15 which purport to summarize part of that Determination.

15(a). Defendants admit that the Commission purports to describe part of the Commission's findings in the administrative Determination arising from its investigation of EEOC Charge No. 533-2018-01081, filed by Whethers, but denies the remaining allegations in paragraph 15(a).

15(b). Defendants admit that the Commission purports to describe part of the Commission's findings in the administrative Determination arising from its investigation of EEOC Charge No. 530-2018-01081, filed by Whethers, but denies the remaining allegations in paragraph 15(b).

16. Defendants admit the EEOC engaged in communications with Defendants regarding conciliation, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 16 and therefore denies the same.

17. Defendants admit that they and the EEOC failed to reach agreement in conciliation, but deny the remaining allegations in paragraph 17.

18. Defendants admit the allegations in paragraph 18.

19. The allegations in paragraph 19 state conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny those allegations.

**STATEMENT OF CLAIMS**

20. Defendants deny the allegations in paragraph 20.

21. Defendants deny the allegations in paragraph 21.

4894-0887-1111

22. Defendants admit they obtain information about external job applicants' criminal justice history in part through questions on their job application forms and a background check conducted by a third-party vendor who provides a report including criminal justice history information after one of the Defendants makes a conditional job offer of employment to an external job applicant, but deny the remaining allegations in paragraph 22.

23. Defendants admit criminal justice history information is considered in determining whether an external applicant's conditional offer of employment may be rescinded, but deny the remaining allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

28. Defendants deny the allegations in paragraph 28.

29. Defendants admit the allegations in paragraph 29, but deny detailed knowledge of the nature or extent of those records.

## Count I

30. Defendants incorporate their above responses to paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. Defendants deny the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

33. Defendants deny the allegations in paragraph 33.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34 and therefore deny the same.

4894-0887-1111

## Count II

35.     Defendants incorporate their responses to Paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36.     Defendants deny the allegations in paragraph 36.

37.     Defendants deny the allegations in paragraph 37.

38.     Defendants deny the allegations in paragraph 38.

39.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 39 and therefore deny the same.

## Count III

40.     Defendants incorporate their above responses to paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41.     Defendants deny the allegations in paragraph 41.

42.     Defendants deny the allegations in paragraph 42.

43.     Defendants deny the allegations in paragraph 43.

## Additional Averments

44.     Defendants deny the allegations in paragraph 44.

45.     Defendants deny the allegations in paragraph 45.

46.     Defendants deny the allegations in paragraph 46.

Defendants deny any other allegations in the Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof not otherwise required of it. Defendants also reserve the right to

assert an additional defense or additional defenses as more is known about the precise nature of the EEOC's claims.

## FIRST DEFENSE

### (Failure To State A Claim)

Plaintiff EEOC has failed to state a claim upon which relief can be granted for some or all the alleged aggrieved individuals on whose behalf the EEOC has filed this action.

## SECOND DEFENSE

### (Offset)

Defendants are entitled to offset any back pay to which any putative aggrieved party may be found to be entitled by actual income that putative aggrieved party received.

## THIRD DEFENSE

### (Failure To Mitigate)

Any putative aggrieved party's claim for back pay and benefits is barred, in whole or in part, to the extent that putative aggrieved party has failed to mitigate damages.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed with prejudice, that judgment be entered in their favor and against the EEOC, and that the Court award such other relief as it deems appropriate.

4894-0887-1111

Dated: March 28, 2025                        Respectfully submitted,

*/s/ Katelyn W. McCombs*
Robert W. Cameron (PA Bar No. 69059)
bcameron@littler.com
Terrence H. Murphy (PA Bar No. 36356)
tmurphy@littler.com
Katelyn W. McCombs (PA Bar No. 323746)
kmccombs@littler.com
LITTLER MENDELSON, P.C.
One PPG Place, Suite 2400
Pittsburgh, PA 15222
Tel: 412.201.7635 / 7621 / 7641
Fax: 412.774.1948

Kimberly J. Duplechain (DC Bar No. 1019392)*
kduplechain@littler.com
LITTLER MENDELSON, P.C.
815 Connecticut Avenue, NW
Suite 400
Washington, DC 20006-4046
Tel: 202.789.3417
Fax: 202.842.0011
*Admitted *Pro Hac Vice*

*Counsel for Defendants*
*Sheetz. Inc., Sheetz Distribution Services, LLC and CLI Transport, L.P.*

4894-0887-1111

## CERTIFICATE OF SERVICE

I certify that on this 28th day of March 2025 the foregoing Defendants' Answer and Additional Defenses was filed using the USDC District of the Western District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record.

Debra M. Lawrence, Esq.
EEOC - Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
debra.lawrence@eeoc.gov

Ronald L. Phillips, Esq.
EEOC - Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
ronald.phillips@eeoc.gov

Gregory A. Murray, Esq.
Megan M. Block, Esq.
EEOC - Pittsburgh Area Office
William S. Moorhead Federal Building
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
gregory.murray@eeoc.gov
megan.block@eeoc.gov

/s/ *Katelyn W. McCombs*
Katelyn W. McCombs

4894-0887-1111