# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, | Civil Action No. 3:24-cv-00231-SLH |
| Plaintiff, | |
| **KENNI MILLER,** | Judge: Stephanie L. Haines |
| Proposed Plaintiff-Intervenor | Demand for Jury Trial |
| v. | |
| **SHEETZ, INC.; SHEETZ DISTRIBUTION SERVICES, LLC; and CLI TRANSPORT, LP,** | |
| Defendants. | |

## PLAINTIFF-INTERVENOR'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE

**TABLE OF CONTENTS**

I.      INTRODUCTION ......................................................................................... 1

II.     FACTUAL AND PROCEDURAL BACKGROUND....................................................... 3

        A.      The Administrative Investigation Before the EEOC ........................................ 3

        B.      This Lawsuit........................................................................................... 4

        C.      The EEOC's Decision to Withdraw from this Lawsuit .................................... 4

        D.      Plaintiff-Intervenor's Proposed Complaint in Intervention ............................... 5

III.    ARGUMENT .............................................................................................. 6

        A.      Plaintiff-Intervenor Can Intervene as of Right Under Either Prong
                of Rule 24(a) .................................................................................... 8

                1.      Plaintiff-Intervenor Has a Statutory Right to Intervene
                        Under FRCP 24(a)(1)............................................................... 8

                2.      Mandatory Intervention Is Otherwise Warranted Under
                        FRCP 24(a)(2)..................................................................... 11

                        a.      The Motion is Timely. ............................................... 12

                        b.      Plaintiff-Intervenor Has a "Sufficient" Interest in the
                                Litigation.................................................................. 12

                        c.      Without Intervention, Plaintiff-Intervenor's Interests
                                Will Be Impaired....................................................... 13

                        d.      The Existing Parties Do Not Adequately Represent
                                the Plaintiff-Intervenor's Interests. ............................ 14

                3.      Plaintiff-Intervenor's Motion Is Timely. ................................ 14

        B.      Alternatively, the Court Should Allow Intervention Under Rule
                24(b)............................................................................................ 17

IV.     CONCLUSION........................................................................................... 20

# TABLE OF AUTHORITIES

## CASES

*Benjamin ex rel. Yock v. Dep't of Pub. Welfare*,
   701 F.3d 938 (3d Cir. 2012)...................................................................... 15, 16

*Bhd. of R.R. Trainmen v. Balt. & Ohio R.R.*,
   331 U.S. 519 (1947)..................................................................................... 8

*Blake v. JP Morgan Chase Bank N.A.*,
   927 F.3d 701 (3d Cir. 2019)..................................................................... 13, 19

*Bone v. XTO Energy, Inc.*,
   No. 21 Civ. 1460, 2023 U.S. Dist. LEXIS 147971 (D. Del. Aug. 23, 2023)....................... 16

*China Agritech, Inc. v. Resh*,
   584 U.S. 732 (2018).................................................................................... 7

*Commc'ns Workers of Am., Local 1033 v. N.J. Dep't of Pers.*,
   282 F.3d 213 (3d Cir. 2002)........................................................................ 10

*Degregorio v. O'Bannon*,
   86 F.R.D. 109 (E.D. Pa. 1980)...................................................................... 18

*Dilks v. Aloha Airlines*,
   642 F.2d 1155 (9th Cir. 1981) ..................................................................... 16

*Dukes v. Wal-Mart Stores, Inc.*,
   No. 01 Civ. 2252, 2002 U.S. Dist. LEXIS 28984 (N.D. Cal. Sept. 6, 2002)....................... 10

*EEOC v. Albertson's LLC*,
   247 F.R.D. 638 (D. Colo. 2007) .................................................................... 10

*EEOC v. AT&T*,
   506 F.2d 735 (3d Cir. 1974)......................................................................... 9

*EEOC v. Dan Lepore & Sons Co.*,
   No. 03 Civ. 5462, 2004 U.S. Dist. LEXIS 1943 (E.D. Pa. Jan. 29, 2004) ........................ 17

*EEOC v. Harmony Hospitality, LLC*,
   No. 24 Civ. 357 (M.D. Ala., 2025), ECF No. 41.................................................... 7

*EEOC v. Lush Handmade Cosmetics, LLC*,
   No. 24 Civ. 6859 (N.D. Cal. 2025), ECF No. 35.................................................... 7

*EEOC v. Nw. Human Servs.*,
 No. 04 Civ. 4531, 2005 U.S. Dist. LEXIS 23768 (E.D. Pa.
 Oct. 14, 2005) ............................................................................................... 7-8, 10, 11, 15

*EEOC v. Outback Steak House of Fla., Inc.*,
 245 F.R.D. 657 (D. Colo. 2007) ............................................................................... 11

*EEOC v. PJ Utah, LLC*,
 822 F.3d 536 (10th Cir. 2016) ................................................................................... 8

*EEOC v. Trans Ocean Seafoods, Inc.*,
 No. 15 Civ. 1563, 2016 U.S. Dist. LEXIS 192565 (W.D. Wash. Jan. 28, 2016) ............... 10

*EEOC v. Von Maur, Inc.*,
 237 F.R.D. 195 (S.D. Iowa 2006) ...................................................................... 10, 11, 17

*EEOC v. Waffle House, Inc.*,
 534 U.S. 279 (2002) ................................................................................................... 13

*In re Fine Paper Antitrust Litig.*,
 695 F.2d 494 (3d Cir. 1982) ...................................................................................... 15

*Fort Bend Cty. v. Davis*,
 587 U.S. 541 (2019) ................................................................................................... 10

*Fuller v. Volk*,
 351 F.2d 323 (3d Cir. 1965) ............................................................................. 7, 18, 19

*Goodman v. Lukens Steel Co.*,
 777 F.2d 113 (3d Cir. 1985) ............................................................................. 7, 13, 18

*Hackett v. McGuire Bros., Inc.*,
 445 F.2d 442 (3d Cir. 1971) .................................................................................. 9, 11

*Liberty Mut. Ins. Co. v. Treesdale, Inc.*,
 419 F.3d 216 (3d Cir. 2005) ................................................................................ 12, 18

*Lubocki v. ZipRealty, Inc.*,
 No. 07 Civ. 2959, 2009 U.S. Dist. LEXIS 153488 (C.D. Cal. Mar. 10, 2009) .................. 14

*McKowan Lowe & Co. v. Jasmine, Ltd.*,
 295 F.3d 380 (3d Cir. 2002) ..................................................................................... 18

*Mt. Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*,
 72 F.3d 361 (3d Cir. 1995) .................................................................................. 14, 15

