IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **SHEETZ, INC.; SHEETZ DISTRIBUTION SERVICES, LLC; and CLI TRANSPORT, LP**, <br><br> Defendants. | Civil Action No. 3:24-cv-00231-SLH <br><br> Hon. Stephanie L. Haines |

### PLAINTIFF EEOC'S MOTION TO DISMISS EEOC'S CLAIMS

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") respectfully requests that the Court dismiss EEOC's claims against Defendants Sheetz, Inc.; Sheetz Distribution Services, LLC; and CLI Transport, LP (collectively, "Defendants"), in this case, on the terms set forth below. Specifically, EEOC respectfully requests that the Court dismiss EEOC's claims but defer such dismissal for a period of not fewer than 60 days after the filing of this motion to enable members of the class of aggrieved persons for whom EEOC sought relief in this action to protect their rights by moving to intervene if they so choose and to secure representation by private counsel. In support of this motion, EEOC states the following:

1. On April 17, 2024, EEOC initiated this public enforcement action against Defendants under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, in the U.S. District Court for the District of Maryland. ECF No. 1. EEOC's complaint asserts claims that since at least August 10, 2015, and continuing to the present, Defendants have subjected a class of aggrieved Black, American Indian/Alaskan Native, and multiracial job applicants to an ongoing,

companywide employment practice of refusing to hire such persons because of information about their criminal justice histories, including but not limited to convictions, which employment practice causes significant disparate impact against those applicants and resulted in those applicants being denied employment opportunities because of race in violation of Title VII. ECF No. 1 at 1–2, ¶¶ 32, 37, 42.

2. On October 4, 2024, the U.S. District Court for the District of Maryland transferred this case to this Court. ECF No. 38. Thereafter, the parties commenced discovery in this case pursuant to an order of this Court. ECF No. 50.

3. On March 14, 2025, the Court denied Defendants' partial motion to dismiss EEOC's complaint. ECF No. 65.

4. On March 28, 2025, Defendants filed their answer to EEOC's complaint. ECF No. 70.

5. Currently pending before the Court are three disputes concerning the parties' proposed stipulated protective order. ECF No. 67. Also currently pending before the Court is Defendants' motion for reconsideration of the Court's memorandum opinion denying Defendants' partial motion to dismiss. ECF No. 71.

6. On April 23, 2025, Executive Order No. 14281 was issued, directing that "all agencies shall deprioritize enforcement of all statutes and regulations to the extent they include disparate-impact liability, including but not limited to 42 U.S.C. 2000e-2 . . . ." Exec. Order No. 14281 Sec. 4, 90 Fed. Reg. 17537 (Apr. 23, 2025). Executive Order No. 14281 further states, "Within 45 days of the date of this order, the Attorney General and the Chair of the Equal Employment Opportunity Commission shall assess all pending investigations, civil suits, or positions taken in ongoing matters under every Federal civil rights law within their respective jurisdictions, including

Title VII of the Civil Rights Act of 1964, that rely on a theory of disparate-impact liability, and shall take appropriate action with respect to such matters consistent with the policy of this order." *Id.* at Sec. 6.

7. The Chair of EEOC has now determined that EEOC's continued prosecution of the Title VII Section 703(a)(2) and 703(k) disparate-impact claims at issue in the present action would be inconsistent with Executive Order No. 14281 and has directed that EEOC Office of General Counsel personnel move to dismiss the present action. Accordingly, EEOC seeks dismissal of its claims in this case while adhering to other procedures set forth in Title VII and otherwise not causing the aggrieved persons for whom EEOC sought relief to incur prejudice.

8. In that regard, EEOC instituted the present action pursuant to litigation authority conferred by Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1). ECF No. 1 ¶¶ 1, 3. Section 706(f)(1) of Title VII provides that "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission . . . ." 42 U.S.C. § 2000e-5(f)(1). Thus, members of the class of aggrieved Black, American Indian/Alaskan Native, and multiracial job applicants for whom EEOC had been seeking relief possess an express federal statutory right to intervene in this action under Section 706(f)(1) of Title VII. Moreover, and separately, such persons may also assert an interest in disposition of the present litigation that they seek to protect because EEOC no longer adequately represents that interest.

9. Accordingly, in order to adhere to the express language and purposes of Title VII by affording members of the class of aggrieved persons an opportunity to intervene in this action and to secure private representation, EEOC respectfully requests that the Court defer dismissal of EEOC's claims for a period of 60 days after the filing of this motion. Such deferral of dismissal will allow EEOC to complete a process of giving notification to the class members and for those

persons, who heretofore have been dependent on EEOC's prosecution of the claims at issue, to obtain representation of private counsel and move to intervene to protect their interests.

10. EEOC respectfully requests that the Court order that each party to this action shall bear its own fees and costs with respect to the dismissed EEOC Title VII claims.

11. Counsel for EEOC and counsel for Defendants have conferred about this motion. Defendants oppose EEOC's request that the Court defer dismissal of EEOC's claims for a period of 60 days after the filing of this motion to afford members of the class of aggrieved persons an opportunity to intervene in this action and to secure private representation. With that one exception, Defendants do not oppose the relief that this motion seeks.

12. A proposed order is submitted with this motion.

Respectfully submitted,

Date: June 6, 2025

/s/ Debra M. Lawrence
DEBRA M. LAWRENCE
REGIONAL ATTORNEY
D. Md. Bar No. 04312 (admitted pro hac vice)
EEOC – Philadelphia District Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
(410) 801-6691
(410) 962-4270 (facsimile)
Email: debra.lawrence@eeoc.gov

*Counsel for Plaintiff U.S. Equal Employment Opportunity Commission*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> SHEETZ, INC.; SHEETZ DISTRIBUTION SERVICES, LLC; and CLI TRANSPORT, LP, <br><br> Defendants. | Civil Action No. 3:24-cv-00231-SLH <br><br> Hon. Stephanie L. Haines |

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2025, a true and correct copy of the foregoing Plaintiff EEOC's Motion to Dismiss EEOC's Claims was served via the Court's CM/ECF system on the following attorneys of record:

Robert W. Cameron, Esq.
Littler Mendelson P.C.
One PPG Pl., Ste. 2400
Pittsburgh, PA 15222
Phone: 412-201-7635
Fax: 412-456-2377
Email: bcameron@littler.com

Terrence H. Murphy, Esq.
Littler Mendelson P.C.
One PPG Pl., Ste. 2400
Pittsburgh, PA 15222
Phone: 412-201-7600
Fax: 412-456-2377
Email: tmurphy@littler.com

Katelyn W. McCombs, Esq.
Littler Mendelson P.C.
One PPG Pl., Ste. 2400
Pittsburgh, PA 15222
Phone: 412-201-7641

Fax: 412-456-2377
Email: kmccombs@littler.com

Kimberly J. Duplechain, Esq.
Littler Mendelson P.C.
815 Connecticut Ave. NW, Ste. 400
Washington, DC 20006
Phone: 202-789-3417
Fax: 202-842-0011
Email: kduplechain@littler.com

*Counsel for Defendants Sheetz, Inc.; Sheetz Distribution Services, LLC; and CLI Transport, LP*

/s/ Debra M. Lawrence
DEBRA M. LAWRENCE
REGIONAL ATTORNEY
D. Md. Bar No. 04312 (admitted pro hac vice)
EEOC – Philadelphia District Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
(410) 801-6691
(410) 962-4270 (facsimile)
Email: debra.lawrence@eeoc.gov

*Counsel for Plaintiff U.S. Equal Employment Opportunity Commission*