IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SHEETZ, INC., *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 3:24-231<br>Judge Stephanie L. Haines |

## ORDER OF COURT

Plaintiff, Equal Employment Opportunity Commission ("EEOC") filed a motion to dismiss its own claims under Title VII of the Civil Rights Act of 1964 ("Title VII") because the disparate-impact claims at issue in the present action would be inconsistent with Executive Order No. 14281 (ECF No. 87). That being said, EEOC requested a delay of sixty (60) days from the date of its Order to allow the persons represented by EEOC to seek alternative representation. EEOC stated:

> Section 706(f)(1) of Title VII provides that "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission . . . ." 42 U.S.C. § 2000e-5(f)(1). Thus, members of the class of aggrieved Black, American Indian/Alaskan Native, and multiracial job applicants for whom EEOC had been seeking relief possess an express federal statutory right to intervene in this action under Section 706(f)(1) of Title VII. Moreover, and separately, such persons may also assert an interest in disposition of the present litigation that they seek to protect because EEOC no longer adequately represents that interest.
>
> Accordingly, in order to adhere to the express language and purposes of Title VII by affording members of the class of aggrieved persons an opportunity to intervene in this action and to secure private representation, EEOC respectfully requests that the Court defer dismissal of EEOC's claims for a period of 60 days after the filing of this motion. Such deferral of dismissal will allow EEOC to complete a process of giving notification to the class members and for those persons, who heretofore have been dependent on EEOC's prosecution of the claims at issue, to obtain representation of private counsel and move to intervene to protect their interests.

ECF No. 87, ¶¶ 8-9.

A Motion to Intervene was filed by Kenni Miller on June 5, 2025 (ECF No. 82). Defendants Sheetz, Inc., Sheetz Distribution Services, LLC, and CLI Transport LP ("Defendants") were ordered to Respond to the Motion to Intervene by June 27, 2025 (ECF No. 88). Defendants sought and were granted an extension to Respond (ECF Nos. 95, 96). Response is now due on July 11, 2025.

AND NOW, this 24th day of June, 2025, IT IS HEREBY ORDERED that Plaintiff's Motion to Dismiss (ECF No. 87) is GRANTED in part. EEOC will be dismissed from the case once the Court has fully adjudicated the Motion to Intervene (ECF No. 82). Depending on the Court's disposition of the Motion to Intervene the case may be dismissed in its entirety at that time or continue with the substitution of the Intervenor in place of EEOC.

/s/ Stephanie L. Haines
Stephanie L. Haines
United States District Judge