# EXHIBIT A

# EEOC v. Rosewood Hotels LLC

United States District Court for the Western District of New York

June 17, 2025, Decided; June 17, 2025, Filed

24-CV-902-LJV

**Reporter**
2025 U.S. Dist. LEXIS 115580 *; 2025 LX 144129; 2025 WL 1695360

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, v. ROSEWOOD HOTELS LLC et al., Defendants.

**Counsel:** **[*1]** For Equal Employment Opportunity Commission, Plaintiff: Kimberly Anne Cruz, LEAD ATTORNEY, Equal Employment Opportunity Commission, New York, NY; Caitlin Elizabeth O'Neil, U.S. Equal Employment Opportunity Commission, Buffalo, NY.

For Dylan Bringuel, Intervenor Plaintiff: Allegra Louise Fishel, Vico D. Fortier, LEAD ATTORNEYS, PRO HAC VICE, Brooklyn, NY; Harvey P. Sanders, Sanders & Sanders, Cheektowaga, NY.

For Boxwood Hotels, LLC, doing business as, Holiday Inn Express, Defendant: Jonathan Marc Bernstein, LEAD ATTORNEY, Goldberg Segalla LLP, Albany, NY.

For Sandalwood Hotels, LLC, doing business as, Hampton Inn & Suites, Defendant: Nicholas P. Jacobson, LEAD ATTORNEY, Bond Schoeneck & King PLLC, Rochester, NY.

For Star Hotels, LLC, doing business as, La Quinta Inn, Bradford Hotel LLC, doing business as, Holiday Inn Express Bradford, Defendants: Amber E. Storr, LEAD ATTORNEY, Hurwitz Fine P.C., Buffalo, NY.

For Hamburg Hotel LLC, doing business as, Holiday Inn Express & Suites, Hamburg Lodging Inc., doing business as, Hampton Inn Buffalo-Hamburg, Falls Hotel LLC, doing business as, Hampton Inn Niagara Falls/Blvd, Defendants: Nicholas P. Jacobson, LEAD ATTORNEY, Bond Schoeneck & King PLLC, **[*2]** Rochester, NY.

For Rosewood Hotels LLC, Defendant: Ryan F. McCann, LEAD ATTORNEY, Boston, NY.

**Judges:** LAWRENCE J. VILARDO, UNITED STATES DISTRICT JUDGE.

**Opinion by:** LAWRENCE J. VILARDO

## Opinion

ORDER

Last year, the Equal Employment Opportunity Commission ("EEOC") commenced this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 "to correct unlawful employment practices on the basis of sex (transgender) and to provide appropriate relief to Charging Party Dylan Bringuel." Docket Item 1 at 1.[1] In its complaint, the EEOC alleged that the defendants had "subject[ed] Bringuel to harassment and create[ed] and fail[ed] to remedy a hostile work environment based on [Bringuel's] transgender status." *Id.* at 7.

Subsequently, "[o]n January 20, 2025, President Trump issued an Executive Order titled 'Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government.'" Docket Item 32 at 1. Citing that order, along with ensuing guidance from the Office of Personnel Management "directing that all federal employees must comply with and take actions to effectuate" the order, the EEOC, with the consent of the defendants, moved to dismiss its complaint. *Id.* at 2.

Bringuel then filed an unopposed motion to intervene under Federal Rule of Civil Procedure 24, citing a charging **[*3]** party's "unconditional right to intervene in actions filed on their behalf by the EEOC." Docket Item 44 at 2. Bringuel's proposed complaint in intervention includes claims under both Title VII and the New York State Human Rights Law. Docket Item 44-3.

"Rule 24 provides, in part, that 'upon timely application anyone shall be permitted to intervene in an action . . . when a statute of the United States confers an unconditional right to intervene.'" *E.E.O.C. v. Rappaport, Hertz, Cherson & Rosenthal, P.C.*, 273 F. Supp. 2d 260,

---

[1] Page numbers in docket citations refer to ECF pagination.

263 (E.D.N.Y. 2003) (quoting Fed. R. Civ. P. 24(a)(1) (alteration omitted)). And under Title VII, "the person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC]." 42 U.S.C. § 2000e-5(f)(1); *see also EEOC v. Vamco Sheet Metals, Inc.*, 2014 U.S. Dist. LEXIS 77462, 2014 WL 2619812, at *3 (S.D.N.Y. June 5, 2014) ("Title VII grants the right to intervene to any individual whose initial EEOC complaint triggers an EEOC enforcement action.").

Whether an application is timely "is to be determined from all the circumstances," *see NAACP v. New York*, 413 U.S. 345, 365-66, 93 S. Ct. 2591, 37 L. Ed. 2d 648 (1973), and the decision "is committed to the sound discretion of the trial court." *E.E.O.C. v. Rekrem, Inc.*, 199 F.R.D. 526, 528 (S.D.N.Y. 2001) (citing *NAACP*, 413 U.S. at 366). No defendants dispute the timeliness of the motion to intervene here, which was made three weeks after Bringuel learned that the EEOC intended to dismiss its complaint. *See* Docket Item 44-1 at 6. The Court therefore concludes that Bringuel's intervention is both timely and appropriate. **[*4]**


## CONCLUSION

In light of the above, Bringuel's motion to intervene as a named plaintiff in this action, Docket Item 44, is GRANTED. The Clerk of the Court shall update the docket to name Bringuel as a plaintiff, and Bringuel shall file an amended complaint on or before July 1, 2025. The action will thereafter proceed as to only the parties and claims identified in Bringuel's amended complaint. If the EEOC fails to join the amended complaint, the Clerk of the Court shall terminate it as a party to this action without further order. The motion to dismiss filed by the EEOC, Docket Item 32, is DENIED as moot.

SO ORDERED.

Dated: June 17, 2025

Buffalo, New York

*/s/ Lawrence J. Vilardo*

LAWRENCE J. VILARDO

UNITED STATES DISTRICT JUDGE