# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>KENNI MILLER,<br><br>Proposed Plaintiff-Intervenor,<br><br>v.<br><br>SHEETZ, INC., SHEETZ DISTRIBUTION SERVICES, LLC AND CLI TRANSPORT, LP,<br><br>Defendant. | Civil Action No. 3:24-cv-00231<br><br>Judge Stephanie L. Haines<br><br>*Electronically Filed* |

**DEFENDANTS' RESPONSE TO PROPOSED PLAINTIFF-INTERVENOR KENNI MILLER'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Sheetz, Inc. ("Sheetz"), Sheetz Distribution Services, LLC, and CLI Transport, LP (collectively, "Defendants"), respectfully submit their Response to Proposed Plaintiff-Intervenor Kenni Miller's Notice of Supplemental Authority (Dkt. 114) ("Notice") in support of his pending Motion to Intervene (Dkt. 82), which was filed without leave of Court. This Response is being filed as **Exhibit A** to Defendants' unopposed motion for leave to respond to Miller's Notice. (*See* Dkt. 115.)

In their Opposition to the Motion to Intervene (Dkt. 110) ("Defs. Opp."), Defendants argued, *inter alia*:

1. Miller has no right to intervene under Rule 24(a)(1) because he was not a charge-filer and his claim is not nearly identical to that of a charge-filer. (Defs. Opp. 6-9).

2. Miller cannot intervene under Rule 24(a)(2) because he seeks to be a class representative. (*Id*. 9-10).

3. Miller cannot intervene under Rule 24(b) because such intervention would unfairly prejudice Defendants by introducing Rule 23 requirements, allowing him to piggyback on charges he did not file and that were filed years earlier, and allowing a new state law claim. (*Id*. 10-12).

4. Miller cannot intervene under Rule 24(b) because he cannot assert a class claim where he was not a charge-filer and neither of the charging-filers whose charges prompted the administrative investigation are parties to this case. (*Id*. 12-13).

5. Allowing Miller to intervene would be futile because his proposed complaint does not allege a plausible claim and he lacks standing to represent groups to which he does not belong. (*Id*. 12-13).

However, neither case submitted by Miller as supplemental authority even remotely addresses **any** of the above arguments and thus should be given no weight by the Court. Further, as shown below, each case is distinguishable based on its procedural history and substantive theories of the case, and neither is a decision of this Court or the Third Circuit.

*First*, as explained in Defendants' Opposition,[1] *Rosewood Hotels LLC* is distinguishable because it only "permitted limited intervention" by the original charging party (*see* Defs. Opp. 11), who was named in the EEOC complaint. *See* 2025 U.S. Dist. LEXIS 115580 at *2-3. Similarly, *EEOC v. Starboard with Cheese, LLC* is easily distinguishable because the motion to intervene was filed by the "Charging Party" and one of the two "Aggrieved Individuals" who was

---

[1] Defendants note that Miller's first supplemental authority, *EEOC v. Rosewood Hotels LLC*, No. 24 Civ. 902, 2025 U.S. Dist. LEXIS 115580 (W.D.N.Y June 17, 2025) (Dkt. 114, Ex. A), was referenced in Defendants' Opposition to the Motion to Intervene, *sub nom*. *EEOC v. Boxwood Hotels, LLC*, Civ A. 1:24-cv-00902-LVJ (W.D.N.Y.), and thus could have been located, **at minimum**, via PACER and addressed in Miller's August 1, 2025 Reply in support of his Motion to Intervene. (*See* Defs. Opp. 11).

4909-4253-4274

"referenced in the complaint." No. 24 Civ. 2260, 2025 U.S. Dist. LEXIS 149622, at *1-2 (S.D. Ill. Aug. 4, 2025). Here, as emphasized in Defendants' Opposition to the Motion to Intervene, Miller is neither a charging party nor specifically named in the EEOC's Complaint. (*See, e.g.*, Defs. Opp. 10-13). This action is thus materially different from the proffered supplemental authority.

*Second*, the motion to intervene in *Rosewood Hotels LLC* was unopposed, which is not the case here. Further, in *EEOC v. Starboard with Cheese, LLC*, the defendant "ha[d] not yet answered or appeared" in the action, and thus that motion was also uncontested. No. 24 Civ. 2260, 2025 U.S. Dist. LEXIS 149622, at *2 (S.D. Ill. Aug. 4, 2025).

*Third*, *Rosewood Hotels LLC* and *Starboard with Cheese, LLC* were both actions seeking relief for **specific** aggrieved individuals under a disparate treatment theory, rather than under a materially different disparate impact theory on behalf of a **class** subject to an alleged unlawful practice that is race-neutral on its face. Neither case involved a proposed class action and the introduction of Rule 23 issues forms a substantial part of the grounds for Defendants' opposition to intervention here.

For all these reasons, the Court should disregard Miller's Notice and should not consider either case as persuasive in favor of his Motion to Intervene.

Dated: December 16, 2025

/s/ *Katelyn W. McCombs*
Robert W. Cameron (PA Bar No. 69059)
bcameron@littler.com
Terrence H. Murphy (PA Bar No. 36356)
tmurphy@littler.com
Katelyn W. McCombs (PA Bar No. 323746)
kmccombs@littler.com
LITTLER MENDELSON, P.C.
1 PPG Place, Suite 2400
Pittsburgh, PA 15222
Telephone:     412.201.7635 / 7621 / 7641
Facsimile:     412.774.1948

Kimberly J. Duplechain (DC Bar No. 1019392)*
kduplechain@littler.com
Bradford J. Kelley (DC Bar No. 1025941)*
bkelley@littler.com
LITTLER MENDELSON, P.C.
815 Connecticut Avenue, NW, Suite 400
Washington, DC 20006-4046
Telephone:     202.789.3417 / 2153
Facsimile:     202.842.0011
*Admitted *Pro Hac Vice*

Richard W. Black (GA Bar No. 355846)*
rblack@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road NE, Suite 1200
Atlanta, GA 30326
Telephone:     404.443.3515
Facsimile:     404.233.2361
* Admitted *Pro Hac Vice*

*Attorneys for Defendants Sheetz, Inc., Sheetz Distribution Services, LLC, and CLI Transport, LP*

4909-4253-4274