# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>KENNI MILLER,<br><br>Proposed Plaintiff-Intervenor,<br><br>v.<br><br>SHEETZ, INC., SHEETZ DISTRIBUTION SERVICES, LLC AND CLI TRANSPORT, LP,<br><br>Defendant. | Civil Action No. 3:24-cv-00231<br><br>Judge Stephanie L. Haines<br><br>*Electronically Filed* |

**DEFENDANTS' RESPONSE TO PROPOSED PLAINTIFF-INTERVENOR KENNI MILLER'S THIRD NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Sheetz, Inc. ("Sheetz"), Sheetz Distribution Services, LLC, and CLI Transport, LP (collectively, "Defendants") respectfully submit their response to Proposed Plaintiff-Intervenor Kenni Miller's third Notice of Supplemental Authority (Dkt. 117) ("Third Notice"), filed without leave of court, in support of his pending Motion to Intervene (Dkt. 82). This Response is **Exhibit A** to Defendants' Unopposed Motion for Leave to File a Response to Proposed-Intervenor Kenni Miller's Third Notice of Supplemental Authority. (*See* Dkt. 118.)

With respect to the *Berk v. Choy* case, Defendants argued in their Opposition to the Motion to Intervene (Dkt. 110) ("Defs. Opp.") that because Miller failed to state plausible claims for relief in his proposed complaint, allowing him to file the proposed complaint would be futile. *See* Defs. Opp., pp. 14-18, 20-22. The *Berk* opinion is not relevant to and does not defeat this argument. The *Berk* Court held that a Delaware's affidavit of merit requirement for medical malpractice cases does not apply when such cases are filed in federal court. *Berk v. Choy*, No. 24-440, 2026 WL

135974, at *1 (U.S. Jan. 20, 2026). Federal Rule of Civil Procedure 8 directly conflicts with Delaware's affidavit requirement and therefore displaces it. *Id*. at *3-4. In opposing Miller's Motion to Intervene, Defendants made no argument that any state law or requirement modified the pleading requirements of the Federal Rules. Rather, Defendants asked the Court to find that filing Miller's proposed complaint would be futile because it fails plausibly to allege that his employment was terminated because of the nature of his criminal conviction or a Pennsylvania Criminal History Record Information Act ("CHRIA") claim. *See* Defs. Opp., pp. 14-18, 20-22. The *Berk* opinion has no application to this case and has no impact on Defendants' argument that Miller cannot satisfy the requirements to intervene.

The holding in *Phath v. Cent. Transport, LLC,* No. 25-1028, 2026 WL 219842 (3d Cir. Jan. 28, 2026), at most applies to a subset of one argument in Defendants' Opposition to the Motion to Intervene, and has no application to the remainder of Defendants' arguments against Miller's proposed intervention. Specifically, Defendants argue in part that Miller's proposed complaint fails to state a plausible claim for relief under the CHRIA. *See* Defs. Opp., pp. 20-22. That argument includes the proposition that because covered information under the CHRIA must be "collected by criminal justice agencies," and Miller's proposed complaint fails to identify the source of the information used by Sheetz in making its decision with respect to his employment, Miller cannot plausibly establish that Sheetz relied on a source of information covered by the CHRIA in making the termination decision. *Id*. Defendants premised this argument in part on the fact that information provided directly by an applicant to an employer is not information covered by the CHRIA, as Miller's proposed complaint only vaguely asserted that Sheetz "obtains information about job applicants' criminal history through its job application forms…." *Id*.

As set forth in Miller's Third Notice, the Third Circuit's January 28, 2026 decision in *Phath* held that a job applicant's own disclosure of his or her criminal history record information to an employer is covered under the CHRIA, overturning a decision of the Eastern District of Pennsylvania. *Phath v. Cent. Transp. LLC*, No. CV 24-0681, 2024 WL 5204175, at *1 (E.D. Pa. Dec. 23, 2024), *rev'd and remanded*, No. 25-1028, 2026 WL 219842 (3d Cir. Jan. 28, 2026). However, the *Phath* opinion's impact on Defendants' arguments opposing Miller's motion to intervene is limited to the single argument discussed above regarding Miller's proposed CHRIA claim. *Phath* does not negate or otherwise affect the other arguments in Defendants' opposition brief that set forth multiple bases to deny Miller's proposed intervention and reject his proposed CHRIA claim.

For the reasons set forth in Defendants' Opposition to Miller's Motion to Intervene, Miller's motion should be denied in its entirety.

Dated: February 10, 2026

/s/ Katelyn W. McCombs
Robert W. Cameron (PA Bar No. 69059)
bcameron@littler.com
Terrence H. Murphy (PA Bar No. 36356)
tmurphy@littler.com
Katelyn W. McCombs (PA Bar No. 323746)
kmccombs@littler.com
LITTLER MENDELSON, P.C.
1 PPG Place, Suite 2400
Pittsburgh, PA 15222
Telephone:   412.201.7635 / 7621 / 7641
Facsimile:    412.774.1948

Kimberly J. Duplechain (DC Bar No. 1019392)*
kduplechain@littler.com
Bradford J. Kelley (DC Bar No. 1025941)*
bkelley@littler.com

3

LITTLER MENDELSON, P.C.
815 Connecticut Avenue, NW, Suite 400
Washington, DC 20006-4046
Telephone:   202.789.3417 / 2153
Facsimile:    202.842.0011
*Admitted *Pro Hac Vice*

Richard W. Black (GA Bar No. 355846)*
rblack@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road NE, Suite 1200
Atlanta, GA 30326
Telephone:   404.443.3515
Facsimile:    404.233.2361
* Admitted *Pro Hac Vice*

*Attorneys for Defendants Sheetz, Inc., Sheetz Distribution Services, LLC, and CLI Transport, LP*

## CERTIFICATE OF SERVICE

I certify that on this 10th day of February 2026, the foregoing Defendants' Response to Proposed Plaintiff-Intervenor Kenni Miller's Third Notice of Supplemental Authority was filed using the Western District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

Christopher M. McNerney
Emma R. Janger
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
cmcnerney@outtengolden.com
ejanger@outtengolden.com

Pooja Shethji
OUTTEN & GOLDEN LLP
1225 New York Ave NW, Suite 1200B
Washington, DC 20005
pshethji@outtengolden.com

Mary M. McKenzie
Benjamin D. Geffen
Meghan Binford
PUBLIC INTEREST LAW CENTER
1500 JFK Blvd., Suite 802
Philadelphia PA 19102
mmckenzie@pubintlaw.org
bgeffen@pubintlaw.org
mbinford@pubintlaw.org

Jon Pushinsky
Law Office of Jon Pushinsky
1408 Law and Finance Building
429 Fourth Avenue
Pittsburgh, PA, 15219
Jonpush@aol.com

*Attorneys for Proposed Plaintiff-Intervenor
and the Proposed Class*

Debra M. Lawrence
EEOC - Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
debra.lawrence@eeoc.gov

*Attorneys for Plaintiff*

                                          */s/ Katelyn W. McCombs*
                                          Katelyn W. McCombs