*Mullin v. Balicki*,
 875 F.3d 140 (3d Cir. 2017) ..................................................................................... 17

*Pennsylvania v. President United States*,
    888 F.3d 52 (3d Cir. 2018)................................................................................ 12

*Pereira v. Foot Locker, Inc.*,
    No. 07 Civ. 2157, 2009 U.S. Dist. LEXIS 37028 (E.D. Pa. Apr. 27, 2009)...................... 13

*Princeton Biochemicals, Inc. v. Beckman Coulter, Inc.*,
    223 F.R.D. 326 (D.N.J. 2004)............................................................................ 17

*Prudential Prop. & Cas. Ins. Co. v. Leach*,
    No. 03 Civ. 6352, 2004 U.S. Dist. LEXIS 30092 (E.D. Pa. June 4, 2004) ........................ 12

*Ramos v. Walmart Inc.*,
    No. 21 Civ. 13827, 2023 U.S. Dist. LEXIS 5977 (D.N.J. Jan. 12, 2023) ......................... 17

*Ramos v. Walmart, Inc.*,
    No. 21 Civ. 13827, 2023 U.S. Dist. LEXIS 34780 (D.N.J. Mar. 2, 2023) .......................... 6

*Ruehl v. Viacom, Inc.*,
    500 F.3d 375 (3d Cir. 2007)............................................................................. 10

*Smith v. City of Phila.*,
    345 F. Supp. 2d 482 (E.D. Pa. 2004) .................................................................. 18

*Smith v. SEECO, Inc.*,
    865 F.3d 1021 (8th Cir. 2017) .......................................................................... 7

*Stuff Elecs. (Dong Guan) Ltd. v. For Your Ease Only, Inc.*,
    509 F. Supp. 3d 252 (E.D. Pa. 2020) ................................................................. 13

*Taha v. Bucks Cty. Pa.*,
    367 F. Supp. 3d 320 (E.D. Pa. 2019) ................................................................. 17

*Techcapital Corp. v. Amoco Corp.*,
    No. 99 Civ. 5093, 2001 U.S. Dist. LEXIS 2822 (S.D.N.Y. Mar. 16, 2001)...................... 17

*Thompson v. N. Am Stainless, L.P.*,
    567 F.3d 804 (6th Cir. 2009) ............................................................................ 9

*Trafficante v. Metro. Life Ins. Co.*,
    409 U.S. 205 (1972).......................................................................................... 9

*Trbovich v. United Mine Workers*,
    404 U.S. 528 (1972)....................................................................................... 14

*EEOC v. Fresh Venture Foods, LLC*,
    No. 21 Civ. 7679, 2022 U.S. Dist. LEXIS 142905 (C.D. Cal. May 24, 2022)............. 10, 11

*U.S. Steel Corp. v. Envtl. Prot. Agency*,
    614 F.2d 843 (3d Cir. 1979) ............................................................... 18

*United States v. Alcan Aluminum*,
    25 F.3d 1174 (3d Cir. 1994) ............................................................... 15

*United States v. Carpenter*,
    298 F.3d 1122 (9th Cir. 2002) ............................................................ 16

*Wallach v. Eaton Corp.*,
    837 F.3d 356 (3d Cir. 2016) ................................................... 15, 16, 19

*Wilson v. Quest Diagnostics Inc.*,
    No. 18 Civ. 11960, 2020 U.S. Dist. LEXIS 13190 (D.N.J. Jan. 24, 2020) .................. 16-17

## STATUTES

18 Pa.C.S. § 9125(b) ......................................................................... 5

18 Pa.C.S. § 9125(c) ....................................................................... 5-6

42 U.S.C. § 2000e-2 ......................................................................... 15

42 U.S.C. § 2000e-5 ................................................................. 8, 10, 11

## FEDERAL RULES

Fed. R. Civ. P. 24 ..................................................................... *passim*

## OTHER AUTHORITIES

7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice
    and Procedure* § 1906 (3d Ed. 2015) .................................................... 9

45C Am. Jur. 2d Job Discrimination § 2049 ................................................... 9

59 Am Jur. 2d Parties § 151 ................................................................. 9

25 Fed. Proc., L. Ed. § 59:281 .............................................................. 6

Exec. Order No. 14,281, 90 Fed. Reg. 17,537, 17,538, § 4 (Apr. 23, 2025) .................. 1

## I.        INTRODUCTION

Proposed Plaintiff-Intervenor Kenni Miller ("Plaintiff-Intervenor") promptly moves for intervention to protect his rights, and those of all other similarly situated individuals, whose claims and entitlement to relief will otherwise likely be substantially extinguished by the Equal Employment Opportunity Commission's (EEOC) imminent withdrawal and (if an intervenor does not step forward) dismissal of this case.

Over the past nine years, the EEOC has acted in the interests of Plaintiff-Intervenor and other class members by investigating, issuing a cause finding, attempting conciliation, and ultimately initiating this litigation against Defendants Sheetz, Inc., Sheetz Distribution Services, LLC and CLI Transport, LP (together "Sheetz" or "Defendants").  The EEOC's Complaint asserts disparate impact race discrimination claims under Title VII on behalf of a class of Black, American Indian/Alaska Native and multiracial job applicants whose employment offers were rescinded based on Defendants' blanket policy of excluding applicants due to their criminal history reports.  ECF No. 1 ("EEOC Compl.") ¶ 20-28.  The EEOC Complaint seeks significant relief for Plaintiff-Intervenor and other impacted applicants, including back pay, front pay, instatement with seniority, as well as injunctive and other relief.  *Id.*, Prayer for Relief.

 On or around May 22, 2025, the EEOC notified class members of its intention to dismiss this lawsuit "on or before June 6, 2025," and to cease "pursuing any monetary awards or other relief" on their behalf, not based on the evidence or merit of the claims, but instead "based solely on a Presidential directive."  (EEOC Letter to Eligible Claimants, dated May 22, 2025, ("EEOC Notice") attached as Exhibit B to the Declaration of Christopher McNerney ("McNerney Decl.")).[1]

---

[1]        The EEOC Notice likely refers to President Trump's policy directives aimed at, inter alia, "deprioritize[ing] enforcement of all statutes and regulations to the extent they include disparate-impact liability."  Exec. Order No. 14,281, 90 Fed. Reg. 17,537, 17,538, § 4 (Apr. 23, 2025).

Rule 24 of the Federal Rule of Civil Procedure provides a mechanism by which non-parties can intervene in cases, such as this, where their interests may otherwise be adversely impacted. Fed. R. Civ. P. 24 ("Rule 24). Specifically, Rule 24 provides for both "mandatory" intervention, which courts "*must permit*," and "permissive" intervention, which courts "*may permit*" in their discretion. *Id.* Both types of intervention are plainly warranted here, where Plaintiff-Intervenor seeks to preserve and prosecute representative discrimination claims, which have already been substantiated by the EEOC's robust investigative findings, and which may otherwise be forfeited (with class members receiving little or no relief) due to the President's change in enforcement priorities.

*First*, mandatory intervention is warranted under Rule 24(a)(1) because Title VII provides a statutory right of intervention, and under Rule 24(a)(2) because Plaintiff-Intervenor asserts "sufficient" interests that will likely be impaired based on the EEOC's inadequate representation. *Second*, the Court should exercise its discretion to grant permissive intervention under Rule 24(b) because Plaintiff-Intervenor's claims share "common question[s] of law or fact" with those at issue here. Moreover, absent intervention, EEOC's dismissal would result in a profound injustice, whereby Plaintiff-Intervenor and other class members' claims will be largely eliminated, their right to valuable monetary and injunctive relief will be forfeited, and the extensive public resources that went into investigating and prosecuting this case will go to waste.

For these reasons, and others described below, the Court should grant intervention. Plaintiff-Intervenor also respectfully requests that the Court stay its resolution of the EEOC's anticipated motion to dismiss until after it decides this intervention motion to ensure that Plaintiff-Intervenor and the class members he seeks to represent will have a fair opportunity to protect their rights.

## II.        FACTUAL AND PROCEDURAL BACKGROUND

### A.        The Administrative Investigation Before the EEOC

On or about June 6, 2016, Joseph Gorsuch filed a charge of discrimination with the EEOC, alleging sex discrimination in violation of Title VII, based on Sheetz's "policy of not hiring anyone who has a felony conviction in their past . . . [which] has a disparate impact on male applicants."  ECF No. 65 (Mar. 14 Order) at 2 (quoting ECF No. 19-1 at 4).  On or about March 9, 2018, Rachael Whethers also filed a charge of discrimination with the EEOC, alleging race discrimination in violation of Title VII, and specifically alleging that Sheetz's "policy against hiring individuals with certain convictions, has a disparate impact on African American individuals[.]"  Mar. 14 Order at 2 (quoting ECF No. 19-2 ¶ 8).  On May 18, 2022, based on an investigation stemming from these Charges, the EEOC found reasonable cause that Sheetz had violated and continued to violate Title VII.  Mar. 14 Order at 3 (quoting ECF No. 1, ¶¶ 14-15).  Specifically, the EEOC found:

> Defendants Sheetz, Inc., Sheetz Distribution Services, LLC, and CLI Transport, LP committed an ongoing practice in violation of Title VII with respect to a class of Black, American Indian/Alaska Native, and multiracial (i.e., persons identified as "two or more races") job applicants by denying them hire because of race through Defendants['] . . . use of criminal justice history information as a particular employment practice that has caused a disparate impact against a class of Black, American Indian/Alaska Native, and multiracial job applicants, regarding all positions companywide; and
>
> Defendants . . . committed a continuing, companywide practice in violation of Title VII with respect to a class of Black, American Indian/Alaska Native, and multiracial job applicants who did not pass Defendants['] criminal justice history screening by failing to hire them for all positions because of race.

Mar. 14 Order at 3 (quoting ECF No. 1 at 5-7, ¶¶ 14a, 14b, 15a, 15b).  The EEOC then attempted to conciliate with Sheetz, but the parties failed to reach an agreement.  Mar. 14 Order at 3 (quoting ECF No. 1 ¶ 17).

### B.    This Lawsuit

On April 17, 2024, the EEOC filed this case in the District of Maryland on behalf of persons aggrieved, defined as a "class of aggrieved Black, American Indian/Alaska Native, and multiracial job applicants" who were "denied employment opportunities" based on Sheetz's "practice of refusing to hire such persons because of information about their criminal justice histories" since "at least August 10, 2015, and continuing to the present."  ECF No. 1 at 1-2.  On October 4, 2025, after contested motion practice, the Maryland district court transferred the case to the Western District of Pennsylvania, where this Court was assigned.  *See* ECF Nos. 14, 26, 34, 38.  On June 14, 2024, Sheetz filed a partial motion to dismiss challenging the extension of the temporal scope of the class back to Gorsuch's initial charge of gender-based discrimination (as compared to the race discrimination identified in Whethers's later charge), ECF No. 18.  Sheetz later amended the motion, ECF No. 45, which the Court denied by order dated March 14, 2025, ECF No. 65, holding that, because the EEOC's findings of race discrimination originated in, and related to, Mr. Gorsuch's charge, his charge "covers racial discrimination during the 300 days before filing that charge" or since August 10, 2015.  Mar. 14 Order at 6-9.  On April 9, 2025, Sheetz filed a motion for reconsideration of the March 14 Order, ECF No. 72, which the EEOC opposed, ECF No. 74.  That motion remains pending.

### C.    The EEOC's Decision to Withdraw from this Lawsuit

On May 22, 2025, the EEOC sent a notice to putative class members to inform them "that the agency has been directed to dismiss this lawsuit" and that the EEOC would "no longer [] be pursuing any monetary awards or other relief for potentially eligible claimants."  EEOC Notice at 2.  The EEOC Notice further stated that:  "**Because the EEOC is preparing to dismiss its lawsuit without obtaining a remedy for potential eligible claimants, you will need to take action very soon, either individually or together with other potential eligible class members, if you wish to preserve your rights and legal claims in this case.**"  *Id.* (emphasis in original).

Specifically, the EEOC Notice encouraged potential class members to exercise their "**federal law right under Title VII to 'intervene'**" in this case, and noted that the EEOC would ask the Court to "delay dismiss[al]" "for a reasonable time period to give potential eligible claimants an opportunity to obtain legal representation and intervene."  *Id.* at 2-3.

The EEOC Notice also explained that the "EEOC's primary purpose as an agency is to further the interests of the American public as a whole in preventing employment discrimination. However, there are times, such as this one, where the EEOC's decisions may conflict with your personal interests.  In that situation, you have the option under federal law to seek permission to intervene in the EEOC's lawsuit to protect your rights and claims under Title VII."  *Id.* at 3.  The EEOC warned that it intended to file a motion to dismiss "**on or before Friday, June 6, 2025**." *Id.* (emphasis in original).

### D.    Plaintiff-Intervenor's Proposed Complaint in Intervention

Plaintiff-Intervenor Kenni Miller is an 32-year old Black man who has a felony conviction, applied to work at a Sheetz's location in Altoona Pennsylvania, and was denied employment by Sheetz in 2020 because of his past criminal history.  *See* McNerney Decl., Ex. A ¶¶ 4-7.

Plaintiff-Intervenor's proposed Complaint in Intervention seeks to assert the same disparate impact Title VII claims, on behalf of the same persons aggrieved, against the same Defendants, for the same period of time as the EEOC's Complaint.  *See id.* ¶¶ 68-74.  Plaintiff-Intervenor also seeks to assert a related state law claim under Pennsylvania's Criminal History Records Information Act ("CHRIA") challenging the same Sheetz policies based on the same operative facts as those underlying their Title VII claims.  *See id.* ¶¶ 75-86; *see also* 18 Pa.C.S. § 9125(b) ("Felony and misdemeanor convictions may be considered by the employer only to the extent to which they relate to the applicant's suitability for employment in the position for which he has applied."); *id.* § 9125(c) ("The employer shall notify in writing the applicant if the

decision not to hire the applicant is based in whole or in part on criminal history record information.").[2]

Plaintiff-Intervenor asserts these claims on a representative basis on behalf of (1) a "Nationwide Class" defined as "All Black, American Indian/Alaska Native, and multiracial (i.e., persons identified as "two or more races") individuals nationwide who, from August 10, 2015 through judgment, were denied employment at Sheetz based in whole or in part on their criminal history" and (2) a "Pennsylvania Class" defined as "All Black, American Indian/Alaska Native, and multiracial (i.e., persons identified as "two or more races") individuals in Pennsylvania who, from August 10, 2015 through judgment, were denied employment at Sheetz based in whole or in part on their criminal history."

## III.    ARGUMENT

In accordance with Rule 24's policy of promoting judicial economy, courts generally "construe[] [Rule 24] broadly in favor of proposed intervenors since a liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts."  25 Fed. Proc., L. Ed. § 59:281, *Intervention as of right under Rule 24(a)(2)—Policy of liberal construction* (citing cases).

As discussed below, intervention is required under either prong of Rule 24(a) (*i.e.*, statutory intervention or mandatory intervention as of right) or, in the alternative, the relevant factors strongly support allowing discretionary intervention under Rule 24(b) (*i.e.*, permissive intervention), where, as here, proposed intervenors seek to preserve legal rights and remedies for themselves and others based on the EEOC's anticipated dismissal of the case.

---

[2]    Given their factual and legal overlap, it is not unusual for plaintiffs challenging criminal history screens to bring claims under both Title VII and the CHRIA.  *See Ramos v. Walmart, Inc.*, No. 21 Civ. 13827, 2023 U.S. Dist. LEXIS 34780, at *3 & n.3 (D.N.J. Mar. 2, 2023). Moreover, even without relation back, this claim would be independently timely given the CHRIA's six-year statute of limitations.  *See infra*, Argument § A.3 at n.6.

Specifically, courts in this Circuit and elsewhere regularly grant intervention to allow absent class members to step into the shoes of plaintiffs who are unable or unwilling to continue to pursue those claims. *See, e.g.*, *Fuller v. Volk*, 351 F.2d 323, 328-29 (3d Cir. 1965) (courts have discretion to permit intervenors to correct a "jurisdictional defect" in the original pleading by "allowing the suit to continue with . . . the intervening party," thereby avoiding the "senseless delay and expense of a new suit") (citation omitted); *see also China Agritech, Inc. v. Resh*, 584 U.S. 732, 740 n.2 (2018) (noting the "lead complaint might be amended or a new plaintiff might intervene" as class discovery proceeds); *Smith v. SEECO, Inc.*, 865 F.3d 1021, 1025 (8th Cir. 2017) ("[B]oth Rule 23 and the history of Rule 24 explicitly envision intervention as a means of securing adequacy of representation.") (quoting 3 William B. Rubenstein, Newberg on Class Actions § 9:34 (5th ed. 2013)); *Goodman v. Lukens Steel Co.*, 777 F.2d 113, 124 (3d Cir. 1985) (noting, in intervention context, that the "[e]conomical use of judicial resources, however, requires that some thought be given to whether the work of district court and counsel with respect to this claim may yet be salvaged").

This analysis applies equally to originally filed class actions and situations where the proposed intervenors seek to step into the shoes of an administrative agency that is unwilling or unable to continue to pursue the claims at issue, including in other recent cases where the EEOC has sought dismissal due to a shift in Presidential enforcement priorities. *See, e.g.*, McNerney Decl., Ex. D (Order Granting Motion to Intervene and Staying Case in Part, *EEOC v. Lush Handmade Cosmetics, LLC*, No. 24 Civ. 6859, (N.D. Cal. Apr. 11, 2025), ECF No. 35 (granting intervention and staying proceedings pending answer to complaint in intervention)); McNerney Decl., Ex. C (Order, *EEOC v. Harmony Hospitality, LLC*, No. 24 Civ. 357 (M.D. Ala., Mar. 21, 2025), ECF No. 41 (granting motion to intervene and denying EEOC's motion to dismiss as moot in case alleging gender-based identity discrimination)); *see also EEOC v. Nw. Human*

*Servs.*, No. 04 Civ. 4531, 2005 U.S. Dist. LEXIS 23768, at *8-9, 11 (E.D. Pa. Oct. 14, 2005);

*infra*, Argument § A.1 (collecting cases).

### A.      Plaintiff-Intervenor Can Intervene as of Right Under Either Prong of Rule 24(a).

Plaintiff-Intervenor meets the requirements for intervention under 24(a) and (b) because

he belongs to the class of job applicants covered by the EEOC's Complaint and will be directly,

and adversely, impacted by the EEOC's decision to withdraw from this case and to cease

representing class members' interests – and because Plaintiff-Intervenor's motion is timely under

either subsection of the rule.

### 1.      Plaintiff-Intervenor Has a Statutory Right to Intervene Under FRCP 24(a)(1).

Pursuant to Federal Rule of Civil Procedure 24(a), on a "timely motion," the district court

"must permit anyone to intervene who . . . is given an unconditional right to intervene by a

federal statute."[3] The rule is absolute and without exceptions.  *See Bhd. of R.R. Trainmen v.

Balt. & Ohio R.R.*, 331 U.S. 519, 531 (1947) (if a party has an unconditional statutory right to

intervene, that party's "right to intervene [under Rule 24(a)(1)] is absolute and unconditional").

Title VII is one of the few federal statutes that provides "aggrieved" persons an express

right of intervention.  Specifically, it provides that "the person or *persons aggrieved shall have

the right to intervene in a civil action brought by the [EEOC] . . . .*").  42 U.S.C. § 2000e-5(f)(1)

(emphasis added).  "This language unambiguously gives employees an unconditional right to

intervene in EEOC enforcement actions."  *EEOC v. PJ Utah, LLC*, 822 F.3d 536 (10th Cir.

2016) (citing *EEOC v. Woodmen of the World Life Ins. Soc'y*, 479 F.3d 561, 568-69 (8th Cir.

---

[3]      Given that timeliness is a relevant factor for both Rule 24(a)(1) and (2), Plaintiff-Intervenor addresses it once, for both sections, in Section 3.

2007)); *see also* 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1906 (3d Ed. 2015).

While Title VII does not specifically define "persons aggrieved," courts have interpreted the term broadly and coextensively with the concept of Article III standing. *See, e.g.*, 45C Am. Jur. 2d Job Discrimination § 2049 ("To qualify as a 'person aggrieved' with Title VII standing, the plaintiff must bring a claim that falls within the zone of interests sought to be protected by the statutory provision whose violation forms the legal basis for the complaint"); *see also Hackett v. McGuire Bros., Inc.*, 445 F.2d 442, 445 (3d Cir. 1971) ("An aggrieved person obviously is any person aggrieved by any of the forbidden practices [under Title VII]."); 59 Am Jur. 2d Parties § 151 ("Statutes or rules allowing for intervention should be liberally construed in favor of intervention").

This reading is consistent with how the term is broadly understood in the context of civil rights statutes generally. *See EEOC v. AT&T*, 506 F.2d 735, 740 (3d Cir. 1974) (for Title VII standing purposes, defining "persons aggrieved" as "*any person aggrieved by any of the practices forbidden by the statute*," and noting that right to intervene applies if aggrievement "relate[s] back to the grievances with respect to unlawful employment practices which have been alleged in charges previously filed with the Commission . . . .") (emphasis added)); *Thompson v. N. Am Stainless, L.P.*, 567 F.3d 804, 808 n.1 (6th Cir 2009) ("We have held that the 'person claiming to be aggrieved' language of § 2000e-5 shows a congressional intent to define standing under Title VII as broadly as is permitted by Article III of the Constitution."); *cf. Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 208 (1972) (noting "broad" definition of identical term ("person aggrieved") under Fair Housing Act as "any person who claims to have been injured by a discriminatory housing practice.") (citing 42 U.S.C. § 3610(a)).

As relevant here, courts have long permitted similarly "aggrieved" persons to intervene in a private Title VII action, even without having previously filed an EEOC charge, "so long as someone else has previously filed an EEOC charge 'nearly identical' to the claim set forth in the plaintiff's complaint." *EEOC v. Nw. Human Servs.*, No. 04 Civ. 4531, 2005 U.S. Dist. LEXIS 23768, at *8 (E.D. Pa. Oct. 14, 2005) (quoting *Spirt v. Teachers Ins. & Annuity Ass'n,* 93 F.R.D. 627, 641 (S.D.N.Y.), *aff'd in part and rev'd in part on other grounds*, 691 F.2d 1054 (2d Cir.1982).[4] Because it would be "nonsensical" for the courts to define "person aggrieved" more strictly in an *EEOC-filed* action (as opposed to a private action), courts have found statutory intervention warranted where the following requirements are met: "(1) the proposed intervenor has an interest in the action sufficient to establish standing under article III of the United States

---

[4]     Plaintiff-Intervenor does need not to have filed his own EEOC charge to satisfy Title VII's exhaustion requirements.  As an aggrieved person who falls within the substantive and temporal scope of the prior charges and resulting investigation, notice, and conciliation process, he may "piggyback" off earlier filed charges under the "single-filing" rule.  *See, e.g.*, *Commc'ns Workers of Am., Local 1033 v. N.J. Dep't of Pers.*, 282 F.3d 213, 216 (3d Cir. 2002) (citing 42 U.S.C. § 2000e-5(e), (f)(1)); *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 387 (3d Cir. 2007) ("a single EEOC charge alleging class-wide discrimination satisfies the exhaustion requirement for all class plaintiffs because it achieves the EEOC's goals of notice and conciliation."); *see also EEOC v. Fresh Venture Foods, LLC*, No. 21 Civ. 7679, 2022 U.S. Dist. LEXIS 142905, at *6 (C.D. Cal. May 24, 2022) (finding permissible intervention by individual, although they did not file charge to intervene, because they had "nearly identical" claim to individual who filed charge); *EEOC v. Trans Ocean Seafoods, Inc.*, No. 15 Civ. 1563, 2016 U.S. Dist. LEXIS 192565, at *6-7 (W.D. Wash. Jan. 28, 2016) (substantively same); *EEOC v. Albertson's LLC*, 247 F.R.D. 638, 643 (D. Colo. 2007) ("I apply the single filing rule and find that the proposed intervenors' failures to exhaust their administrative remedies . . . and to obtain right to sue letters, alone, do not preclude their intervention." (collecting cases)); *EEOC v. Von Maur, Inc.*, 237 F.R.D. 195, 200-01 (S.D. Iowa 2006) (permitting intervention of aggrieved persons who did not file charges, but whose claims fell within scope of charges); *EEOC v. Nw. Human Servs.*, No. 04 Civ. 4531, 2005 U.S. Dist. LEXIS 23768, at *8-9 (E.D. Pa. Oct. 14, 2005) (substantively same); *Dukes v. Wal-Mart Stores, Inc.*, No. 01 Civ. 2252, 2002 U.S. Dist. LEXIS 28984, at *8, *26-29, *35 (N.D. Cal. Sept. 6, 2002) (allowing new named plaintiffs to piggyback off charge of individual who was no longer a named plaintiff; surveying case law and finding that "cases support the common-sense notion that where notice has already been accorded to the defendant-employee, the equitable aspects of Title VII permit proposed named representatives to rely on the administrative charges of others"); *cf. Fort Bend Cty. v. Davis*, 587 U.S. 541, 551 (2019) ("Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts.").

Constitution, and (2) the action was commenced by the EEOC in response to a charge filed either (a) by the proposed intervenor or (b) by another private party having a nearly identical claim to the claim raised by the proposed intervenor." *Nw. Human Servs*., at *8 (quoting *Spirt*, 93 F.R.D. at 641-42).

Here, Plaintiff-Intervenor has an interest sufficient to establish standing because he was denied employment by Sheetz because of his criminal history, just like the original charge filers. *Hackett*, 445 F.2d at 445-46 ("Hackett says that he was discriminated against . . . because of his race.  If this is so he has been aggrieved."; "Certainly Hackett alleges injury in fact.").  While Plaintiff-Intervenor did not himself file the charges that led the EEOC to initiate its investigation, his claims fall temporally and substantively within the scope of those charges, and the EEOC's Notice specifically recognizes his statutory right to intervene.  EEOC Notice at 2 ("**You have a federal law right under Title VII to 'intervene' in this lawsuit**") (citing 42 U.S.C. § 2000e-5(f)(1)); *see also Nw. Human Servs.*, 2005 U.S. Dist. LEXIS 23768, at *7-8 (proposed intervenors were aggrieved individuals because, while they did not file charges with the EEOC, they have identical claims to the individuals who filed the charges underlying the EEOC's suit); *EEOC v. Fresh Venture Foods, LLC*, No. 21 Civ. 7679, 2022 U.S. Dist. LEXIS 142905, at *6-7 (C.D. Cal. May 24, 2022) (substantively same); *EEOC v. Outback Steak House of Fla., Inc.*, 245 F.R.D. 657, 659 (D. Colo. 2007) (substantively same); *EEOC v. Von Maur, Inc.*, 237 F.R.D. 195, 200 (S.D. Iowa 2006) (substantively same).

### 2.    Mandatory Intervention Is Otherwise Warranted Under FRCP 24(a)(2).

In addition to the statutory right, courts must permit intervention as of right if: (1) the motion is timely; (2) proposed intervenor has a "sufficient interest in the underlying litigation"; (3) there is "a threat that the interest will be impaired or affected by the disposition of the underlying action"; and (4) "the existing parties to the action do not adequately represent the

prospective intervenor's interests." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005); Fed. R. Civ. P. 24(a)(2). Plaintiff-Intervenor easily satisfies all four conditions.

### a. The Motion is Timely.

This motion is timely, as detailed *infra*, in Argument § A.3.

### b. Plaintiff-Intervenor Has a "Sufficient" Interest in the Litigation.

As a Black applicant denied employment by Sheetz because of his criminal history, Plaintiff-Intervenor has a significant (and sufficient) interest in the litigation warranting mandatory intervention. The Third Circuit has held that a sufficient interest is "a cognizable legal interest, and not simply an interest of a general and indefinite character." *Pennsylvania v. President United States*, 888 F.3d 52, 58 (3d Cir. 2018) (cleaned up). Proposed intervenors must "demonstrate that [their] interest is 'specific to [them], is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought.'" *Id.* (quoting *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998)).

Here, Plaintiff-Intervenor has a cognizable legal interest – as a Black applicant who was adversely affected by Sheetz's criminal history screening practices, he is an "aggrieved" person on whose behalf the EEOC filed this case, and his ability to vindicate his rights and obtain relief is directly affected by the EEOC's continued prosecution (or abandonment) of this litigation. *See, e.g.*, *Prudential Prop. & Cas. Ins. Co. v. Leach*, No. 03 Civ. 6352, 2004 U.S. Dist. LEXIS 30092, at *1 n.1 (E.D. Pa. June 4, 2004) ("an interest in the merits of the pending claims constitutes sufficient grounds to intervene as of right") (citation omitted). Moreover, Plaintiff-Intervenor and the putative class members he seeks to represent have been, and absent intervention, will continue to be, harmed by Sheetz's discriminatory criminal history screening practices, which have rendered them ineligible for hire.

### c. Without Intervention, Plaintiff-Intervenor's Interests Will Be Impaired.

Plaintiff-Intervenor's interests would be gravely impaired if he is not permitted to intervene. "In assessing how this interest may or may not be affected or impaired, [courts] look to the practical implications of a disposition in the instant matter without intervention." *Pereira v. Foot Locker, Inc.*, No. 07 Civ. 2157, 2009 U.S. Dist. LEXIS 37028, at *11 (E.D. Pa. Apr. 27, 2009); *see also Stuff Elecs. (Dong Guan) Ltd. v. For Your Ease Only, Inc.*, 509 F. Supp. 3d 252, 259 (E.D. Pa. 2020) (proposed intervenor's interests were impaired where "without intervention [it] may lose its opportunity to raise these claims").

Here, the practical implication of denying intervention is that this case will likely be dismissed (potentially, with prejudice), and aggrieved class members may be unable to bring separate claims based on the same charge allegations. *See, e.g.*, *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 291-92 (2002) (once the EEOC files suit, the aggrieved employee has no "independent cause of action" and instead is limited to intervention). Even if Plaintiff-Intervenor could bring a brand-new suit, he (and the class he will seek to represent), could lose the benefit of tolling and administrative piggybacking, the EEOC's investigation, the work in the case, and a court that has already familiarized itself with the claims at issue. And, in any event, starting a new case in a new forum (individually or as a class action) would create real inefficiencies and waste for the parties and the court, *see, e.g.*, *Goodman*, 777 F.2d at 124,[5] and great harm for proposed class members who may lose their ability to be represented (causing, in effect, a substantive denial of their claims). *See Blake v. JP Morgan Chase Bank N.A.*, 927 F.3d 701, 709

---

[5] This is especially true given that, in this lawsuit, the parties and the judicial system have already expended substantial time and resources vetting the proper forum for these claims. *See* ECF Nos. 14-15, 26, 28, 34, 37-39.

(3d Cir. 2019) ("Courts may not toll new class actions just because there was a prior timely class action.").

> ### d. The Existing Parties Do Not Adequately Represent the Plaintiff-Intervenor's Interests.

Finally, Plaintiff-Intervenor's interests are not adequately represented given that the EEOC is seeking to dismiss this case – a point the EEOC all but concedes. EEOC Notice at 3 ("[There are times, such as this one, where the EEOC's decisions may conflict with your personal interests. In that situation, you have the option under federal law to seek permission to intervene in the EEOC's lawsuit to protect your rights and claims under Title VII.")

As the Supreme Court has explained, the requirement is satisfied by a showing that the "representation of his interest '*may be*' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10, (1972) (emphasis added). Moreover, "[i]f the interest of the absentee is not represented at all, or if all existing parties are adverse to him, then he is not adequately represented." *Mt. Top Condo. Ass'n*, 72 F.3d 361, 368 (3d Cir. 1995) (quoting Wright & Miller § 1909, at 318-19 (1986)). That is the case here, given the EEOC's imminent motion to withdraw. *See also* Fed. R. Civ. P. 24(a) Advisory Committee Note to 1966 Amendment ("A class member who claims that his 'representative' does not adequately represent him, and is able to establish that proposition with sufficient probability . . . should, as a general rule, be entitled to intervene in the action."); *Lubocki v. ZipRealty, Inc.*, No. 07 Civ. 2959, 2009 U.S. Dist. LEXIS 153488, at *20 (C.D. Cal. Mar. 10, 2009) (existing parties may not adequately represent interests of proposed intervenors where latter's interests were "likely to diverge with the interests of the named plaintiffs").

> ### 3. Plaintiff-Intervenor's Motion Is Timely.

Finally, Plaintiff-Intervenor's motion is timely for proposes of either Rule 24(a)(1) or (2) (or, for that matter, Rule 24(b)). In determining timeliness for purposes of mandatory

intervention, courts consider three factors in determining timeliness: (1) how far the action has progressed; (2) the justification for the delay; and (3) any prejudice that delay may cause to other parties. *In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982). "These three factors are necessarily bound up in one another." *Wallach v. Eaton Corp.*, 837 F.3d 356, 371 (3d Cir. 2016) (citation omitted).

Courts are "general[ly] reluctan[t]" to deny motions "on untimeliness grounds because the would-be intervenor actually may be seriously harmed if not allowed to intervene." *Benjamin ex rel. Yock v. Dep't of Pub. Welfare*, 701 F.3d 938, 949 (3d Cir. 2012); *Wallach*, 837 F.3d at 371-72 (same). Where, as here, "a party takes reasonable steps to protect its interest, its application should not fail on timeliness grounds." *United States v. Alcan Aluminum*, 25 F.3d 1174, 1182 (3d Cir. 1994); *see also Mt. Top Condo. Ass'n.*, 72 F.3d at 369 ("mere passage of time, however, does not render an application untimely") (citation omitted).

As a threshold issue, Plaintiff-Intervenor's motion should be considered presumptively timely. This is because "Title VII has no . . . time limitation for intervention in an action where the EEOC has sued in its own name[,]" *Nw. Human Servs.*, 2005 U.S. Dist. LEXIS 23768, at *10 (citing 42 U.S.C. § 2000e-2(f)(1)), and there as a presumption of timeliness when prospective class members seek to intervene, *Wallach*, 837 F.3d at 361, 375-78 (a "presumption of timeliness for motions to intervene as representatives of a class" also applies pre-certification).

An application of the relevant factors further supports timeliness. *First*, this litigation is still in its early stages. The original complaint was filed just over a year ago. ECF No. 1. The case has not fully moved past the original motion practice stage given Sheetz's motion for reconsideration. Initial fact discovery remains open, and class certification has not been briefed. *See generally* ECF No. 58 (Initial Scheduling Order); *see also, e.g.*, *Mt. Top Condo. Ass'n* , 72 F.3d at 369 ("[T]he critical inquiry is: what proceedings of substance on the merits have

occurred?"); *Bone v. XTO Energy, Inc.*, No. 21 Civ. 1460, 2023 U.S. Dist. LEXIS 147971, at *7 (D. Del. Aug. 23, 2023) ("Motions to intervene filed by individuals . . . with a purported interest in the litigation within several months of ascertaining their interest generally are considered timely, especially when little to no discovery has been conducted.").

*Second*, "[t]o the extent the length of time an applicant waits before applying for intervention is a factor in determining timeliness, it should be measured from the point at which the applicant knew, or should have known, of the risk to its rights." *Wallach*, 837 F.3d at 375-378 (citation omitted); *see also Benjamin v. Dep't of Pub. Welfare*, 701 F.3d 938, 950 (3d Cir. 2012) (same). Here, Plaintiff-Intervenor moved to intervene as soon as was practicable, filing the instant motion only 14 days after the EEOC's May 22, 2025 initial notice representing that it planned to withdraw from the litigation, and before the EEOC actually moved to dismiss. *See Wallach*, 837 F.3d at 375-378 (reversing court's denial of intervention on timeliness grounds when intervenors moved two months after learning rights could be compromised); *see also United States v. Carpenter*, 298 F.3d 1122, 1125 (9th Cir. 2002) ("[U]ntil parties have notice that the government may not be representing their interests," they can "rely on the presumption that the government is representing their interests."); *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1156 (9th Cir. 1981) (lower court did not err in impliedly finding an intervention motion filed "eighteen months after the filing of the complaint" timely, and noting that the "district court has considerable discretion to assess timeliness").

*Third*, Sheetz cannot establish legally cognizable prejudice from Plaintiff-Intervenor's intervention. Sheetz has been aware of Plaintiff-Intervenor's allegations since the EEOC began its investigation into the same claims – and, as discussed, Plaintiff-Intervenor has moved promptly, and the litigation is still in its early stages. *See, e.g.*, *Wilson v. Quest Diagnostics Inc.*, No. 18 Civ. 11960, 2020 U.S. Dist. LEXIS 13190, at *10 (D.N.J. Jan. 24, 2020) (finding no

prejudice, in Rule 15 context, when, *inter alia*, "discovery began in earnest only months ago and remains open"). That Sheetz would have continue litigating against another party, where the lawsuit would otherwise be dismissed due to a change in presidential enforcement priorities, is not itself prejudice. *See, e.g.*, *Techcapital Corp. v. Amoco Corp.*, No. 99 Civ. 5093, 2001 U.S. Dist. LEXIS 2822, at *10 (S.D.N.Y. Mar. 16, 2001) (having to litigate against another party "does not constitute cognizable prejudice"); *Princeton Biochemicals, Inc. v. Beckman Coulter, Inc.*, 223 F.R.D. 326, 328 n.3 (D.N.J. 2004) (only relevant inquiry is whether non-movant "has been prejudiced by the lapse in time between when [intervenor] learned of its alleged rights [] and when it moved to intervene"); *cf. Mullin v. Balicki*, 875 F.3d 140, 157 (3d Cir. 2017) (noting, in Rule 15 context, that "while the defendants . . . would have to expend additional effort . . . their case for prejudice is thin").[6]

*    *    *

Accordingly, the Court should grant mandatory intervention.

### B.    Alternatively, the Court Should Allow Intervention Under Rule 24(b).

In the alternative, Plaintiff-Intervenor meets the discretionary standard for permissive intervention under Rule 24(b), because his motion is "timely," and he has "a claim or defense

---

[6]    Moreover, the addition of the CHRIA class claims does not establish a legally cognizable prejudice because it is premised on the same underlying actions by Sheetz (its allegedly illegal background check policy and practice) and Plaintiff-Intervenor is within the six-year CHRIA statute of limitations period to bring the claim. *See, e.g.*, *Ramos v. Walmart Inc.,* No. 21 Civ. 13827, 2023 U.S. Dist. LEXIS 5977, at *11 (D.N.J. Jan. 12, 2023); *Taha v. Bucks Cty. Pa.*, 367 F. Supp. 3d 320, 325 (E.D. Pa. 2019); *see also EEOC v. Von Maur, Inc.*, 237 F.R.D. 195, 199, 201 (S.D. Iowa 2006) (granting intervention in EEOC action, and granting leave for intervenors to file revised complaint including both federal race discrimination claims and related claims under the Iowa Civil Rights Act); *EEOC v. Dan Lepore & Sons Co.*, No. 03 Civ. 5462, 2004 U.S. Dist. LEXIS 1943, at *12 (E.D. Pa. Jan. 29, 2004) ("given the overlapping factual and legal issues presented" by the EEOC's Complaint" and the proposed complaint-in-intervention, "principles of fairness and judicial economy weigh in favor" of granting motion to intervene to assert state law claims under the Pennsylvania Human Relations Act).

that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).

A district court's discretion in determining whether to grant permissive intervention is broad.

*Liberty Mut. Ins.*, 419 F.3d at 227 ("We are more reluctant to intrude into the highly

discretionary decision of whether to grant permissive intervention." (quoting *Brody v. Spang*,

957 F.2d 1108, 1115 (3d Cir. 1992)).

     The Third Circuit takes a practical approach to intervention to foster justice and ensure

that viable claims may go forward, including in the class context.  *See, e.g.*, *Goodman*, 777 F.2d

at 124 (directing district court to "explore the possibility of intervention" on remand to avoid

"unnecessary duplication" and a "substantial loss in time for court, counsel, and parties"); *Fuller*,

351 F.2d at 328 (although "intervention contemplates an existing" case, the court has discretion

to "treat the pleading of an intervenor as a separate action in order that it might adjudicate the

claims raised by the intervenor"); *see also McKowan Lowe & Co. v. Jasmine, Ltd.*, 295 F.3d 380,

382 (3d Cir. 2002) (extending tolling to "an intervenor as a proposed class representative where

the class has neither been certified nor definitively rejected"); *U.S. Steel Corp. v. Envtl. Prot.

Agency*, 614 F.2d 843, 845 (3d Cir. 1979) ("The weight of authority in the United States Courts

of Appeals supports the principle that an intervenor can continue to litigate after dismissal of the

party who originated the action.") (collecting cases).[7]

     Here, the Court should exercise its broad discretion to permit Plaintiff-Intervenor to

intervene under Rule 24(b), not only because he meets the subsection's minimal requirements,

but also because judicial efficiency and practical considerations counsel in favor of granting the

Motion.

---

[7]    *See also Smith v. City of Phila.*, 345 F. Supp. 2d 482, 489-90 (E.D. Pa. 2004) (granting
defendant's motion for judgment on the pleadings as to the original plaintiff but permitting
intervenor to proceed); *Degregorio v. O'Bannon*, 86 F.R.D. 109, 116-17 & n.4. (E.D. Pa. 1980)
(explaining that even if the named plaintiff's claim were moot, the case could proceed as to
intervenors' claims).

*First*, for the reasons explained above, *supra*, Argument § A.3, Plaintiff-Intervenor's motion is "timely" for purposes of both mandatory and permissive intervention. *See Wallach*, 837 F.3d at 371 (applying same factors for timeliness under both Rule 24(a)(2) and Rule 24(b)).

*Second*, for the same reasons supporting Plaintiff-Intervenor's "sufficient interest" in the litigation, *supra*, Argument § A.2.b., Plaintiff-Intervenor has claims or defenses that share "common question[s] of law or fact" with those alleged in the EEOC's Complaint. Plaintiff-Intervenor alleges the same facts—that he was denied employment based on Sheetz's company-wide criminal history screening practices—based on the same law (*i.e.,* Title VII), that EEOC alleged in its Complaint. *Compare* ECF No. 1 (EEOC Complaint) ¶¶ 20-29, *with* McNerney Decl., Ex. A (Plaintiff-Intervenor's Complaint) ¶¶ 24-52.

*Finally*, fairness, efficiency and equity concerns further weigh in favor of granting permissive intervention, which will avoid the significant risk of class members forfeiting valid claims, or alternatively "the senseless delay and expense of a new suit, which at long last will merely bring the parties to the point where they now are" – albeit to the detriment of class members whose claims may be diminished or excluded in that suit. *Fuller*, 351 F.2d at 329 (citation and quotation marks omitted); *cf. Blake*, 927 F.3d at 709. Because the litigation is in its early stages, intervention will not cause undue delay. Nor would intervention prejudice the rights of the original parties, as the EEOC is seeking dismissal and Sheetz has long been aware of the ongoing charges of discrimination underpinning Plaintiff-Intervenor's Proposed Class Action Complaint in Intervention. On the other hand, if the Court denies intervention, Plaintiff-Intervenor and class members will be severely prejudiced, and their rights and potential remedies will be substantially limited or foreclosed. Permissive intervention is therefore warranted.

## IV.    CONCLUSION

For these reasons, the Court should grant intervention under Rule 24(a) or (b), and allow Plaintiff-Intervenor to step into the EEOC's shoes to ensure that this important case is not dismissed, and that the "aggrieved" class members' rights are not erased before they have a chance to be heard on the merits.

Dated: June 5, 2025

Respectfully submitted,

By: /s/ *Christopher M. McNerney*
Christopher M. McNerney* (NY 5140215)
Emma R. Janger* (NY 5893607)
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2005
Email: cmcnerney@outtengolden.com
Email: ejanger@outtengolden.com

Pooja Shethji* (DC 1632574)
**OUTTEN & GOLDEN LLP**
1225 New York Ave NW, Suite 1200B
Washington, DC 20005
Telephone: (202) 847-4400
Facsimile: (646) 952-9114
Email: pshethji@outtengolden.com

Mary M. McKenzie* (PA No. 47434)
Benjamin D. Geffen* (PA No. 310134)
Meghan Binford* (PA No. 321212)
**PUBLIC INTEREST LAW CENTER**
1500 JFK Blvd., Suite 802
Philadelphia PA 19102
Telephone: (267) 546-1308
Facsimile: (215) 627-3183
Email: mmckenzie@pubintlaw.org
Email: bgeffen@pubintlaw.org
Email: mbinford@pubintlaw.org

Jon Pushinsky (PA No. 30434)
**LAW OFFICE OF JON PUSHINSKY**
1408 Law and Finance Building
429 Fourth Avenue
Pittsburgh, PA, 15219
Telephone: (412) 281-6800
Facsimile: (412) 281-6808
Email: Jonpush@aol.com

*Pro Hac Vice Pending*

*Attorneys for Proposed Plaintiff-Intervenor
and the Proposed Class*